1   PERRIE WEINER (SBN 134146)
    perrie.weiner@dlapiper.com
2   EDWARD D. TOTINO (SBN 169237)
    edward.totino@dlapiper.com
3   ANA TAGVORYAN (SBN 246536)
    ana.tagvoryan@dlapiper.com
4   **DLA PIPER LLP (US)**
    1999 Avenue of the Stars, Suite 400
5   Los Angeles, CA 90067-6023
    Telephone: 310.595.3000
6   Facsimile: 310.595.3300

7   Attorneys for Defendant
    ADP, INC.

8

CONFORMED COPY

FILED
10 OCT 25 PM 2:12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11   FRANCISCO MARENCO,               CASE NO.
     individually and on behalf of other
12   persons similarly situated,      CV10 8022 DMG VBKx

13               Plaintiffs,           **DEFENDANT ADP, INC.'S NOTICE
                                       OF REMOVAL OF ACTION**
14        v.
                                       **(28 U.S.C. § 1332(d), 1441, 1446, and
15   ADP, INC. and DOES 1 through 20,  1453)**

16               Defendants.           Complaint Filed:  September 23, 2010

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

WEST\222622524.2

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:

2        PLEASE TAKE NOTICE that Defendant ADP, Inc. ("Defendant") hereby

3   removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as

4   amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), this

5   action, which was originally filed in the Superior Court of California in the County

6   of Los Angeles and assigned Case No. BC446125.  The grounds for this removal

7   are set forth herein.

8   **I.   INTRODUCTION.**

9        1.   On September 23, 2010, Plaintiff Francisco Marenco ("Plaintiff")

10   commenced a putative class action in the Superior Court of the State of California

11   for the County of Los Angeles, entitled *Francisco Marenco, individually and on*

12   *behalf of other persons similarly situated v. ADP, Inc. and DOES 1 through 20*, as

13   Case No. BC446125 (the "State Court Action").  A copy of the Complaint is

14   attached hereto as Exhibit "A."  The Complaint alleges one cause of action for

15   unlawful recording of telephone calls in violation of California Penal Code section

16   632, and seeks statutory damages of $5,000 under California Penal Code § 637.2

17   for each call recorded. (Exhibit A, ¶¶ 17, 19.)

18   **II.   THIS COURT HAS JURISDICTION UNDER CAFA.**

19        2.   Defendant removes the State Court Action pursuant to CAFA, codified

20   under 28 U.S.C. § 1332(d).  CAFA provides this Court with original jurisdiction of

21   this action and permits Defendant to remove the State Court Action from the

22   California state court to this Court.

23        3.   CAFA vests district courts with original jurisdiction over class actions

24   when the aggregate amount in controversy for all putative class members exceeds

25   $5 million (exclusive of interest and costs) and when any member of the putative

26   class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. §

27   1332(d)(2).  These requirements are satisfied in this action, as set forth below.

28

DLA Piper LLP (US)
Los Angeles

1

WEST\222622524.2

1      4.     Neither the permissive nor mandatory provisions of CAFA for

2  declining original jurisdiction are applicable to this action.  Accordingly, as

3  discussed further below, federal jurisdiction is mandatory under CAFA.

4      **A.**    **Class Action.**

5      5.     The State Court Action is a class action as defined by CAFA.  CAFA

6  provides:

7          [T]he term "class action" means any civil action filed
        under rule 23 of the Federal Rules of Civil Procedure or

8          similar State statute or rule of judicial procedure
        authorizing an action to be brought by 1 or more

9          representative persons as a class action.

10  28 U.S.C. § 1332(d)(1)(B).

11      6.     Plaintiff filed the State Court Action as a putative class action on

12  behalf of himself and a proposed class of plaintiffs, under California Code of Civil

13  Procedure section 382.  (*See* Exhibit A, ¶ 11.)

14      7.     The California rule governing the maintenance of class actions,

15  California Code of Civil Procedure section 382, is analogous to Federal Rule of

16  Civil Procedure 23.

17      8.     The State Court Action therefore falls within the definition of a "class

18  action" under CAFA.

19      **B.**    **Removal Under CAFA.**

20      9.     CAFA provides that a class action against a non-governmental entity

21  may be removed if: (1) the number of proposed class members is not less than 100;

22  (2) any member of the proposed plaintiff class is a citizen of a state different from

23  any defendant; and (3) the aggregate amount in controversy exceeds $5 million,

24  excluding interests and costs.  28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

25          **a.**    **Plaintiff's Proposed Class.**

26      10.    Plaintiff purports to represent a class of California individuals who

27  called Defendant, and whose telephone conversations were allegedly recorded by

28  Defendant without notifying callers beforehand that the telephone call would or

DLA Piper LLP (US)
Los Angeles

WEST\222622524.2

1  might be recorded, between September 23, 2007 and September 23, 2010. (See

2  Exhibit A, ¶¶ 6, 11, 12, 17.)

3       11.   Plaintiff alleges that "there are not less than 100 members in the

4  Class." (Exhibit A, ¶ 12(a).)  Therefore, CAFA's minimum putative class size of

5  100 members is satisfied.

6           **b.   Diversity of Citizenship Under CAFA.**

7       12.   Defendant is a company incorporated under the laws of the State of

8  Delaware, with its principal place of business in Roseland, New Jersey. (Exhibit A,

9  ¶ 8.)  Therefore, Defendant is a citizen of Delaware and New Jersey.

10       13.   Plaintiff resides in Los Angeles County, California, and worked for

11  DirecTV. (Exhibit A, ¶ 6).  Plaintiff is a citizen of the State of California.  28

12  U.S.C. § 1332(a).  Also, the putative class is made up of persons in California.

13  (Exhibit A, ¶ 11.)

14       14.   Therefore, because at least one member of the proposed class of

15  plaintiffs is a citizen of a state different from the Defendant, within the meaning of

16  28 U.S.C. § 1332(d)(2)(A), CAFA's diversity of citizenship requirement is

17  satisfied.

18       15.   The diversity that exists in this action not only satisfies the minimal

19  diversity of citizenship requirement under CAFA, but also precludes the

20  applicability of exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4) because Defendant

21  is not a citizen of the forum state of California.

22           **c.   Amount in Controversy.**

23       16.   CAFA's third requirement—that the aggregate amount in controversy,

24  exclusive of interest and costs, exceed $5 million—is also satisfied here.  28 U.S.C.

25  § 1332(d)(2).

26       17.   As to damages, Plaintiff seeks to recover "$5,000 in statutory damages

27  for each invasion of [class member's] privacy in violation of Penal Code Section

28  632." (Exhibit A, ¶ 19.)  California Penal Code § 637.2 states, in relevant part, that

3

1   "[a]ny person who has been injured by a violation of this chapter may bring an

2   action against the person who committed the violation for the greater of the

3   following amounts: (1) Five thousand dollars ($5,000)...." Therefore, the damages

4   that Plaintiff seeks for the putative class for each telephone call recorded during the

5   putative class period referenced in the Complaint is $5,000. [1]

6       18.     As set forth in the attached declaration, there were more than one

7   thousand (1,000) telephone calls from California recorded during the putative class

8   period. (*See* Declaration of Gary M. Lott ("Lott Decl.") attached hereto as Exhibit

9   "G", ¶ 5.)

10      19.     Because there were more than one thousand telephone calls recorded

11  during the alleged class period, and Plaintiff seeks to recover at least $5,000 per

12  call, the amount in controversy in this action exceeds $5 million. Therefore,

13  CAFA's requirement that the aggregate amount in controversy exceed $5 million is

14  met here.

15  **III.   28 U.S.C. § 1446 REQUIREMENTS.**

16      **A.     This Notice of Removal Is Timely Filed.**

17      20.     This notice of removal is timely pursuant to 28 U.S.C. sections

18  1446(b) and 1453(b), because it is filed within thirty (30) days after Defendant was

19  served with the Complaint. Plaintiff served Defendant with a copy of the Summons

20  and Complaint on September 29, 2010, 25 days before the filing of this Notice.

21  (*See* Lott Decl., ¶ 4.) A copy of the Summons is attached hereto as Exhibit "B."

22      **B.     Procedural Requirements.**

23      21.     Section 1446(a) requires a removing party to provide this Court a copy

24  of all "process, pleadings and orders" served on it in the State Court Action. The

25  ─────────────────────

26  [1] Defendant does not admit that the Complaint states a claim upon which relief may

27  be granted, or that Plaintiff or any putative class member is entitled to any damages
    or any other relief sought in the Complaint. Nor does Defendant admit that a class

28  can be certified here.

4

1    Complaint and Summons are attached as Exhibits "A" and "B," respectively.

2    Attached hereto as Exhibit "C" is the Court's Notice of Case Designation and

3    Assignment. Attached hereto as Exhibit "D" are the Court and Plaintiff's Notice of

4    Case Management Conference. Attached hereto as Exhibit "E" is a copy of

5    Defendant's Answer to the Complaint.

6         22.    Exhibits A, B, C, D and E constitute all of the pleadings, process, and

7    orders in the Los Angeles Superior Court action.

8         23.    Pursuant to 28 U.S.C. section 1446(d), Defendant is filing a copy of

9    the Notice of Removal with the Clerk of the Los Angeles Superior Court and

10   serving Plaintiff with same. A copy of the Notice to the Superior Court (which is

11   being served on Plaintiff) is attached hereto as Exhibit "F".

12        WHEREFORE, Defendant respectfully submits that (1) CAFA applies to this

13   action because the proposed class contains at least 100 members, (2) at least one

14   member of the proposed class is a citizen of a state different than Defendant's state

15   of citizenship, (3) the aggregate amount in controversy exceeds $5 million, and (4)

16   the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons,

17   this action is properly removed to this Court.

18

19   Dated: October 25, 2010

20                             DLA PIPER LLP (US)

21

22                             By:

23                               PERRIE WEINER
                                 EDWARD D. TOTINO

24                               ANA TAGVORYAN
                                 Attorneys for Defendant

25                               ADP, INC.

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

                              5

# EXHIBIT A

1  Gregory N. Karasik - State Bar No. 115834
   Spiro Moss LLP
2  11377 W. Olympic Boulevard, 5th Floor
   Los Angeles, California 90064-1683
3  Tel. (310) 235-2468, Fax (310) 235-2456
   greg@spiromoss.com
4

5

6  Attorneys for Plaintiff
   FRANCISCO MARENCO
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 23 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shameya Wesley

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10  FRANCISCO MARENCO, individually and on    )   Case No.   BC446125
    behalf of other persons similarly situated, )
11                                              )   CLASS ACTION
12                          Plaintiff,          )
                                                )   COMPLAINT FOR STATUTORY
13      vs.                                     )   DAMAGES FOR UNLAWFUL RECORDING
                                                )   OF CONFIDENTIAL COMMUNICATIONS
14  ADP, INC. and DOES 1 through 20,           )
                                                )
15                                              )
16                          Defendants.         )
17

18

19      Plaintiff Francisco Marenco ("Plaintiff"), on behalf of himself and all others similarly situated,

20  complains and alleges as follows:

21                              INTRODUCTION

22      1.     This class action lawsuit arises out of the unlawful recording of confidential telephone

23  conversations by defendant ADP, Inc. ("ADP"). Without the consent of customers who call ADP's

24  customer service number, ADP records telephone conversations between its customers and ADP

25  customer service agents. Recording of these telephone conversations without the consent of ADP

26  customers constitutes a violation of Penal Code Section 632. Pursuant to Penal Code Section 637.2,

27  every customer who had a confidential telephone conversation with ADP recorded without their

28  consent is entitled to statutory damages in the amount of $5,000.

                                    COMPLAINT
                                        1

**JURISDICTION AND VENUE**

4.     Venue is proper in this Judicial district and the County of Los Angeles because Plaintiff resides in the County of Los Angeles, California, and ADP's obligations under California law to not invade the privacy of Plaintiff and other Class members by recording their confidential telephone conversations without their consent arose and were breached in the County of Los Angeles.

5.     The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California, ADP is qualified to do business in California, and ADP regularly conducts business in California.  Further, there is no federal question at issue as the claims herein are based solely on California law.

**THE PARTIES**

A.     **Plaintiff**

6.     Plaintiff is a resident of Los Angeles County, California.  When Plaintiff was an employee of DirecTV, Inc, he was paid wages with an ADP TotalPay Card.  On February 19, 2010, Plaintiff called the ADP customer service telephone number 877 237-4321 and spoke to an ADP customer service representative about his ADP TotalPay Card account.  Unbeknownst to Plaintiff at that time, ADP recorded that telephone conversation.  At no time prior to or during the conversation did APD provide notice to Plaintiff that ADP would or might record the conversation and ADP recorded the conversation without Plaintiff's consent.

7.     The members of the Class are identifiable, similarly situated persons who called the ADP customer service telephone number 877 23704321 and had their telephone conversations with ADP recorded without their consent.

B.     **Defendants**

8.     ADP is a Delaware corporation with its principal place of business in Roseland, New Jersey.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 20, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names.  Plaintiff will

1    amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

2        10.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all

3    respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

4    business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

5    attributable to the other Defendants.

6                              **CLASS ACTION ALLEGATIONS**

7        11.    Plaintiff brings this action on behalf of himself and on behalf of all other similarly

8    situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The members of

9    the Class are defined as follows:

    All persons in California who, at any time since the date three years preceding the filing
    of this complaint, spoke with an ADP customer service representative after calling the
    ADP customer service number 877 237-4321 and whose telephone conversation was
    recorded by ADP.

12       12.    This action has been brought and may be maintained as a class action pursuant to Code

13    of Civil Procedure Section 382 because there is a well-defined community of interest among many

14    persons who comprise a readily ascertainable class.

16        a.    The Class members are so numerous that the individual joinder of all of them as

17            named plaintiffs is impractical.  While the exact number of Class members is

18            unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon

19            alleges that there are not less than 100 members in the Class.

20        b.    Common questions of law and fact exist as to members of the Class and

21            predominate over any questions which affect only individual members of the

22            Class.  These common questions include, but are not limited to:

23            (1)    Does ADP have a policy or practice of recording telephone conversations

24                when customers call the ADP customer service number 877 237-4321?

25            (2)    Does ADP have a policy or practice of not informing customers who call

26                the ADP customer service number 877 237-4321 that their telephone

27                conversation with a customer service representative will or may be

28                recorded?

(3)    Did ADP violate Penal Code Section 632 by intentionally recording the telephone conversations of customers who called the ADP customer service number 877 237-4321 without their consent?

(4)    Are Class members entitled to statutory damages of $5,000 for every violation of Penal Code Section 632 under Penal Code Section 637.2?

c.    Plaintiff is a members of the Class and his claims are typical of the claims of the other Class members who Plaintiff seeks to represent. Plaintiff and the other members of the Class suffered the same injuries and seek the same relief.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.    A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for pursuit of the sums owed to them.

13.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. Plaintiff, however, reserves the right to modify the scope of his class claims and/or the definition of the Class as may be warranted by investigation, discovery, legal developments or other events which occur during the litigation of Plaintiff's claims.

## FIRST CAUSE OF ACTION

## UNLAWFUL RECORDING OF CONFIDENTIAL COMMUNICATIONS

### (By Plaintiff and the Class against all Defendants)

14.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.    At all relevant times, Plaintiff and the other members of the Class were persons entitled to legal protection against invasion of privacy pursuant to Penal Code Section 632.

16.    Pursuant to Penal Code 632, it is unlawful for a person to intentionally record a confidential telephone conversation without the consent of all parties to that conversation.

17.    ADP intentionally recorded the confidential telephone conversations of Plaintiff and other members of the Class in violation of Penal Code Section 632. Plaintiff is informed and believes and thereon alleges that at times within the limitations period applicable to this cause of action, ADP had a policy or practice of recording telephone conversations between customers who called the ADP customer service number 877 237-4321 and ADP customer service representatives, which the customers reasonably expected would be confined to those parties, without notifying customers beforehand that the telephone conversation would or might be recorded.

18.    As a result of its conduct, ADP caused legal harm or injury to Plaintiff and other members of the Class by invading their privacy in violation of Penal Code Section 632.

19.    Pursuant to Penal Code Section 637.2, Plaintiff and other members of the Class are entitled to recover $5,000 in statutory damages for each invasion of their privacy in violation of Penal Code Section 632 without having to prove that they suffered or were threatened with any actual monetary damages.

20.    Plaintiff and members of the Class are entitled to recover reasonable attorney's fees pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.    An order certifying this case as a class action and appointing Plaintiff and his counsel to

1  represent the Class;

2        B.     Statutory damages pursuant to Penal Code Section 637.2;

3        C.     Reasonable attorney's fees;

4        D.     Costs of suit; and

5        E.     Such other relief as the Court may deem just and proper.

6

7  Dated: September 23, 2010          SPIRO MOSS LLP

8                         By:

9                           Gregory N. Karasik
                            Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ADP, INC. and DOES 1 through 20,
**(AVISO AL DEMANDADO):**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA.
COUNTY OF LOS ANGELES

SEP 23 2010

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
FRANCISCO MARENCO, individually and on behalf of
other persons similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de Caso):* |
|---|---|
| Los Angeles Superior Court<br>111 North Hill Street<br>111 North Hill Street<br>Los Angeles, CA 90012 | BC446125 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory N. Karasik          t:(310)235-2468 f:(310)235-2456
Spiro Moss LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, CA 90064

| DATE: *(Fecha)* | SEP 23 2010 | Clerk, by *(Secretario)* | JOHN A. CLARKE, Deputy *(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ADP Inc

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

|  |  |  |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: DIANA DI TACCONI (MAIL STOP 325)
AUTOMATIC DATA PROCESSING, INC.
ONE ADP BOULEVARD
MS 325
ROSELAND, NJ 07068

SOP Transmittal # CA83513

(800) 767-1553 – Telephone
(609) 716-0820 – Fax

Entity Served: ADP, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of   CALIFORNIA   on this 29  day of   September   , 2010 . The following is a summary of the document(s) received:

1.    Title of Action: Francisco Marenco v. ADP, Inc., et al.

2.    Document(s) served: Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint

3.    Court of Jurisdiction/   Los Angeles County Superior Court, Central District
      Case & Docket Number: BC446125

4.    Amount Claimed, if any: Please See Attached

5.    Method of Service (select one):
      X Personally served by:   X Process Server        ___ Deputy Sheriff        ___ U. S Marshall
      ___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile
                                   (Envelope enclosed)       (Envelope enclosed)
      ___ Other (Explain):

6.    Date and Time of Receipt: 9/29/2010 4:52:57 PM EST (GMT -5)

7.    Appearance/Answer Date: 30 Days

8.    Received From:          Gregory N. Karasik          9.   Federal Express Airbill # 791277690027
      (Name, Address & Telephone Number)  Spiro Moss Barness LLP
                                   11377 West Olympic Boulevard    10.  Call Made to: Not required
                                   5th Floor
                                   Los Angeles, CA  90064
                                   (310) 235-2468

11.    Special Comments:

NATIONAL REGISTERED AGENTS, INC.          Copies To:

Transmitted by Dena La Porta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**EXHIBIT C**

BC 446125

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*****Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____       JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

# EXHIBIT D

**FILED**
LOS ANGELES SUPERIOR COURT

48

NOTICE SENT TO:

Karasik, Gregory N., Esq.
Spiro Moss Barness LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles        CA  90064-1683

FILE STAMP
OCT 12 2010

JOHN A. CLARKE, CLERK
BY LIZETTE CRUZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| FRANCISCO MARENCO | | **CASE NUMBER** |
| | Plaintiff(s), | BC446125 |
| VS. | | |
| ADP INC | | **NOTICE OF CASE** |
| | Defendant(s). | **MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 3, 2011 at 8:30 am in Dept. 48 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: October 12, 2010

Judicial Officer
Elizabeth Allen White

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: October 12, 2010

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk
L. CRUZ

1  Gregory N. Karasik - State Bar No. 115834
   Spiro Moss LLP
2  11377 W. Olympic Boulevard, 5th Floor
   Los Angeles, California 90064-1683
3  Tel. (310) 235-2468, Fax (310) 235-2456
   greg@spiromoss.com
4

5

6  Attorneys for Plaintiff
   FRANCISCO MARENCO

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 1 4 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Raul Sanchez

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF LOS ANGELES**

10 FRANCISCO MARENCO, individually and on ) **Case No. BC 446125**
11 behalf of other persons similarly situated, )
                                              ) **[The Hon. Elizabeth Allen-White; Dept. 48]**
12                          Plaintiff,         )
                                              ) **CLASS ACTION**
13        vs.                                  )
                                              ) NOTICE OF CASE MANAGEMENT
14 ADP, INC. and DOES 1 through 20,           ) CONFERENCE
                                              )
15                                            )
                                              )
16                          Defendants.        )
                                              ) Complaint Filed: September 23, 2010
17 _____)

18        **PLEASE BE ADVISED** that the Court has scheduled a Case Management Conference in the

19 above matter for March 3, 2011 at 8:30 a.m. in Department 48 of the above entitled court.  All Parties

20 are to file a Case Management Statement 15 calendar days before the hearing.  A copy of the Clerk's

21 Notice is attached hereto.

22

23 DATED: October 13, 2010          SPIRO MOSS LLP

24

25                        By: _____
                              Gregory N. Karasik
26                            Attorneys for Plaintiff

27

28

                    _____
                    NOTICE OF CASE MANAGEMENT CONFERENCE
                                    1

NOTICE SENT TO:

Karasik, Gregory N., Esq.
Spiro Moss Barness LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles        CA  90064-1683

**ORIGINAL FILED**

OCT 1 2 2010

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| FRANCISCO MARENCO | | BC446125 |
| VS. | Plaintiff(s), | |
| ADP INC | | **NOTICE OF CASE** |
| | Defendant(s). | **MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 3, 2011 at 8:30 am in Dept. 48 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: October 12, 2010

Elizabeth Allen White
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: October 12, 2010

John A. Clarke, Executive Officer/Clerk

by L. CRUZ

by _____, Deputy Clerk

**EXHIBIT E**



1   DLA PIPER LLP (US)
    PERRIE M. WEINER (State Bar No. 134146)
2   EDWARD D. TOTINO (Bar No. 169237)
    ANA TAGVORYAN (Bar No. 246536)
3   1999 Avenue of the Stars, Suite 400
    Los Angeles, CA 90067-6022
4   Tel: 310.595.3000
    Fax: 310.595.3300
5
    Attorneys for Defendant
6   ADP, INC.

7

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California

OCT 22 2010

John A. ~~~~~, ~~~~~ Officer/C~~k

By ~~~~~~ Deputy
    RIGENA LOPEZ

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

FAXED

11  FRANCISCO MARENCO, individually       CASE NO. BC 446125
    and on behalf of other persons similarly
12  situated,                             *[Assigned to Hon. Elizabeth Allen White, Dept.
                                          48]*
13              Plaintiffs,
                                          **DEFENDANT ADP, INC.'S ANSWER TO
14        v.                              PLAINTIFF'S UNVERIFIED COMPLAINT**

15  ADP, INC. and DOES 1 through 20,
                                          Action Filed:        September 23, 2010
16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

WEST\222625152.3

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Defendant ADP, INC. ("Defendant"), answers the unverified Complaint filed by Plaintiff

2    FRANCISCO MARENCO ("Plaintiff"), and states as follows:

3                                              I.

4                                    **GENERAL DENIAL**

5          Under the provisions of subdivision (b)(1) of section 431.30 of the California Code of

6    Civil Procedure, Defendant generally denies each and every allegation and each purported cause

7    of action in the Complaint, and without limiting the generality of the foregoing, denies that

8    Plaintiff and the putative class members are entitled to any relief.

9                               **AFFIRMATIVE DEFENSES**

10         In further answer to the Complaint, and as separate and distinct affirmative defenses,

11   Defendant alleges as follows:

12                            **FIRST AFFIRMATIVE DEFENSE**

13                            **(Failure to State a Cause of Action)**

14        1.      Neither the Complaint nor any purported cause of action therein states facts

15   sufficient to constitute a cause of action against Defendant.  In particular, Defendant did not

16   record any telephone calls with Plaintiff or members of the putative class.

17                          **SECOND AFFIRMATIVE DEFENSE**

18                                       **(Waiver)**

19        2.      The Complaint, and all purported causes of action contained therein, is barred by

20   the doctrine of waiver, as a result of the acts, conduct, and omissions of Plaintiff and/or other

21   putative members, or others that are attributable to Plaintiff and/or other putative class members.

22                            **THIRD AFFIRMATIVE DEFENSE**

23                               **(Statute of Limitations)**

24        3.      The entire Complaint, and all claims therein, is barred by the applicable statutes of

25   limitation, including, but not limited to, California Code of Civil Procedure sections 312, 335.1,

26   337, 338, 340, and 343.

27

28

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4.     The Complaint, and all causes of action therein, is barred in whole or in part because Plaintiff and/or other putative class members lack standing to assert the claims or the injuries alleged, and/or have not been injured or lost any money or property as a result of Defendant's actions.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

5.     At all times mentioned in the Complaint, Defendant acted with the express or implied consent of Plaintiff and/or the putative class members, in connection with any of the alleged wrongful acts contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

6.     Any damages suffered by Plaintiff or the putative class members were proximately caused by a risk which the Plaintiff and/or the putative class members, by their actions, voluntarily assumed.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Confidential Communications)

7.     At all times relevant to the matters in the Complaint, the telephone calls at issue were made in circumstances in which the parties to the calls may reasonably expect that the calls may be monitored, recorded or overheard.  All or some of the calls recorded were not confidential communications.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mistake of Fact)

8.     Defendant's acts and/or omissions as alleged in the Complaint were a result of a good faith belief in the existence of a fact that, if true, would negate the state of mind of Defendant required for violation of the applicable law.  Accordingly, any injury or damage to Plaintiff and/or the putative class members was a result of this mistake of fact.

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Reasonableness and Good Faith)

3       9.    Defendant acted reasonably and in good faith at all times material herein, based on

4  all relevant facts and circumstances known by it at the time it so acted.

5

## TENTH AFFIRMATIVE DEFENSE

6

### (Standard of Care)

7      10.   All acts and conduct of Defendant, as alleged in the Complaint, conformed to and

8  were pursuant to statutory, regulatory, industry, and common law reasonable standards of due

9  care.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

### (Applicable Statutes Ambiguous)

12      11.   The applicable statutes, including but not limited to those referenced in the

13  Complaint, are ambiguous and unclear, and do not impart any notice on Defendant or others

14  similarly situated that its conduct would constitute violation of the statutes.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

### (Failure to State Facts Sufficient for Punitive Damages)

17      12.   The Complaint fails to state facts sufficient to support an award of punitive

18  damages against Defendant. The alleged acts referred to in the Complaint were performed, if at

19  all, by Defendant in good faith, and without malice.

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

### (Damages Unconstitutional)

22      13.   Although Defendant denies engaging in any conduct justifying an award of

23  statutory or punitive damages, or penalties, any such award would violate the excessive fines, due

24  process, and other applicable clauses of the United States and California Constitutions.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

### (Preemption)

27      14.   Plaintiff's and the putative class members' claims are barred in whole or in part by

28  the doctrine of federal preemption.

DLA PIPER LLP (US)
Los Angeles

WEST\226251.53.3           -3-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Exemption)

15.     Defendant's conduct, if any, falls within all applicable statutory exemptions regarding local and federal tariffs, including but not limited to tariffs of a public utility.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exemption For Service Monitoring)

16.     The purpose of recording the calls was to monitor the service being provided by the call center employees, and not to invade the privacy of the customer

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

17.     To the extent Plaintiff purports to certify a class, Plaintiff's allegations do not give rise to class status as there is no typicality, numerosity, commonality, or adequate representation present in this action.  The class action is also not manageable or superior to individual actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

18.     The damages alleged by Plaintiff and/or the putative class members were not proximately caused by any act or omission on the part of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Limitation on Recoverable Damages)

19.     Plaintiff's and/or the putative class members' recovery of their alleged actual or statutory damages, and recovery of exemplary damages, are limited by the applicable statutory ceilings on recoverable damages.  In addition, under Penal Code section 637.2, the maximum amount of statutory damages without proof of actually damages that can be recovered in an action is $5,000.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

20.     Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with the requirements of the law as they pertain to this lawsuit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Action is Barred)

21.    Plaintiff's and the putative class members' action and all claims therein are barred by the terms of their contracts with Defendant, including any arbitration clauses contained in such contracts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Commercially Reasonable Acts)

22.    At all relevant times, the acts or omissions of Defendant were commercially reasonable and therefore Defendant cannot be liable for those acts or omissions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Justification)

23.    At all relevant times, the acts or omissions of Defendant were legally justified and therefore Defendant cannot be liable for those acts or omissions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24.    Plaintiff and the purported class have failed to mitigate their damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty)

25.    The Complaint and each cause of action therein presented is vague, ambiguous and uncertain.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Improper)

26.    Plaintiffs' Complaint fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

27.    Plaintiff's claims are barred in whole or in part because no act by Defendant was the cause of any injury, damages or loss of money or property by Plaintiff.

DLA Piper LLP (US)
Los Angeles

WEST\222625153.3

-5-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Performance of Duties)

28.     Defendant has performed any and all contractual, statutory, and other duties owed to Plaintiff, and he is therefore estopped from asserting any cause of action against Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

29.     An award to Plaintiff or the purported class would constitute unjust enrichment.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Laches)

30.     Because of Plaintiff's unreasonable delay in commencing this action, each purported cause of action asserted therein is barred by the doctrine of laches.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Ratification)

31.     Plaintiff ratified and accepted the acts/omissions of which he now complains in the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Superseding Causes)

32.     Plaintiff's claims are barred in whole or in part because any and all violations alleged in the Complaint were the result of superseding or intervening causes arising from the acts or omissions of parties that Defendant neither controlled nor had the legal right to control, and such alleged violations were not proximately or otherwise caused by any act, omission, or other conduct of Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Inapplicability of California Penal Code Sections 630 *et seq.*)

33.     The provisions of California Penal Code sections 630, *et seq.*, are not applicable to the recording or monitoring of any telephone calls where the actual recording or monitoring took place outside the State of California.

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Actions Pursuant to Local, State or Federal Authority)

3     34.     Defendant is not liable for any acts or omissions undertaken by or at the direction

4 of local, state or federal authority, including, without limitation, acts or omissions made in

5 accordance with regulations, ordinances, and laws applicable at the time of the alleged acts or

6 omissions at issue.

7

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

8

### (Right to Raise Other Defenses)

9     35.     Plaintiff and the putative class members have not set out their claims with

10 sufficient particularity to permit Defendant to raise all appropriate affirmative defenses.

11 Defendant has not knowingly or intentionally waived any applicable affirmative defenses, but

12 Defendant reserves the right to assert and to rely upon additional affirmative defenses not stated

13 here, including such other defenses as may become available or apparent during discovery of this

14 action and reserves the right to amend this Answer to assert any such defenses.

15

## PRAYER

16     WHEREFORE, Defendant prays for judgment as follows:

17     1.     That Plaintiff take nothing by his Complaint;

18     2.     That judgment be entered in favor of Defendant and against Plaintiff on all

19 causes of action;

20     3.     That Defendant be awarded the costs of suit herein incurred; and

21     4.     That Defendant be awarded such other and further relief as the Court may

22 deem appropriate.

23 Dated:  October 22, 2010           **DLA PIPER LLP (US)**

24

25                  By _____

                       PERRIE M. WEINER

26                     EDWARD D. TOTINO

                    ANA TAGVORYAN

27                     Attorneys for Defendant

                    ADP, INC.

28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper LLP (US), 1999 Avenue of the Stars, Fourth Floor, Los Angeles, California 90067.

On October 22, 2010, I served the attached document on the interested parties in this matter as follows:

**DEFENDANT ADP, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Gregory N. Karasik
SHIRO MOSS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
greg@spiromoss.com
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

*Counsel for Plaintiff*
Francisco Marenco

[X]   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY OVERNIGHT MAIL)** by depositing with an overnight delivery carrier on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ]   **(BY FACSIMILE)** I delivered such document by facsimile to the following persons at the facsimile telephone numbers listed above.

[ ]   **(BY HAND DELIVERY)** I delivered the within documents to for delivery to the above address(es) with instructions that such envelope be delivered personally on _____ to the above named individuals.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on October 22, 2010, at Los Angeles, California.

Robbyn James

-1-

PROOF OF SERVICE

**EXHIBIT F**

1  **DLA PIPER LLP (US)**
   PERRIE WEINER (Bar No. 134146)
2  EDWARD D. TOTINO (Bar No. 169237)
   ANA TAGVORYAN (Bar No. 246536)
3  1999 Avenue of the Stars, Suite 400
   Los Angeles, CA 90067-6022
4  Tel: 310.595.3000
   Fax: 310.595.3300
5
   Attorneys for Defendant
6  ADP, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 FRANCISCO MARENCO, individually       CASE NO.  BC 446125
   and on behalf of other persons similarly
12 situated,                             *[Assigned to Hon. Elizabeth Allen White, Dept.
                                         48]*
13            Plaintiffs,
                                         **NOTICE TO STATE COURT OF
14    v.                                 REMOVAL TO THE UNITED STATES
                                         DISTRICT COURT FOR THE CENTRAL
15 ADP, INC. and DOES 1 through 20,      DISTRICT OF CALIFORNIA**

16            Defendants.
                                         Action Filed:      September 23, 2010
17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
 LOS ANGELES     EAST\43731588.1
                        NOTICE OF REMOVAL

1    **TO THE CLERK OF THE COURT:**

2       **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the

3    United States District Court for the Central District of California on October 25, 2010, under

4    United States District Court Case No. _____.

5       A true and correct copy of said Notice of Removal (without exhibits) is attached to this

6    Notice, and is served and filed herewith as Exhibit A.

7       PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1332, 1441, and

8    1446, the filing of the Notice of Removal in the United States District Court for the Central

9    District of California, together with the instant filing of a copy of same with this Court, affects the

10   removal of this action and this Court may proceed no further unless and until the case is

11   remanded.

12

13   Dated: October 25, 2010                **DLA PIPER LLP (US)**

14

15                          By _____

16                           PERRIE WEINER
                            EDWARD D. TOTINO

17                           ANA TAGVORYAN
                           Attorneys for Defendant
                           ADP, INC.

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES    EAST\43731588.1                **-1-**
                                  NOTICE OF REMOVAL

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper LLP (US), 1999 Avenue of the Stars, Fourth Floor, Los Angeles, California 90067.

On **October 25, 2010**, I served the attached document on the interested parties in this matter as follows:

**NOTICE TO STATE COURT OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Gregory N. Karasik
SHIRO MOSS LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064
greg@spiromoss.com
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

*Counsel for Plaintiff*
Francisco Marenco

[X]   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(BY OVERNIGHT MAIL)** by depositing with an overnight delivery carrier on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

[ ]   **(BY FACSIMILE)** I delivered such document by facsimile to the following persons at the facsimile telephone numbers listed above.

[ ]   **(BY HAND DELIVERY)** I delivered the within documents to for delivery to the above address(es) with instructions that such envelope be delivered personally on _____ to the above named individuals.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on **October 25, 2010**, at Los Angeles, California.

_____
Robbyn James

**EXHIBIT G**



1   PERRIE WEINER (SBN 134146)
    perrie.weiner@dlapiper.com
2   EDWARD D. TOTINO (SBN 169237)
    edward.totino@dlapiper.com
3   ANA TAGVORYAN (SBN 246536)
    ana.tagvoryan@dlapiper.com
4   DLA PIPER LLP (US)
    1999 Avenue of the Stars, Suite 400
5   Los Angeles, CA  90067-6023
    Telephone:  310.595.3000
6   Facsimile:  310.595.3300

7   Attorneys for Defendant
    ADP, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11  FRANCISCO MARENCO, individually and      CASE NO.
    on behalf of other persons similarly situated,
12
              Plaintiffs,                     DECLARATION OF GARY M. LOTT IN
13                                            SUPPORT OF DEFENDANT ADP, INC.'S
         v.                                   NOTICE OF REMOVAL OF ACTION
14
    ADP, INC. and DOES 1 through 20,          Complaint Filed:     September 23, 2010
15
              Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
    LOS ANGELES

WEST\222626583.2

1    I, GARY M. LOTT DECLARE:

2        1.    I am employed by an affiliate of Defendant ADP, Inc. ("ADP") as a Division Vice

3  President/General Manager.  I have been employed by ADP for 24 years, and have held my

4  current position with ADP for 6 years.  As a result of my employment with ADP, as well as my

5  review of documents and other information available to me at ADP, I have knowledge of the

6  following facts.

7        2.    ADP is a Delaware corporation with its principal place of business located in New

8  Jersey.

9        3.    The Summons and the Complaint in this action were served on ADP's registered

10  agent on September 29, 2010.

11        4.    In paragraph 6 of the Complaint, plaintiff Francisco Marenco ("Plaintiff") alleges

12  that he called ADP customer service telephone number 877-237-4321 and spoke with an ADP

13  customer service representative.  Plaintiff further alleges that his telephone call was recorded

14  even though he received no notice that his telephone call would or might be recorded.

15        5.    During the three year period preceding the filing of the Complaint, more than

16  1,000 telephone calls from California that were made to customer service telephone number 877-

17  237-4321 were recorded.

18        I declare under penalty of perjury of the laws of the United States of America is true and

19  correct.

20        Executed on October 25, 2010, at San Dimas, California.

21

22                       GARY M. LOTT

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 8022 DMG (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
FRANCISCO MARENCO, individually and on behalf of other persons similarly situated

**DEFENDANTS**
ADP, INC. and DOES 1 through 20

CONFORMED COPY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Gregory N. Karasik, Esq. (SBN 115834)
SPIRO MOSS LLP
greg@spiromoss.com
11377 W. Olympic Blvd., LA, CA 90064-2456
Tel: (310) 235-2468  Fax: (310) 235-2456

Attorneys (If Known)
Edward D. Totino (SBN 169237)
DLA PIPER LLP (US)
edward.totino@dlapiper.com
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067
Tel: (310) 595-3000  Fax: (310) 595-3300

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Recording of Confidential Communications - California Penal code Section 632 and 637.2

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☒ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10  8022

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc. www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date October 22, 2010
Edward D. Totino

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2