[Names of Counsel

Appear on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCISCO MARENCO, individually
and on behalf of others similarly situated,

Plaintiff,

vs.

VISA INC. , a Delaware corporation,

Defendant.

Case No. CV10-8022 DMG (VBK)

**CLASS ACTION SETTLEMENT
AGREEMENT**

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4

CLASS ACTION SETTLEMENT AGREEMENT

CLASS ACTION SETTLEMENT AGREEMENT

BETWEEN PLAINTIFF AND VISA INC.

THIS CLASS ACTION SETTLEMENT AGREEMENT ("Agreement"), dated as of May 31, 2011, is entered into by plaintiff Francisco Marenco, individually on behalf of himself and the Settlement Class, and Defendant Visa Inc. ( "Visa"), each through their counsel of record in the Action (as defined below),and subject to the approval of the Court to fully settle the Action and release all claims on the terms and conditions set forth below.

## 1.   BACKGROUND AND DESCRIPTION OF THE ACTION

1.1     On September 23, 2010 Francisco Marenco commenced a putative class action on behalf of himself and all other similarly-situated persons in California who had called 1-877-237-4321, a customer service telephone number for an ADP TotalPay Card account, spoke to a customer service representative and whose telephone conversation was recorded, by filing the action in Los Angeles Superior Court.  In his initial Complaint, Plaintiff Marenco stated a single cause of action, alleging that confidential telephone calls had been recorded without the consent of all parties in violation of California Penal Code section 632.  In his initial Complaint, Plaintiff Marenco named ADP, Inc. ("ADP") as the Defendant.  The initial Complaint sought statutory damages pursuant to Penal Code Section 637.2, attorney's fees and costs of suit.  The case was removed to the United States District Court for the Central District of California, and assigned case number CV-10-8022 DMG (VBK).

1.2     At all times relevant to the allegations of the Complaint, Visa handled the cardholder call center service for the ADP TotalPay Card, including handling all calls to the 1-877-237-4321 telephone line.

1.3     In late 2010, Plaintiff, Visa and ADP agreed to explore a possible settlement by proceeding to mediation.  To further this, Plaintiff, Visa, and ADP engaged in informal discovery. In December and January, Plaintiff submitted a number of questions to Visa and ADP to which Visa and ADP responded by providing the requested information for purposes of settlement discussions only.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 1 -
CLASS ACTION SETTLEMENT AGREEMENT

1.4    Following this exchange of information, the Plaintiff, Visa and ADP agreed to explore a possible settlement by engaging in formal mediation.

1.5    Plaintiff, Visa and ADP participated in an initial mediation session at JAMS on February 4, 2011.  They failed to reach a settlement after a day-long mediation session.

1.6    Plaintiff then requested, for purposes of settlement, additional information from Visa and ADP.  In February and March, Visa and ADP provided the requested additional information to Plaintiff.  Plaintiff, Visa and ADP also agreed to return to a second mediation session, scheduled with Jeffrey Krivis of First Mediation for April 2, 2011.

1.7    Plaintiff, Visa and ADP participated in a day-long mediation session with Mr. Krivis on April 2, 2011.  That mediation session concluded successfully with an executed memorandum of understanding.  Thereafter, Plaintiff, Visa and ADP negotiated this Agreement consistent with the memorandum of understanding.

1.8    Following the April 2 mediation, and consistent with the settlement described in the memorandum of understanding, Plaintiff has prepared an First Amended Complaint, adding Visa Inc. as defendant, dismissing ADP from the case, and re-titling the case *Marenco v. Visa Inc.* In the First Amended Complaint, and also consistent with the settlement described in the memorandum of understanding, Plaintiff has sued on behalf of himself and on behalf of a putative class of all other similarly-situated persons who prior to October 1, 2010, called an Affected Phone Line at a time when he or she was located in or residing in California, Florida, Maryland, Nevada, New Hampshire and Washington, and spoke with a customer service representative.  The First  Amended Complaint was filed with the Court on May 6, 2011.

1.9    This Agreement is the product of the informal discovery, settlement negotiations and mediation.  Class Counsel have made a thorough analysis of the facts and law applicable to the claims asserted in this action.  During the pendency of the action, Class Counsel have requested and received substantial amount of information from both Visa and ADP.

1.10    As set forth in greater detail below, Plaintiff and Visa have determined that they wish to reach an amicable resolution to the pending action.

1    NOW, THEREFORE, it is hereby stipulated and agreed by the Class Representative and

2    Visa, and through their respective counsel, that subject to the approval of the Court, the Action

3    and the Released Claims shall be finally and fully settled on the terms and conditions set forth in

4    this Agreement.

5    **2.     DEFINITIONS**

6    The following terms shall have the meanings set forth below:

7    2.1    "**Action**" means the putative class action now pending against Visa in the United

8    States District Court, Central District of California originally entitled *Marenco v. ADP, Inc.*, Case

9    No. CV 10-8022 DMG (VBK), and which has been re-captioned *Marenco v. Visa Inc.*.

10   2.2    "**Affected Phone Line**" means any of the phone numbers listed on Exhibit A-1 to

11   this Settlement Agreement.

12   2.3    "**Agreement**" means this Class Action Settlement Agreement, including all

13   exhibits.

14   2.4    "**Approved Claim**" means the determination by the Settlement Administrator that

15   a person is a Class Member.

16   2.5    "**Class Counsel**" means the law firms of Spiro Moss LLP and the Law Offices of

17   Sahag Majarian II.

18   2.6    "**Class Representative**" means Francisco Marenco individually and in his

19   capacity as class representative for the putative class against Visa, and in his capacity as class

20   representative for the Settlement Class as provided for in Section 7.1.

21   2.7    "**Clients**" means the persons with whom Visa has or had an agreement to provide

22   call center services, including but not limited to ADP and the entities listed on Exhibit A-2.

23   2.8    "**Complaint**" means the First Amended Complaint filed in this Action against

24   Defendant that is referenced above.

25   2.9    "**Counsel for Defendant**" means the law firms Farella Braun & Martel LLP and

26   DLA Piper LLP (US).

27   2.10   "**Court**" means the United States District Court, Central District of California

28   2.11   "**Defendant**" means Visa Inc.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4                                    - 3 -
CLASS ACTION SETTLEMENT AGREEMENT

2.12    "**Effective Date**" means the first date by which all the events set forth in Sections 13.2 through 13.11 have occurred.

2.13    "**Final Judgment**" means the Final Judgment and Order of Dismissal of the Class Action provided for in Sections 10.1 through 10.11, substantially in the form of Exhibit B hereto.

2.14    "**Issuers**" means the banks or financial institutions that issued the payment cards that had an Affected Phone Line printed on the back of the card as the customer service phone number.

2.15    "**Notice List**" means a list or database comprised of the names and addresses of those persons shown in Defendant's records to hold a payment card that had an Affected Phone Line printed on the back of the card as the customer service phone number, and whose addresses are contained in Defendant's records and are in the states of California, Florida, Maryland, Nevada, New Hampshire, or Washington.

2.16    "**Notice of Proposed Settlement**" means the Notice of Pendency and Proposed Settlement Class Action and Settlement Hearing provided for in Section 8, and Sections 9.5, 9.6, and 9.7 below.

2.17    "**Parties**" means the Class Representative, on behalf of himself, and members of the Settlement Class, and the Defendant.

2.18    "**Person**" means a natural person, individual, corporation, association, partnership, trust, and any other type of legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

2.19    "**Preliminary Order**" means the order certifying the Settlement Class, approving the Notice of Proposed Settlement, and setting the Final Settlement Hearing, as provided for in Sections 9.1 through 9.16, and substantially in the form of Exhibit C hereto.

2.20    "**Related Persons**" means the Clients, the Issuers, and each of their or Defendant's past or present directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which the Clients, the Issuers, or Defendant has a controlling interest, or which directly or indirectly has a controlling interest in the Clients, the Issuers or Defendant, the Clients', the Issuers' or Defendant's attorneys, accountants, auditors,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                  - 4 -
CLASS ACTION SETTLEMENT AGREEMENT

advisors, vendors, experts, consultants, insurers, co-insurers and reinsurers, predecessors, successors, subsidiaries, divisions, assigns, joint ventures and joint venturers, related or affiliated entities, individuals or entities and all others acting in concert with Defendant, the Clients or the Issuers.

2.21 "**Released Claims**" means any and all claims, actions, demands, rights, liabilities, suits, causes of action, claims for damages (including, without limitation, actual, statutory, consequential, special, general or other damages), claims for penalties, claims for injunctive relief, and claims for equitable relief, of every nature and description whatsoever , including Unknown Claims, as defined below, that were asserted or that could or might have been asserted in any pleading or amended pleading by, or on behalf of the Class Representative or Settlement Class, or by any of the other Settlement Class Members against Defendant or its Related Persons, based upon, arising from, or related to the facts alleged in such pleadings, including, but not limited to any claims relating to (1) the recording or monitoring of any telephone call by the Defendant or its Related Persons, or (2) the facts, transactions, events, occurrences, disclosures, statements, acts or omissions or failures to act which were or could have been alleged in the Action or in any similar action based upon the same facts. Released Claims shall not include claims based on the monitoring or recording of a telephone call made by a Class Member while a Class Member was neither located in, nor residing in, California, Florida, Maryland, Nevada, New Hampshire, or Washington at the time of such call.

2.22 "**Released Persons**" means Defendant and its Related Persons

2.23 "**Releasor**" means, without limitation, the Class Representative, and each and all of the Settlement Class Members whose claims are released pursuant to Section 11 of this Agreement.

2.24 "**Settlement Administrator**" is the person appointed by the Court to administer the notice process, and to make determinations as to whether a person has an Approved Claim and to determine their State of Call.

2.25 "**Settlement Class**" means all Persons who – excluding Defendant, its parent, subsidiaries and affiliates, and any officers and directors thereof, as well as any judge presiding

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4

- 5 -

CLASS ACTION SETTLEMENT AGREEMENT

1    over this action, the judge's spouse and immediate family – called any Affected Phone Line prior

2    to October 1, 2010 and spoke with a live person, and who at the time of the call resided or were

3    located in California, Florida, Maryland, Nevada, New Hampshire, or Washington.

4         2.26   "**Settlement Class Member**" means a person who fits within the definition of

5    Settlement Class (and that person's attorneys, legal representatives, successors, spouses, heirs,

6    executors, administrators, and assigns who are acting on behalf of that person).

7         2.27   "**Settlement Hearing**" means the hearing or hearings to determine:  (1) whether

8    the settlement of the Action should be approved as fair, reasonable and adequate; (2) whether a

9    Final Judgment as provided in Section 10 of this Agreement should be entered; (3) whether a

10   final order certifying the Settlement Class should be approved; (4) whether the enhancement

11   award to Plaintiff described in Section 5.2 of this Agreement should be approved; and (5) whether

12   the application of Class Counsel for an award of attorneys' fees, costs, and expenses pursuant to

13   Section 5.2 of this Agreement should be approved, as provided for in Section 9.8.

14        2.28   "**State of Call**" means the State in which the Class Member was located or

15   residing at the time of any call that qualifies him or her for class membership.  If the Class

16   Member called the Affected Phone Lines more than once, and at least one of those calls was at a

17   time when the Class Member was located in or residing in California, that Class Member's State

18   of Call shall be deemed to be California.

19        2.29   "**Unknown Claims**" means any Claims which the Class Representative or any

20   Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of

21   the release which, if known by him, her or it, might have affected his, her or its settlement with

22   and release of the Released Persons, or might have affected his, her or its decision not to object to

23   this Agreement or request exclusion from the Class.  With respect to any and all Released Claims

24   against the Released Persons, the Parties stipulate and agree that, the Class Representative shall

25   expressly waive and relinquish, and the other Settlement Class Members shall be deemed to have,

26   and by operation of the Judgment shall have, expressly waived and relinquished, to the fullest

27   extent permitted by law, (a) the provisions, rights, and benefits conferred by § 1542 of the

28   California Civil Code, which provides:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4          - 6 -

CLASS ACTION SETTLEMENT AGREEMENT

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, Federal law or principle of common law, or of international or foreign law , which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The Class Representative and the other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but hereby stipulate and agree that upon the entry of the Final Judgment and Order of Dismissal, the Class Representative fully, finally and forever settles and releases, and each other Settlement Class Member shall be deemed to, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non contingent, whether or not concealed or hidden which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Defendant and the Class Representative, on behalf of himself and the Settlement Class, acknowledge that the foregoing waiver was bargained for and is a material element of the Agreement.

## 3.    BENEFITS OF THE SETTLEMENT

3.1    Class Counsel have made a thorough investigation of the facts and circumstances surrounding the allegations made in the Complaint.  Class Counsel have engaged in extensive investigation of the claims underlying this Action, including propounding to and receiving from Defendant and ADP responses to extensive questions regarding the subject matter of the Complaint.

3.2    Class Counsel believe that it is in the best interest of the Class Members that the Action be settled on the terms and conditions set forth in this Agreement.  Class Counsel reached that conclusion after evaluating the factual and legal issues in the Action, the benefits that the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 7 -

CLASS ACTION SETTLEMENT AGREEMENT

1   Settlement Class Members will receive as a result of the Action, and the risks and uncertainties of

2   continued litigation, the expense that would be necessary to prosecute the Action through trial and

3   through any appeals that might be taken, and the likelihood of success at trial.

4   **4.     NO ADMISSION OF WRONGDOING AND LIABILITY**

5          4.1     Neither this Agreement, nor any of its terms or provisions, nor the Final Judgment

6   and Order of Dismissal, shall constitute an admission by the Defendant or the Related Persons of

7   the truth of any of the allegations in the complaint or amended complaint (including, without

8   limitation, the applicability or interpretation of any statutes cited by Plaintiff in such complaint),

9   or of any liability, fault, or wrongdoing of any kind, nor is this Agreement a finding of the

10   validity or invalidity of any allegations in the Complaint or of any of the Released Claims or a

11   finding of any wrongdoing by the Defendant or the Related Persons.  Neither this Agreement nor

12   the Final Judgment shall be used or construed as an admission, concession, or presumption or

13   inference of any fault, liability or wrongdoing by any Person.  Neither the Final Judgment, this

14   Agreement, the fact of settlement and the settlement proceedings, nor the settlement negotiations,

15   nor any related documents or facts, shall be offered or received in evidence against any Party or

16   the Related Persons for any purpose in any proceeding other than (i) in such proceedings as may

17   be necessary to consummate or enforce this Agreement, or (ii) in any action against or by the

18   Released Persons, or any of them, to support a defense of res judicata, collateral estoppel, release,

19   or other theory of claim preclusion, issue preclusion, or similar defense, or to defend against the

20   assertion of the Released Claims, or to collect payment of any portion of the Settlement Amount

21   or as otherwise required by law.

22   **5.     MONETARY RELIEF**

23          5.1     Subject to its termination rights described in section 14, Visa will pay a total of

24   Eighteen Million Dollars ($18,000,000) (the "Settlement Amount") for the benefit of the certified

25   Settlement Class to an interest-bearing escrow account ("Escrow Account") established pursuant

26   to the escrow agreement in Exhibit D hereto, within 14 days after the Court signs the Order

27   Preliminarily Approving Settlement as provided for in Section 9 below.  The payment shall

28   remain in the Escrow Account and accrue interest until the Effective Date, after which, if this

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                              - 8 -

CLASS ACTION SETTLEMENT AGREEMENT

1  Settlement Agreement has not been terminated, all sums in the Escrow Account, less any taxes

2  due and account administration costs, shall be paid to the Settlement Administrator, who will

3  distribute the funds pursuant to the orders of the Court.  In no event will the Defendant ever be

4  required to pay more than the Settlement Amount, and in no event will any of the Related Persons

5  be required to pay anything under this Agreement.  The Settlement Amount includes, without

6  limitation, all compensation to the Settlement Class, attorneys' fees, court costs, claims

7  administration costs, notice costs and enhancement awards.  In the event that this Settlement

8  Agreement is terminated, all funds that are in the Escrow Account, plus any accrued interest less

9  taxes paid and administrative costs with respect to those sums, shall be immediately paid to an

10  account designated by Visa.

11         5.2     Class Representative and his attorneys agree to seek an allocation of the

12  Settlement Amount consistent with their fiduciary obligations to members of the Settlement

13  Class.  In consideration for this agreement, Defendant agrees not to oppose the Class

14  Representative's and Class Counsel's applications to receive compensation from the Settlement

15  Amount provided that the total sum to be paid to Class Counsel does not exceed Four Million

16  Five Hundred Thousand Dollars ($4,500,000) and the total sum to be paid to Class Representative

17  as an enhancement award does not exceed Eighteen Thousand Dollars ($18,000).

18         5.3     Class Representative also agrees that all expenses incurred in administering the

19  terms of this Settlement Agreement, such as providing notice to the Settlement Class of the

20  pendency of the settlement, the acceptance of claims on behalf of the Settlement Class and the

21  payment of settlement funds, as well as all other aspects of the claims administration process,

22  shall be paid from the Settlement Amount.  Defendant agrees not to oppose any application

23  Plaintiff makes for reimbursement of any such expenses that Class Representative or Class

24  Counsel has advanced.

25         5.4     The Distribution Amount will be (1) the Settlement Amount (i.e., $18 million)

26  plus any accrued net interest from the Escrow Account that is distributed to the Settlement

27  Administrator, minus (2) payment of any attorney's fees, costs, claims administration costs,

28  notice costs, enhancement awards, and any other amounts that the Court determines should be

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                              - 9 -

CLASS ACTION SETTLEMENT AGREEMENT

deducted from the Settlement Amount.  The Distribution Amount will be distributed as follows:

(a)     The Settlement Administrator will evaluate claim forms and determine which persons submitting claim forms are within the class.  Persons who show satisfactory proof to the Settlement Administrator that they are within the class will have Approved Claims.  The Settlement Administrator will also determine the State of Call that qualifies the person as a class member.  The Settlement Administrator's determination of (i) whether a class member holds an Approved Claim, and (ii) the class member's State of Call, shall be final, binding, and non-appealable.

(b)     The Settlement Administrator shall calculate the Base Settlement Unit by taking the Distribution Amount and dividing it by the sum of the number of Approved Claims with a State of Call of Florida, Maryland, Nevada, New Hampshire, or Washington (X), plus five times the number of Approved Claims with a State of Call of California (Y), as represented in the following formula:

$$\text{Base Settlement Unit} = \frac{\text{Distribution Amount}}{X + (5 * Y)}$$

(c)     Each class member with an Approved Claim and a State of Call of California will be entitled to a one-time distribution payment from the Distribution Amount which is equal to five (5) times the Base Settlement Unit, up to a maximum amount of Five Thousand Dollars ($5,000).

(d)     Each class member with an Approved Claim and a State of Call other than California shall be entitled to a one-time distribution payment from the Distribution Amount which is equal to the Base Settlement Unit, up to a maximum amount of One Thousand Dollars ($1,000).

5.5     After all payments to members of the Class have been paid, any remaining portion of the Distribution Amount, along with any amounts remaining from settlement checks that have not been cashed by their stale date and have not been reissued, will revert to the Class for *cy pres* distribution to an appropriate charity or charities as jointly proposed by the Class Representative and Defendant to the Court.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 10 -

CLASS ACTION SETTLEMENT AGREEMENT

**6.    DISCLOSURE OF RECORDING OR MONITORING PROVISIONS**

6.1    After the date the Action was initiated, Defendant placed an automated message on all Affected Phone Lines informing callers that calls may be recorded or monitored.  Defendant agrees, as part of this Settlement Agreement, that it shall maintain in place the automated message, or other similar form of automated message or other disclosure that a call may be recorded or monitored, with respect to calls that it records or monitors and that are received from callers who are located in California, Florida, Maryland, Nevada, New Hampshire, or Washington, if required to do so under applicable laws or regulations.

**7.    CERTIFICATION OF SETTLEMENT CLASS**

7.1    For settlement purposes only, the Parties stipulate that the Class Representative is an adequate representative of the Settlement Class and that common issues predominate over individual or unique issues, and the Parties shall request, as part of the Preliminary Order, that the Court enter an order certifying the Settlement Class, and appointing Class Representative as representative of the Settlement Class.

7.2    Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement and dismiss the Action.  If this Agreement is terminated pursuant to the terms of Section 14.1, any order certifying the Settlement Class shall be vacated upon notice of termination of the Settlement to the Court, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to the Parties to either request or oppose class certification.

**8.    CLASS NOTICE**

8.1    The Parties agree upon a notice plan ("Notice Plan") that consists of both direct mail notice and publication notice that is intended to reach in excess of seventy percent (70%) of the potential Settlement Class Members.  The Parties agree that the Notice Plan fairly informs the Class Members of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures for and consequences of making a claim, objecting to the Agreement, or requesting exclusion from the Settlement Class, and the date of the final fairness and approval hearing.  The Parties further

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                - 11 -

CLASS ACTION SETTLEMENT AGREEMENT

1    agree that the Notice Plan meets the requirements of due process, California law, and other

2    applicable precedent, and is designed to provide the Settlement Class with the best notice

3    practicable, under the circumstances of this Action, of the pendency of this litigation and the

4    terms, conditions and procedures set forth in this Agreement, and shall constitute due and

5    sufficient notice to all Persons entitled thereto under California law, the United States

6    Constitution, and any other applicable law.  The Parties agree that Class Counsel shall file with its

7    application for entry of a Final Judgment and Order of Dismissal of the Action a declaration or

8    affidavit of a Person qualified to opine on the sufficiency of the Notice Plan concluding that the

9    Notice Plan is sufficient.

10    8.2    The Parties anticipate that Defendant will be able to identify approximately twelve

11    percent (12%) of the potential Settlement Class Members from the records of Defendant.  The

12    Parties agree that the Court should order Defendant to compile the Notice List and deliver the

13    Notice List to the Settlement Administrator no later than ten (10) days after the date the Court

14    issues the Preliminary Order.

15    8.3    As for Persons who are identified in the Notice List, the Settlement Administrator

16    shall provide Notice of Proposed Settlement to those Persons by regular mail substantially in the

17    form of the Long Notice attached as Exhibit E hereto, along with a Claim Form substantially in

18    the form of Exhibit F hereto, and the Exclusion Form substantially in the form of Exhibit G

19    hereto, no later than twenty-eight (28) days after the date the Court issues the Preliminary Order.

20    With respect to those Persons on the Notice List whose Long Notice by regular mail is returned to

21    the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly

22    attempt to obtain an updated addresses for those Persons from the United States Post Office, and

23    if such an address is obtained, shall resend the Notice of Proposed Settlement, Claim Form and

24    Exclusion Form to those updated addresses.  For any Persons for whom updated address are not

25    obtained or the second regular mail attempts at notice are unsuccessful, and/or any Class

26    Members who otherwise fail to follow the procedures set forth in this Agreement for submitting a

27    claim or requesting exclusion from the Settlement Class, the notice procedures for potential Class

28    Members not identified in the Notice List shall be deemed to apply and the Class Members shall

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                           - 12 -
CLASS ACTION SETTLEMENT AGREEMENT

1   automatically be deemed a member of the Settlement Class whose rights and claims with respect

2   to the issues raised in the Complaint are determined by the Court's Final Judgment and Order of

3   Dismissal of the Action and by the other rulings in the Action.

4       8.4    As for potential Class Members who are not identified in the Notice List, Notice of

5   Proposed Settlement will be provided by publication of the Summary Notice substantially in the

6   form of Exhibit H hereto in the following publications and for the following insertions or

7   durations:

8       8.4.1   One (1) insertion of approximately two-fifths (2/5) of a page in the *Parade*

9   magazine regional editions published in California, Florida, Maryland, Nevada, New Hampshire

10   and Washington and made no later than forty-five (45) days after the date that the Court issues the

11   Preliminary Order;

12       8.4.2   One (1) insertion of approximately two-fifths (2/5) of a page in the *USA*

13   *Weekend* magazine editions published in California, Florida, Maryland, Nevada, New Hampshire

14   and Washington and made no later than forty-five (45) days after the date that the Court issues the

15   Preliminary Order;

16       8.4.3   One (1) insertion of approximately a full page in the *People* magazine

17   regional editions published in the California, Florida, Maryland, Nevada, New Hampshire and

18   Washington and made no later than forty-five (45) days after the date that the Court issues the

19   Preliminary Order;

20       8.4.4   Online advertising estimated to amount to in the aggregate approximately

21   126,500,000 impressions, commencing no later than thirty (30) days after the date that the Court

22   issues the Preliminary Order, and targeted at Internet Protocol addresses located in California,

23   Florida, Maryland, Nevada, New Hampshire and Washington on the following internet ad

24   networks, websites and/or web services companies:

25            (a)    AOL run of network for a period of thirty (30) days;

26            (b)    AOL Black Voices for a period of thirty (30) days;

27            (c)    Yahoo run of network for a period of thirty (30) days;

28            (d)    Yahoo Mail for a period of thirty (30) days;

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4           - 13 -

CLASS ACTION SETTLEMENT AGREEMENT

| | |
|---|---|
| 1 | (e)    24/7 Network for a period of thirty (30) days; |
| 2 | (f)    Univision.com for a period of thirty (30) days; |
| 3 | (g)    MSN Hotmail for a period of thirty (30) days; and |
| 4 | (h)    Facebook for a period of forty-five (45) days. |
| 5 | 8.4.5    Posting of the Long Notice on the Top Class Actions website. |
| 6 | 8.5    In addition, the Settlement Administrator will manage a website, |
| 7 | www.callrecordingsettlement.com, where Persons will be able to view or print the Long Notice, |
| 8 | this Agreement, the Complaint, the Preliminary Order, the Claim Form, the Exclusion Form and |
| 9 | other information relevant to this Agreement or the Action. |
| 10 | 8.6    Nothing else shall be required of, or done by, the Parties, Class Counsel, Defense |
| 11 | Counsel, or the Settlement Administrator to provide notice of the proposed settlement and the |
| 12 | final approval hearing as described herein.  If any additional requirements for giving notice to the |
| 13 | Settlement Class are imposed, Defendant shall have the option to terminate this Agreement, and if |
| 14 | Defendant exercises its option, this Agreement shall be null and void and this settlement of no |
| 15 | force and effect.  Defendant shall give notice of such termination in writing to Class Counsel no |
| 16 | later than fourteen (14) days after the day that such additional notice requirement is imposed. |
| 17 | 8.7    All costs and expenses associated with the giving of all notice to the Settlement |
| 18 | Class as provided in this Agreement, including without limitation, the Notice Plan shall be fully |
| 19 | and exclusively paid from the Settlement Amount, and no such costs and expenses shall be borne |
| 20 | by Defendant and Defendant shall not be liable to the Settlement Administrator for any costs and |
| 21 | expenses of the Notice Plan. |
| 22 | **9.    ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING** |
| 23 | **NOTICE OF PROPOSED SETTLEMENT, SETTING DEADLINES AND SETTING SETTLEMENT HEARING** |
| 24 | 9.1    Class Counsel agrees to apply to the Court for entry of a Preliminary Order, |
| 25 | substantially in the form of Exhibit C to this Agreement, as soon as practicable after the execution |
| 26 | of this Agreement.  The Preliminary Order shall contain the provisions set forth in Sections 9.2 |
| 27 | through 9.16. |
| 28 | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 14 -

CLASS ACTION SETTLEMENT AGREEMENT

1    9.2    The Preliminary Order shall adopt the definitions set forth in Sections 2.1 through

2  2.19 of this Agreement.

3    9.3    The Preliminary Order shall preliminarily approve this Agreement, and each of the

4  releases and other terms set forth herein, as falling within the range of possible approval and

5  meriting submission to the Settlement Class Members for consideration.

6    9.4    The Preliminary Order shall provisionally certify the Settlement Class as

7  excluding Defendant, its parent, subsidiaries and affiliates, and any officers and directors thereof,

8  as well as any judge presiding over this action, the judge's spouse and immediate family. The

9  Preliminary Order shall also provisionally designate Francisco Marenco as Class Representative.

10  The Preliminary Order shall also provisionally designate Spiro Moss LLP and the Law Offices of

11  Sahag Majarian II as Class Counsel.

12    9.5    The Preliminary Order shall appoint a Settlement Administrator, and shall provide

13  for the implementation of the Notice Plan ("Notice Plan") set forth in sections 8.1 to 8.7 above.

14    9.6    The Preliminary Order shall require that Defendant deliver the Notice List to the

15  Settlement Administrator no later than ten (10) days after the date of the Preliminary Order.

16    9.7    The Preliminary Order shall also require that no later than twenty-one (21) days

17  after the date of the Preliminary Order the Settlement Administrator post a website, as set forth in

18  the Notice Plan, which shall provide for the viewing and downloading of a copy of the

19  Complaint, this Agreement, the Summary Notice and Long Notice, and the Claim and Exclusion

20  forms.

21    9.8    The Preliminary Order shall require that no later than twenty-eight (28) days after

22  the date of the Preliminary Order the Settlement Administrator shall mail to each person in the

23  Notice List the Long Notice.

24    9.9    The Preliminary Order shall require that the Settlement Administrator shall publish

25  the Summary Notice in the manner and at the times set forth in the Notice Plan.

26    9.10    The Preliminary Order shall find that dissemination of notice in the manner

27  required by Sections 8, 9.7, 9.8, and 9.9 constitutes the best notice practicable under the

28  circumstances to potential members of the Settlement Class and complies fully with California

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400
WEST\223545440.4         - 15 -
CLASS ACTION SETTLEMENT AGREEMENT

1  law, the United States Constitution, and any other applicable law.

2      9.11    The Preliminary Order shall provide that all Claim Forms and Exclusion Forms

3  must be submitted to the Settlement Administrator no later than 91 days after the date of the

4  Preliminary Order, either by mail or by facsimile transmission.

5      9.12    The Preliminary Order shall provide for a Settlement Hearing, to be held on a date

6  to be set forth in the Preliminary Order that is at least 126 days after the date of the Preliminary

7  Order, at which the Court will determine: (1) whether the settlement of the Action should be

8  approved as fair, reasonable and adequate; (2) whether a Final Judgment as provided in Section

9  10 of this Agreement should be entered; (3) whether a final order certifying the Settlement Class

10  should be approved; and (4) whether the application of Class Counsel for an award of attorneys'

11  fees, costs, and expenses pursuant to Section 5.2 of this Agreement should be approved.  The

12  Court may adjourn or continue the Settlement Hearing without further notice to the Settlement

13  Class.

14      9.13    The Preliminary Order shall provide that at or after the Settlement Hearing, the

15  Court shall rule on the application of Class Counsel for an award of attorneys' fees, costs, and

16  expenses.  Any orders or proceedings relating to the application of Class Counsel for an award of

17  attorneys' fees, costs, and expenses shall not operate to terminate or cancel this Agreement, and

18  shall have no effect on the finality of the Final Judgment to be entered pursuant to this

19  Agreement.

20      9.14    The Preliminary Order shall provide that Class counsel shall file a motion for final

21  approval of settlement at least 35 days before the date of the Settlement Hearing, and shall require

22  Class Counsel to include therein, or separately file at the same time, any applications they may

23  wish to make for attorneys' fees, costs, and expenses is such motion.  The Preliminary Order shall

24  provide the motion and all supporting papers shall be posted on the website set up by the

25  Settlement Administrator.

26      9.15    The Preliminary Order shall provide that any Settlement Class Member who

27  objects to the settlement of this Action and/or the application of Class Counsel for attorneys' fees,

28  costs, and expenses, shall have a right to appear and be heard at the Settlement Hearing.  Any

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                          - 16 -

CLASS ACTION SETTLEMENT AGREEMENT

1  such person must file with the Court, and deliver to Class Counsel and Counsel for Defendant, a

2  written notice of objection, filed and postmarked at least 21 days prior to the date of the Final

3  Approval Hearing.  The manner by which a notice of objection should be prepared, filed, and

4  delivered shall be stated in the Long Notice.  Only Settlement Class Members who have filed and

5  delivered valid and timely written notices of objection will be entitled to be heard at the

6  Settlement Hearing, unless the Court otherwise so orders.

7      9.16    The Preliminary Order shall provide that neither the Preliminary Order, nor this

8  Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings

9  connected with it, shall be construed as an admission or concession by Defendant or the Related

10  Persons of the truth of any of the allegations in the Complaints, or of any liability, fault, or

11  wrongdoing of any kind.

12      9.17    The Preliminary Order shall stay all discovery and other proceedings in the Action

13  with respect to the claims and defenses of the parties to this Agreement until further order of the

14  Court, except as may be necessary to implement the settlement of the Action or comply with the

15  terms of this Agreement.   The Preliminary Order shall provide that following the issuance of the

16  Final Judgment, the Court shall retain continuing jurisdiction over the subject matter of the

17  Action, the Class Representatives, the Settlement Class Members, and the Defendant to

18  administer the matters set forth in this Agreement.

19      9.18    The Preliminary Order shall provide that the Final Judgment will permanently bar

20  and enjoin all Releasors from commencing or prosecuting any direct or representative action, or

21  any action in any other capacity, asserting or relating to any of the Released Claims

22      9.19    The Preliminary Order shall provide that the Court may, for good cause, extend

23  any of the deadlines set forth in the order without further notice to the Settlement Class.

24  **10.     FINAL JUDGMENT AND ORDER OF DISMISSAL OF THE ACTION**

25      10.1    Class Counsel agrees to apply to the Court for entry of a Final Judgment and Order

26  of Dismissal of the Action, substantially in the form of Exhibit B to this Agreement, at the

27  conclusion of the Court's consideration of the issues to be determined at the Settlement Hearing

28  provided for in Section 9.8.  The Final Judgment shall contain the provisions set forth in Sections

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                              - 17 -

CLASS ACTION SETTLEMENT AGREEMENT

1  10.2 through 10.11.

2      10.2    The Final Judgment shall adopt the definitions set forth in Sections 2.1 through

3  2.19 of this Agreement.

4      10.3    The Final Judgment shall provide that the Court has continuing jurisdiction over

5  the subject matter of the Action, the Class Representatives, the Settlement Class Members, and

6  the Defendant to administer the matters set forth in this Agreement.

7      10.4    The Final Judgment shall find that the publication of the Notice as provided for in

8  the Preliminary Order and the Notice Plan constituted the best notice practicable under the

9  circumstances to all persons within the definition of the Settlement Class, and fully complied with

10  California law, the United States Constitution, and any other applicable law.  The Final Judgment

11  shall certify the Settlement Class.

12      10.5    The Final Judgment shall approve the settlement of the Action set forth in this

13  Agreement, including the respective contributions of the Defendant, each of the releases and other

14  terms, set forth herein, as fair, reasonable, and adequate to the Parties. The Judgment shall order

15  the Parties to consummate the settlement in accordance with its terms as set forth in this

16  Agreement.

17      10.6    The Final Judgment shall dismiss the Action, and all claims contained therein,

18  with prejudice to the Class Representative and all Settlement Class Members.

19      10.7    The Final Judgment shall provide that all Releasors shall conclusively be deemed

20  to have released and forever discharged the Released Persons from all Released Claims.

21      10.8    The Final Judgment shall provide that all Releasors shall conclusively be deemed

22  to have acknowledged that the Released Claims include all claims, rights, demands, causes of

23  action, liabilities, or suits, including Unknown Claims, as of the Effective Date, and that such

24  claims are nonetheless released.  The Final Judgment shall further provide that all Releasors shall,

25  conclusively be deemed to have waived the rights with regard to the Released Claims afforded by

26  California Civil Code Section 1542 and any similar statute or law, or principle of common law, of

27  California or any other jurisdiction.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 18 -
                                    CLASS ACTION SETTLEMENT AGREEMENT

1    10.9    The Final Judgment shall permanently bar and enjoin all Releasors from

2   commencing or prosecuting any direct or representative action, or any action in any other

3   capacity, asserting or relating to any of the Released Claims.

4    10.10    The Final Judgment shall provide that the Court reserves exclusive and continuing

5   jurisdiction over the Action, the Class Representatives, the Settlement Class Members, the

6   Defendant and this Agreement.

7    10.11    The Final Judgment shall provide that neither the Final Judgment, nor this

8   Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings

9   connected with it, shall be: (1) construed as an admission, concession, or presumption or

10   inference of any fault, liability, or wrongdoing by any Person, (2) construed as a concession by

11   Defendant or the Related Persons of the truth of any of the allegations in the complaint, or of any

12   liability, fault, or wrongdoing of any kind; (3) referred to, offered as evidence, or received in

13   evidence for any purpose in any proceeding other than (i) in such proceedings as may be

14   necessary to consummate or enforce the Final Judgment or this Agreement, or (ii) in any in any

15   subsequent action against or by the Released Persons, or any of them, to support a defense of res

16   judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or

17   similar defense, or to defend against the assertion of the Released Claims, or as otherwise

18   required by law.

19   **11.    RELEASES**

20    11.1    As of the Effective Date, the Class Representative and each of the Settlement

21   Class Members who have not properly submitted a request to be excluded from the Class hereby

22   fully, finally and forever releases, relinquishes and discharges all Released Claims (including

23   "Unknown Claims") against the Defendant and each and all of the Released Persons.

24    11.2    With respect to any and all Released Claims against the Released Persons, the

25   Parties stipulate and agree that, the Class Representative shall expressly waive and relinquish, and

26   the other Settlement Class Members shall be deemed to have, and by operation of the Judgment

27   shall have, expressly waived and relinquished, to the fullest extent permitted by law, (a) the

28   provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                           - 19 -

CLASS ACTION SETTLEMENT AGREEMENT

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, Federal law or principle of common law or of international or foreign law which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Class Representative and the other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims, but hereby stipulate and agree that upon the entry of the Final Judgment and Order of Dismissal, the Class Representative fully, finally and forever settles and releases, and each other Settlement Class Member shall be deemed to, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non contingent, whether or not concealed or hidden which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Defendant and the Class Representative, on behalf of himself and the Settlement Class, acknowledge that the foregoing waiver was bargained for and is a material element of the Agreement.

11.3    As of the Effective Date, each and all Settlement Class Members shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against the Defendant and each and all of the Released Persons.

## 12.    ATTORNEYS' FEES, COSTS AND EXPENSES

12.1    The Class Representative or Class Counsel may apply to the Court for: (1) an award of attorneys' fees; plus (2) reimbursement of any costs and expenses incurred in connection with the Action. The application shall be considered separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Agreement. Nothing regarding the Court's decision on the application for attorneys' fees, costs,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 20 -
CLASS ACTION SETTLEMENT AGREEMENT

1    and expenses shall operate to terminate or cancel this Agreement, or have any effect on the

2    finality of the Final Judgment.

3    **13.     EFFECTIVE DATE OF THE SETTLEMENT AGREEMENT**

4         13.1    The settlement of the Class Action shall become effective and final on the first

5    date by which all of the events set forth in Sections 13.2 through 13.11 have occurred.

6         13.2    Class Counsel and Counsel for Defendant have executed this Agreement.

7         13.3    The Agreement has not been terminated as provided for in Section 8.6 above.

8         13.4    The Court has entered the Preliminary Order as provided for in Section 9.

9         13.5    The Court has held the Settlement Hearing as provided for in Section 9.8.

10        13.6    Valid and timely opt-out requests have been received from fewer than 100

11   members of the Settlement Class or, in the event that 100 or more valid and timely opt-out

12   requests have been received from members of the Settlement Class, Defendant has expressly

13   reaffirmed this Agreement in writing.

14        13.7    The Court has entered the Final Judgment as provided for in Section 10.

15        13.8    The Final Judgment has become final such that no appeal or writ can be taken

16   from it.

17        13.9    If any appeal is taken from the Final Judgment or any interim order in the Action,

18   the appeal has been withdrawn, dismissed or affirmed.

19        13.10   If a ruling or decision is entered by an appellate court with respect to the Final

20   Judgment or any interim order in the Action, the time to petition for a writ of certiorari with

21   respect to the ruling or decision has expired.

22        13.11   If a petition for a writ of certiorari with respect to the Final Judgment or any

23   interim order in the Action is filed, the petition has been denied or dismissed, or, if granted, has

24   resulted in affirming the judgment or order.

25        13.12   Any proceeding or order, or any appeal or petition for writ of certiorari pertaining

26   solely to an application for attorneys' fees, costs or expenses shall not in any way delay or

27   preclude the Judgment from becoming Effective.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 21 -
                              CLASS ACTION SETTLEMENT AGREEMENT

**14.    TERMINATION OF SETTLEMENT AGREEMENT**

14.1    If any of the events specified in Sections 13.2 through 13.8 fail to occur by December 31, 2011, or if an appeal is taken from the Final Judgment or any interim order in the Action and any of the events specified in Sections 13.9 through 13.11 fail to occur, then the Defendant shall have the right, but not the obligation, to terminate this Agreement by mailing or delivering a written notice to that effect to Class Counsel.

14.2    Neither a modification nor reversal on appeal of any amount of attorneys' fees, costs, expenses and interest awarded by the Court to any of Class Counsel shall constitute grounds for cancellation and termination of this Agreement, or affect or delay the finality of the Final Judgment approving this Agreement and the settlement of the Action set forth herein.

14.3    If Defendant terminates this Agreement as provided for in Section 14.1, then this Agreement shall have no further force or effect.  In that event, the Parties shall revert to their respective positions as of April 2, 2011 as though this Agreement had never been executed, and all sums that Visa paid that are in the Escrow Account, plus any accrued interest less taxes actually paid and administrative costs with respect to those sums, shall be paid to an account designated by Visa, as provided in section 9(b) of Exhibit D (the Escrow Agreement).

**15.    CONFIDENTIALITY AND NON-DISPARAGEMENT.**

14.1    No mention of the settlement shall be made by the Class Representative or Class Counsel until after the Court's preliminary approval of the settlement.  Nothing herein shall prevent Class Counsel from making statements in Court filings concerning the settlement of this matter and their role as Class Counsel, or shall prevent the Class Representative or Class Counsel from responding to press inquiries.

14.2    The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or defamatory statements to any other Person about each other.

14.3    Neither Class Representative nor Class Counsel shall mention any of the Clients or the Issuers in connection with any materials or statements publicly disseminated or made regarding this settlement.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 22 -

CLASS ACTION SETTLEMENT AGREEMENT

1   **16.    OTHER TERMS**

2        16.1    The Parties agree to exercise their reasonable best efforts to accomplish the terms

3   and conditions of the Agreement.

4        16.2    This Agreement constitutes the entire settlement among the Parties and supersedes

5   any prior agreements or understandings between them relating to the settlement of the Action.

6        16.3    The Agreement may be amended or modified only by a written instrument signed

7   by Class Counsel and Counsel for Defendant.  Amendments and modifications may be made

8   without notice to the Settlement Class unless the Court requires notice.

9        16.4    The Agreement and exhibits shall be subject to, governed by, and constituted and

10   enforced pursuant to the laws of the State of California, without reference to its conflicts of law

11   provisions.  The Parties agree that any disputes arising out of, in connection with, or related to

12   this Settlement Agreement that arise prior to the Effective Date shall be submitted for mediation

13   to Jeffrey Krivis.

14        16.5    The exhibits to the Agreement are an integral part of the settlement and are hereby

15   incorporated and made a part of the Agreement.

16        16.6    The Agreement may be executed in one or more counterparts, which together shall

17   be deemed one original agreement.  Execution via facsimile shall be acceptable to bind a party as

18   an original.

19        16.7    The Parties agree that any rule of construction to the effect that any ambiguities

20   are to be construed against the drafting parties shall not be employed in the interpretation of this

21   Agreement.

22        15.8    The Parties intend this settlement to be a final and complete resolution of all

23   disputes between them with respect to the Action.  The settlement compromises claims which are

24   contested and shall not be deemed an admission by any Party as to the merits of any claim or

25   defense.

26        //

27        //

28        //

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                    - 23 -

CLASS ACTION SETTLEMENT AGREEMENT

1    IN WITNESS WHEREOF, the Parties, and their respective counsel, have executed this

2    Settlement Agreement as of May  31, 2011.

3

4                                                         _____
                                                          Francisco Marenco
5

6                                                         VISA INC.

7                                                         By:_____
8                                                         Its: _____

9

10   APPROVED AS TO FORM:                                 Spiro Moss LLP

11                                                         By: _____
12                                                             Gregory N. Karasik

13                                                         Attorneys for Plaintiff
                                                          FRANCISCO MARENCO
14

15                                                         FARELLA BRAUN & MARTEL LLP

16

17                                                         By:_____
                                                              Robert C. Holtzapple
18
                                                          Attorneys for Defendant
19                                                        VISA INC.

20                                                        DLA PIPER LLP (US)

21
                                                          By:_____
22                                                            Perrie M. Weiner

23                                                        Attorneys for Defendant
                                                          VISA INC.
24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

CLASS ACTION SETTLEMENT AGREEMENT

IN WITNESS WHEREOF, the Parties, and their respective counsel, have executed this

Settlement Agreement as of May 31, 2011.

Francisco Marenco

VISA INC.

By:

Its: CFO.

APPROVED AS TO FORM:

Spiro Moss LLP

By:
Gregory N. Karasik

Attorneys for Plaintiff
FRANCISCO MARENCO

FARELLA BRAUN & MARTEL LLP

By:
Robert C. Holtzapple

Attorneys for Defendant
VISA INC.

DLA PIPER LLP (US)

By:
Perrie M. Weiner

Attorneys for Defendant
VISA INC.

Farella Braun & Mattel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4

- 24 -

CLASS ACTION SETTLEMENT AGREEMENT

# EXHIBIT A-1

## Exhibit A-1:  Affected Phone Lines

| | | | | |
|---|---|---|---|---|
| (800) 504-5719 | (866) 309-4933 | (866) 543-9161 | (866) 798-2045 | (866) 906-4123 |
| (800) 504-5724 | (866) 309-4934 | (866) 543-9167 | (866) 798-2084 | (866) 906-4130 |
| (866) 209-4909 | (866) 309-4937 | (866) 594-6378 | (866) 798-2112 | (866) 906-4168 |
| (866) 210-3170 | (866) 317-9691 | (866) 594-6438 | (866) 798-2226 | (866) 906-4170 |
| (866) 213-3293 | (866) 317-9692 | (866) 599-5618 | (866) 798-2272 | (866) 909-9003 |
| (866) 236-7967 | (866) 317-9693 | (866) 602-8199 | (866) 798-2992 | (866) 910-4750 |
| (866) 236-7969 | (866) 335-9097 | (866) 620-1329 | (866) 798-3080 | (866) 913-0886 |
| (866) 262-7438 | (866) 360-2842 | (866) 620-1367 | (866) 798-3113 | (866) 928-9237 |
| (866) 262-7439 | (866) 360-2857 | (866) 620-1368 | (866) 809-2676 | (866) 928-9245 |
| (866) 262-9488 | (866) 360-2864 | (866) 673-6574 | (866) 809-2679 | (877) 237-4321 |
| (866) 262-9977 | (866) 361-3867 | (866) 692-9282 | (866) 839-7481 | (877) 703-5850 |
| (866) 270-9602 | (866) 416-5689 | (866) 707-4346 | (866) 839-7599 | (877) 876-4089 |
| (866) 270-9603 | (866) 436-1824 | (866) 708-9366 | (866) 840-2570 | (888) 294-2249 |
| (866) 271-2933 | (866) 436-1964 | (866) 763-3370 | (866) 840-2930 | (888) 373-2883 |
| (866) 271-3934 | (866) 436-1965 | (866) 763-3372 | (866) 840-3476 | (888) 373-2884 |
| (866) 271-7780 | (866) 436-1970 | (866) 767-0810 | (866) 840-3792 | (888) 373-5707 |
| (866) 272-2723 | (866) 446-6770 | (866) 791-0548 | (866) 853-0146 | (888) 373-5715 |
| (866) 272-4480 | (866) 446-6790 | (866) 791-6841 | (866) 853-8406 | (888) 373-5727 |
| (866) 287-2411 | (866) 446-6805 | (866) 791-6843 | (866) 884-6106 | (888) 373-5737 |
| (866) 304-1164 | (866) 446-6976 | (866) 791-7431 | (866) 887-1376 | (888) 373-5771 |
| (866) 304-1554 | (866) 466-2352 | (866) 791-8848 | (866) 887-9588 | (888) 373-5775 |
| (866) 304-1580 | (866) 466-2362 | (866) 791-9611 | (866) 902-1482 | (888) 373-5781 |
| (866) 304-1909 | (866) 543-9126 | (866) 791-9615 | (866) 902-4339 | (888) 373-5811 |
| (866) 304-8680 | (866) 543-9160 | (866) 791-9989 | (866) 902-7469 | (888) 654-5188 |
| (888) 738-1697 | | | | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 25 -

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A-2

**Exhibit A-2:  Clients**

121 Financial Credit Union f/k/a Florida Telco Federal Credit Union
A+ Federal Credit Union
ADP, Inc.
Alliant Credit Union
America's Credit Union f/k/a Fort Lewis Community Federal Credit Union
BancFirst
Bank of Oklahoma, N.A. d/b/a TransFund
BankPlus
Bellco Credit Union
Bethpage Federal Credit Union
California Credit Union
Colonial Bank
Commerce Bank, N.A.
Compass Bank
Delta Community Credit Union
Desert Schools Federal Credit Union
Downey Savings & Loan Association, F.A.
Ent Federal Credit Union
Extrameasures LLC
Fidelity Bank
First Citizens Bank & Trust Company
First Technology Federal Credit Union
FirstBank Holding Company
FirstMerit Corporation
GCTB, Inc.
Greater Texas Federal Credit Union
INOVA Federal Credit Union f/k/a Bayer Federal Credit Union
International Bank of Commerce
Intuit Inc.
JPMorgan Chase Bank, National Association
JSC Federal Credit Union
KeyPoint Credit Union f/k/a AEA Credit Union
Kitsap Credit Union
LGE Community Credit Union f/k/a Lockheed Georgia Employees Federal Credit Union
Member Access Pacific, LLC
MetaBank d/b/a Meta Payment Systems
Metro Bankcorp, Inc.
National Penn Bancshares, Inc.
Nationwide Trust Company, FSB

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

CLASS ACTION SETTLEMENT AGREEMENT

1  Navy Federal Credit Union
2  NetBank
   Old National Bank
3  OmniAmerican Federal Credit Union
   Republic First Bancorp, Inc.
4  Robins Federal Credit Union
5  Silver State Schools Family Credit Union
   Simmons First National Bank
6  SunTrust Banks, Inc.
7  TCF Financial Corporation
   TD Bank, N.A.
8  The Bancorp, Inc.
9  The Golden 1 Credit Union
   The Money Store LP d/b/a The Money Box d/b/a Selex Card Services
10 UMB Bank, N.A.
11 Union Bankshares Corporation
   United Federal Credit Union f/k/a First Resource Federal Credit Union
12 Urban Trust Bank
13 Utah Community Credit Union
   VIP, LLC
14 Wachovia Bank, N.A.
15 Washington State Employees Credit Union
   Wells Fargo Bank, N.A.
16 Wescom Credit Union
17 Xceed Financial Federal Credit Union
   Zions Management Services Company
18
19
20
21
22
23
24
25
26
27
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 27 -

CLASS ACTION SETTLEMENT AGREEMENT

# EXHIBIT B

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   FRANCISCO MARENCO,                    Case No. CV10-8022 DMG (VBK)
     individually and on behalf of others
12   similarly situated,                   **[PROPOSED] FINAL ORDER**
                                           **APPROVING CLASS ACTION**
13                                         **SETTLEMENT AND JUDGMENT**
                    Plaintiff,
14
15        vs.

16   VISA INC.,

17                  Defendant.

18

19

20        The Court conducted a hearing regarding the fairness and final approval of

21   the Amended Settlement Agreement and Release in this action on _____,

22   2011, at _____, the Honorable Dolly M. Gee presiding.

23        The parties appeared by and through their respective counsel of record.

24        After considering the papers and the arguments of counsel, as well as any

25   papers filed by objectors, and good cause appearing, the Court GRANTS Plaintiff's

26   Motion for Final Approval and Judgment, and Plaintiff's Application for Attorneys'

27   Fees and Costs, and rules as follows.

28

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT
Case No. CV10-8022 DMG (VBK)

WEST\223545747.2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Class Action Settlement Agreement and Release (hereafter, the "Settlement Agreement") and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2.      This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the Settlement Class Members, as defined in Section 2.26 of the Settlement Agreement.  Specifically, the members of the Settlement Class that are subject to this Final Order and Judgment are all Persons who – excluding Defendant, its parent, subsidiaries and affiliates, and any officers and directors thereof, as well as any judge presiding over this action, the judge's spouse and immediate family – called any Affected Phone Line prior to October 1, 2010 and spoke with a live person, and who at the time of the call resided or were located in California, Florida, Maryland, Nevada, New Hampshire, or Washington. A list of the Affected Phone Lines is attached as Exhibit A hereto.

3.      The Settlement Agreement previously filed in this action, and the terms set forth therein, including without limitation, the contribution of the Defendant and the terms of the release, are hereby found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered to be performed by all parties.

4.      The Court finds that the form, manner and content of the Class Notice specified in Section 8 of the Settlement Agreement and Exhibits E and H thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Settlement Class Members entitled thereto.  Specifically, individual notice was provided to those potential Settlement

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT
Case No. CV10-8022 DMG (VBK)                     - 2 -

WEST\223545747.2

1  Class Members who were shown in Defendant's records to hold a payment card

2  that had an Affected Phone Line printed on the back of the card as the customer

3  service phone number, and whose addresses are contained in Defendant's records

4  and are in the States of California, Florida, Maryland, Nevada, New Hampshire, or

5  Washington, by sending such notice by regular mail to all such persons, and class

6  notice was provided to all other potential Settlement Class Members by the

7  following publication plan:

8          (a) One (1) insertion of approximately two-fifths (2/5) of a page in the

9  Parade magazine regional editions published in California, Florida, Maryland,

10  Nevada, New Hampshire and Washington;

11          (b) One (1) insertion of approximately two-fifths (2/5) of a page in the

12  USA Weekend magazine editions published in California, Florida, Maryland,

13  Nevada, New Hampshire and Washington;

14          (c) One (1) insertion of approximately a full page in the People

15  magazine regional editions published in the California, Florida, Maryland, Nevada,

16  New Hampshire and Washington;

17          (d) Online advertising estimated to amount to in the aggregate

18  approximately 126,500,000 impressions and targeted at Internet Protocol addresses

19  located in California, Florida, Maryland, Nevada, New Hampshire and Washington

20  on the following internet ad networks, websites and/or web services companies:

21                  AOL run of network for a period of thirty (30) days;

22                  AOL Black Voices for a period of thirty (30) days;

23                  Yahoo run of network for a period of thirty (30) days;

24                  Yahoo Mail for a period of thirty (30) days;

25                  24/7 Network for a period of thirty (30) days;

26                  Univision.com for a period of thirty (30) days;

27                  MSN Hotmail for a period of thirty (30) days; and

28                  Facebook for a period of forty-five (45) days.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT          - 3 -
Case No. CV10-8022 DMG (VBK)

WEST\223545747.2

1          (e) Posting of the Long Notice on the Top Class Actions website.

2         5.    This Final Order and Judgment applies to all claims or causes of action

3 settled under the terms of the Settlement Agreement, and shall be fully binding with

4 respect to all Settlement Class Members who did not properly request exclusion

5 pursuant to the Order Granting Preliminary Approval of Class Action Settlement

6 entered by this Court on _____, 2011.

7         6.    Representative Plaintiff Francisco Marenco and all Settlement Class

8 Members who did not properly request exclusion from the Settlement Class are

9 barred and permanently enjoined from asserting, instituting, or prosecuting, either

10 directly or indirectly, any claims released under the Settlement Agreement which

11 they had, or have, to the extent provided in the Settlement Agreement.  All claims

12 of Representative Plaintiff and all Settlement Class Members shall be conclusively

13 deemed released and discharged as to Defendant, the Clients, the Issuers, and the

14 Related Persons, as those terms are defined in the Settlement Agreement and to the

15 extent provided in the Settlement Agreement.  In addition, Representative Plaintiff

16 and all Settlement Class Members who did not properly request exclusion from the

17 Settlement Class are conclusively deemed to have waived their rights under

18 California Civil Code Section 1542 or any similar statute or law, or principle of

19 common law, of California or any other jurisdiction, with regard to any claims

20 released under the Settlement Agreement.

21         7.    The Claims Administrator shall conduct all administration of the

22 Settlement Amount including the Distribution Amount.  The Claims Administrator

23 shall disburse attorneys' fees and costs to the Class Counsel from the Settlement

24 Amount as ordered by the Court.  The Claims Administrator shall prepare and issue

25 all disbursements of the Distribution Amount to Settlement Class Members with

26 Approved Claims, and any remaining funds to charitable organization(s) as

27 described in the Settlement Agreement.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT    - 4 -
Case No. CV10-8022 DMG (VBK)

WEST\223545747.2

8.     The Escrow Agent shall wire the Escrowed Funds, less any fees, costs and taxes due, to the Claims Administrator to fund the Settlement Amount within five (5) business days after the Effective Date as defined in the Settlement Agreement.  The Claims Administrator shall issue the appropriate amount to each Class Member with an Approved Claim within the time periods specified in the Settlement Agreement.

9.     All claims asserted by Representative Plaintiff and the Settlement Class Members in this Action are hereby dismissed with prejudice.

10.  The Court approves payment to The Garden City Group, Inc. for all expenses incurred in providing notice to the Settlement Class and administering the Settlement.

11.    Neither this Final Order Approving Class Action Settlement and Judgment, nor the Settlement Agreement, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission, concession, or presumption or inference of any fault, liability, or wrongdoing by any Person, (2) construed as a concession by Defendant, the Clients, the Issuers, or their Related Persons of the truth of any of the allegations in the complaint, or of any liability, fault, or wrongdoing of any kind; (3) referred to, offered as evidence, or received in evidence for any purpose in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce this Final Order Approving Class Action Settlement and Judgment or the Settlement Agreement, or (ii) in any in any subsequent action against or by the Defendant, the Clients, the Issuers, or their Related Persons, or any of them, to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or to defend against the assertion of claims released under this Final Order Approving Class Action Settlement and Judgment or the Settlement Agreement, or as otherwise required by law.

Fanella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT
Case No. CV10-8022 DMG (VBK)

- 5 -

WEST\223545747.2

1    12.  Without affecting the finality of this Final Order Approving Class Action
2  Settlement and Judgment in any way, the Court hereby retains continuing
3  jurisdiction over the parties for the purpose of construing, enforcing and
4  administering this Final Order Approving Class Action Settlement and Judgment,
5  and the terms of the Settlement Agreement.

6

7  **IT IS SO ORDERED.**

8

9  Dated:                              _____

10                                     United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT AND JUDGMENT          - 6 -
Case No. CV10-8022 DMG (VBK)                              WEST\223545747.2

# EXHIBIT C

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10
11  FRANCISCO MARENCO,                    Case No. CV10-8022 DMG (VBK)
    individually and on behalf of others
12  similarly situated,                   **[PROPOSED] ORDER GRANTING
                                          PRELIMINARILY APPROVAL TO CLASS
13                  Plaintiff,            ACTION SETTLEMENT;
                                          PROVISIONALLY CERTIFYING
14        vs.                             SETTLEMENT CLASS; AND
                                          APPROVING FORMS OF NOTICE AND
15  VISA INC.,                            NOTICE PLAN**
16
                    Defendant.
17
18
19
20        The parties have reached a proposed Settlement Agreement ("Agreement")

21  which has been submitted for the preliminary consideration of this Court, together

22  with Plaintiffs' request for provisional certification of the Settlement Class defined

23  in the Agreement (the "Class"), and a proposed plan for dissemination of notice to

24  the Class regarding the litigation, the Agreement, and related procedures.

25        The Court has considered the submissions by and presentations of counsel

26  regarding the Agreement in light of the requirements of the Federal Rules of Civil

27  Procedure and relevant federal precedent, and finds that the Agreement meets the

28

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)                      WEST\223545607.1

1   criteria for preliminary approval.  Specifically, the Court finds the Agreement was

2   reached after appropriate discovery and settlement negotiations; is the result of

3   intensive, arm's-length negotiations between experienced attorneys familiar with

4   the legal and factual issues of this case; that all Class members are treated fairly

5   under the Agreement and that the provisions in the Agreement regarding payment

6   of Class counsel's attorneys' fees and costs appear reasonable under the

7   circumstances.  The Court further finds upon preliminary evaluation that the

8   Agreement substantially fulfills the purposes and objectives of this consumer class

9   action, and provides substantial relief to the Class, without the cost, risk or delays

10  of further litigation at the trial and appellate levels.

11          As provided under the terms of the Agreement, Defendant Visa Inc. ("Visa")

12  will pay a total Settlement Amount of $18 Million Dollars into a common fund.

13  Class Counsel's request for attorney fees, which will not exceed 25% of the

14  common fund, any enhancement award to the Class Representative, not to exceed

15  $18,000, and all expenses incurred in administering the terms of the Agreement,

16  such as providing notice to the Class of the pendency of the settlement, the

17  acceptance of claims on behalf of the Class and the payment of settlement funds, as

18  well as all other aspects of the claims administration process, will come out of the

19  fund.  The Class Representative and Visa regard the Agreement to be in their best

20  interest and consent to entry of this Order.

21          The Court further finds that class certification for settlement purposes is

22  appropriate here.  Plaintiffs satisfy all of the criteria for class certification of a

23  settlement class set forth in Federal Rule of Civil Procedure 23(b)(3), and under the

24  United States Supreme Court's decision in *Amchem Products, Inc. v. Windsor*, 521

25  U.S. 591 (1997).  Specifically, the Court finds that the Class members are readily

26  ascertainable by objective criteria, and that they share a well-defined community of

27  interest in the questions of law and fact at issue in this litigation.  The numerosity

28  requirement is met because the Class comprises tens of thousands of persons

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)

- 2 -

WEST\223545607.1

1   throughout California, Florida, Maryland, Nevada, New Hampshire, and
2   Washington and it is wholly impracticable, if not impossible, to join the individual
3   members of the Class.  The commonality requirement is also met; in the absence of
4   class certification and settlement, each individual plaintiff Class member would be
5   forced to litigate core common issues of law and fact, all relating to the same cause
6   of action and alleged common course of conduct by Visa toward the members of
7   the Class.  Because the Class Representative's and Class members' claims all arise
8   from the same alleged events and course of conduct, and are based on the same
9   asserted legal theories, the typicality requirement is satisfied.  The adequacy of
10  representation requirement is met here because the Class Representative has the
11  same interests as all members of the Class, and is represented by experienced and
12  competent counsel.

13       The Court further finds that common questions predominate as to the alleged
14  liability of Visa.  The Court finds that class treatment is superior to other means of
15  resolving the instant dispute, because employing the class device here will not only
16  achieve economies of scale for Settlement Class members with relatively small
17  individual claims, but will also conserve the resources of the judicial system and
18  preserve public confidence in the integrity of the system by avoiding the waste and
19  delay of repetitive proceedings, and prevent the inconsistent adjudications of
20  similar issues and claims.

21       Finally, the Court finds that the notice plan, as agreed to by the parties, meets
22  the requirements of due process, California law, and other applicable precedent.
23  The Court finds that the proposed notice program is designed to provide the Class
24  with the best notice practicable, under the circumstances of this action, of the
25  pendency of this litigation and of the proposed Settlement's terms, conditions, and
26  procedures, and shall constitute due and sufficient notice to all persons entitled
27  thereto under California law, the United States Constitution, and any other
28  applicable law.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)        - 3 -

WEST\223545607.1

1    IT IS THEREFORE ORDERED that:

2        The Court for purposes of this Order, adopts the definitions set forth in

3    paragraphs 2.1 through 2.29 of the Agreement.

4        1.    Preliminary Settlement Approval

5        The proposed Settlement Agreement between the Plaintiff Class and Visa

6    appears to be within the range of reasonableness, is hereby granted preliminary

7    approval, and accordingly shall be submitted to the Class members for their

8    consideration and for a final fairness hearing.

9        2.    Provisional Class Certification

10       For purposes of settlement only, the Court provisionally designates as

11   Settlement Class Representative the named Plaintiff, Francisco Marenco.  The

12   Court also provisionally designates the law firms of Spiro Moss LLP and the Law

13   Offices of Sahag Majarian II as Class Counsel.  The Court also hereby

14   provisionally certifies the following Settlement Class:

15
              All Persons – excluding Defendant, its parent,
16            subsidiaries and affiliates, and any officers and directors
              thereof, as well as any judge presiding over this action,
17            the judge's spouse and immediate family – who called
              any Affected Phone Line [listed on Exhibit A-1 to the
18            Settlement Agreement] prior to October 1, 2010 and
              spoke with a live person, and who at the time of the call
19            were located in or resided in California, Florida,
              Maryland, Nevada, New Hampshire, or Washington.
20

21       The Settlement Class definition may be amended to promote the Agreement

22   and to conform to the Agreement prior to entry of a final settlement approval Order.

23       The Court recognizes that certification under this Order is for settlement

24   purposes only, and shall not constitute or be construed as an admission on the part

25   of Visa that this action is appropriate for class treatment for litigation purposes.

26   Entry of this Order is without prejudice to the rights of Visa to oppose class

27   certification of a Plaintiff Class in this action, and/or to seek decertification or

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)          - 4 -

WEST\223545607.1

1    modification of the Class, should the Agreement not gain final approval.  Should

2    the Agreement not receive the Court's final approval, should final approval be

3    reversed on appeal, or should the Agreement for any reason otherwise fail to

4    become effective, the Court's grant of provisional class certification to the multi-

5    state Class shall be vacated, and Plaintiff would once again bear the burden of

6    establishing the propriety of class certification of a Class.

7           3.    Notice and Notice-Related Dates and Deadlines

8           The Settlement Class will be notified of the Agreement in accordance with

9    the parties' proposed Notice Plan in Section 8 of the Settlement Agreement.  The

10   Court appoints Garden City Group as the Settlement Administrator to provide

11   notice to the Class.

12          No later than 21 days after the date of this Preliminary Order, the Settlement

13   Administrator shall post a website, as set forth in the Notice Plan.

14          No later than 28 days after the date of this Preliminary Order, the Settlement

15   Administrator shall mail to each person in the Notice List by the a long form of

16   Notice ("Long Notice") substantially in the form attached to the Settlement

17   Agreement as Exhibit E.

18          No later than 45 days after the date of this Preliminary Order, the Settlement

19   Administrator shall publish in the manner set forth in the Notice Plan, a form of

20   summary notice of the proposed settlement ("Summary Notice"), substantially in

21   the form attached to the Settlement Agreement as Exhibit H.

22          Dissemination of notice in the manner required by Sections 8 and 9.9 of the

23   Settlement Agreement constitutes the best notice practicable under the

24   circumstances to potential members of the Settlement Class and complies fully with

25   California law, the United States Constitution, and any other applicable law.

26          All Claim Forms and Exclusion Forms must be submitted to the Settlement

27   Administrator no later than 91 days after the date of the Preliminary Order (i.e.,

28   nine weeks, or 63 days, after mailing of the Long Notice), either by mail, email or

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)          - 5 -

WEST\223545607.1

1    by facsimile transmission.

2         The parties' proposed class notice identifies the options available to the class

3    members – (1) claim your share of money under the settlement, (2) object to the

4    settlement, (3) do nothing or (4) exclude yourself from the settlement – and informs

5    them of the steps they must take do each.  The proposed notice also informs class

6    members of the date of the final approval hearing and instructs them on their right

7    to attend.  The notice also informs class members that Class Counsel will move the

8    Court for an award of attorneys' fees and an enhancement award for the Class

9    Representative.

10        The Short Notice, the Long Notice, and the Claim and Exclusion Forms (in

11   the form attached to the Settlement Agreement as Exhibits E, F, G, and H) are

12   sufficiently clear and detailed and are hereby approved by the Court.  They shall be

13   disseminated to Class Members in substantially the form of those exhibits.

14        4.    Final Approval

15        A hearing shall be held before this Court on _____, 2011 (a date that is

16   at least 126 days, or 18 weeks, after the date of the Preliminary Order), to

17   determine:  (1) whether the settlement of the Action should be approved as fair,

18   reasonable and adequate; (2) whether a Final Judgment as provided in Section 10 of

19   the Agreement should be entered; (3) whether a final order certifying the Class

20   should be approved; and (4) whether the application of Class Counsel for an award

21   of attorneys' fees, costs, and expenses should be approved.

22        Any member of the Class who objects to the approval of the Agreement, to

23   entry of final judgment, or to the award of attorney's fees and costs, and who

24   properly files the appropriate documentation of such objection (see below), may

25   appear at the hearing and show cause why the Agreement should not be approved

26   as fair, adequate and reasonable.  The Long Notice shall provide that Class

27   Members may, no later than the date that is 21 days prior to the hearing, promptly

28   file such written comments or objections with the Court and serve copies on all

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)          - 6 -

WEST\223545607.1

1  parties.

2  As provided in the Long Notice, any such objection should include: (1) the

3  name of this Litigation (Marenco v. Visa Inc., Case No. CV10-8022 DMG (VBK)),

4  (2) the Settlement Class member's name; (3) the Settlement Class member's

5  address; (4) the Settlement Class member's telephone number; and (5) a statement

6  that such Settlement Class member has called a customer service telephone number

7  for an ADP total Pay Card account and spoke to a customer service representative

8  prior to October 1, 2010.

9          5.      Attorney Fees and Enhancement Awards

10  Class Counsel shall submit any applications they may wish to make for

11  attorneys' fees, costs, and expenses and enhancement fees to the Court at least 35

12  days before the date of the Settlement Hearing.  The motion and all supporting

13  papers shall be posted on the website set up by the Settlement Administrator.

14          6.      Further Matters

15          (1)      This Order stays all discovery and other proceedings in the

16  Action with respect to the claims and defenses of the parties to the Agreement until

17  further order of the Court, except as may be necessary to implement the settlement

18  of the Action or comply with the terms of the Agreement.

19          (2)      The Final Judgment will permanently bar and enjoin all

20  Releasors from commencing or prosecuting any direct or representative action, or

21  any action in any other capacity, asserting or relating to any of the Released Claims.

22          (3)      Neither this Order nor the Agreement nor any of its terms,

23  provisions, nor any of the negotiations or proceedings connected with it, shall be

24  construed as an admission or concession by Defendant, or a finding by the Court of

25  the truth of any of the allegations in the Complaint, or of any liability, fault or

26  wrongdoing of any kind.

27          (4)      The Court may, for good cause, extend any of the deadlines set

28  forth in this Order without further notice to the Settlement Class.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)       - 7 -

WEST\223545607.1

1           (5)    Class counsel are authorized to respond to inquiries from Class

2  members concerning the proposed Settlement Agreement, this Order and its status,

3  and communicate with Class members concerning the form of execution of any

4  related documents.

5           (6)    Class members shall be bound by all determinations and

6  judgments in the litigation concerning the proposed Settlement Agreement, whether

7  favorable or unfavorable.

8           (7)    Any member of the Class may enter an appearance in the

9  litigation, at his or her own expense, individually or through counsel of his or her

10  own choice.  If Class members do not enter an appearance, they will continue to be

11  represented by Class counsel.

12        Pending final determination of whether the Agreement should be approved,

13  no Class member either directly, derivatively, in a representative capacity, or in any

14  other capacity, shall commence, maintain or prosecute against Visa, any action or

15  proceeding in any court or tribunal asserting any of the settled claims, including

16  unknown claims.

17        Pending final determination of whether the Agreement should be approved,

18  all discovery and all proceedings in the litigation with respect to Visa are stayed,

19  except for proceedings relating to the Agreement.

20        The Court reserves the right to adjourn the date of the final approval hearing

21  and any adjournment thereof without further notice to the members of the Class and

22  retains jurisdiction to consider all further applications arising out of, or connected

23  with, the Agreement.

24  ///

25  ///

26  ///

27  ///

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING     - 8 -
SETTLEMENT - Case No. CV10-8022 DMG (VBK)

1        If the Agreement is disapproved or terminated, all interested persons and

2    parties to the litigation shall be restored to their respective positions existing as of

3    April 2, 2011, preserving all of their respective claims and defenses.

4

5        IT IS SO ORDERED, this ___ day of _____, 2011.

6

7

8    _____

9    THE HONORABLE DOLLY M. GEE
     UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT - Case No. CV10-8022 DMG (VBK)

- 9 -

WEST\223545607.1

# EXHIBIT D

**EXHIBIT D**

**ESCROW AGREEMENT**

This Escrow Agreement (the "Escrow Agreement") is entered into and shall be effective as of _____ ___, ____, by and among (1) Visa Inc., though its undersigned counsel; (2) the undersigned Class Counsel, on behalf of the named and class Plaintiffs in *Marenco et al. v. Visa Inc.*, Case No. CV10-8022 DMG (VBK) ("Plaintiffs"), pending before the Hon. Dolly M. Gee, in the United States District Court for the Central District of California ("the Court"); and (3) Wells Fargo Bank, National Association, Corporate Trust Division ("Wells Fargo" or "Escrow Agent") (collectively the "Parties").

**RECITALS**

WHEREAS, Visa and Plaintiffs entered into a Settlement Agreement dated May __, 2011, a copy of which is attached to this Escrow Agreement as Exhibit A (The "Settlement Agreement"), with respect to claims that are the subjects of the Action; and

WHEREAS, the Settlement Agreement contemplates the establishment of an "Escrow Account" intended to qualify as a "qualified settlement fund" within the meaning of Section 1.468-B-1, et seq., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code (the "Treasury Regulations"); and

WHEREAS, the Escrow Account will be administered under the continuing supervision of the Court, which will provide reasonable assurance that the Escrow Account will be in a financial position to make payments in strict compliance with the terms of the Settlement Agreement; and

WHEREAS, Plaintiffs now desire to arrange for such escrow and appoint Wells Fargo as escrow agent in accordance with the terms hereof, and Wells Fargo desires to act as escrow agent in accordance with the terms hereof; and

WHEREAS, defined terms used in this Escrow Agreement, which are not otherwise defined herein, shall have the respective meanings assigned to them in the Settlement Agreement.

**AGREEMENT**

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1.      **Interpretation.**  This Escrow Agreement is being executed and delivered pursuant to the Settlement Agreement, and constitutes the mutual escrow instructions referred to therein. The terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Escrow Agreement.

2.      **Purposes of Escrow**.  The purpose of this Escrow Agreement shall be to facilitate the performance of the deposit and payment obligations and related obligations set forth in the Settlement Agreement.  Escrow Agent shall not have any duties or obligations directly under the Settlement Agreement, but instead its sole duties shall be to comply with this Escrow Agreement and any instructions given pursuant to this Escrow Agreement.  In no event shall Visa have any obligation, responsibility, or liability arising from or relating to the administration, maintenance, investment, distribution, or disposition of the Escrow Account or their payments to the Escrow Account.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 28 -

CLASS ACTION SETTLEMENT AGREEMENT

3.    **The Escrow Agent.**

(a)    Appointment.  Wells Fargo is hereby appointed to act as Escrow Agent in accordance with the terms hereof, and Wells Fargo hereby accepts such appointment.  The Escrow Agent shall have all the rights, powers, duties, and obligations provided herein.

(b)    Qualifications.  Escrow Agent shall at all times be a bank, savings and loan association, and/or trust company in good standing, organized and doing business under the laws of the United States or a State of the United States, having its principal executive offices in the United States, and having assets of not less than Ten Billion Dollars ($10,000,000,000), and shall be authorized under such laws and the laws of the State of California to enter into and perform this Escrow Agreement.  If Escrow Agent at any time ceases to have the foregoing qualifications, Escrow Agent shall give notice of resignation to the other Parties and a qualified successor escrow agent shall be appointed in accordance with Section 13 of this Escrow Agreement.

(c)    Fees.  Escrow Agent will be entitled to compensation pursuant to the schedule of fees attached as Exhibit B, and to prompt reimbursement of reasonable administration fees, costs, and expenses, including reasonable attorneys' fees suffered or incurred by Escrow Agent in connection with the performance of its duties and obligations hereunder, including without limitation, accountancy and tax return preparation fees incurred in connection with the performance of the duties set forth in Sections 7(b), (c), and (d) hereof and all actions necessary or advisable with respect thereto.  Exhibit B includes a good faith estimate of such fees although the actual fees may vary therefrom.  All such fees and expenses will be paid from the Escrow Account (as defined in Section 4 herein) pursuant to the instructions set forth in Section 6(b) below.

(d)    Indemnification.  Plaintiffs jointly and severally agree to indemnify and hold Escrow Agent, its officers, directors, employees, and agents (collectively, "Indemnified Parties") harmless from all losses, costs, damages, expenses, liabilities, judgments and reasonable attorneys' fees suffered or incurred by the Indemnified Parties or any of them arising out of or in connection with this Escrow Agreement, except that this indemnity obligation shall not apply in the event of the negligence or willful misconduct of the Indemnified Parties, or any of them; provided, however, that such obligations shall survive the termination of this Escrow Agreement. In no event shall Escrow Agent be liable for incidental, indirect, special, consequential or punitive damages (including, but not limited to lost profits), even if the Escrow Agent has been advised of the likelihood of such loss or damage and regardless of the form of action.

(e)    Escrow Agent to Follow Joint Instructions of Parties.  Any instructions to the Escrow Agent contained herein may be modified by a written instrument signed by the Parties.

4.    **The Escrow Account.**  Escrow Agent shall open a separate escrow account (the "Escrow Account") for the purposes described in Section 2 above, and Escrow Agent shall provide the account name and number of the Escrow Account to the other Parties.

5.    **Deliveries to Escrow.**  Subject to the terms of the Settlement Agreement, Visa will deposit $18,000,000 U.S. Dollars into the Escrow Account at the time and in the manner provided in the Settlement Agreement.  The amount of all deposits into the Escrow Account, and the interest, net realized gains and other earnings accrued on such deposits, are collectively referred to herein as the "Escrowed Funds."

6.    **Distribution of Escrowed Funds**.  The Parties acknowledge that the Escrowed Funds are to be distributed in the manner, at the times, and for the purposes described in the Settlement Agreement.

Farella Braun & Martel LLP
335 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 29 -

CLASS ACTION SETTLEMENT AGREEMENT

(a)   <u>Distributions for Taxes.</u>  Distributions to pay taxes on Escrowed Funds shall be made by the Escrow Agent without further instruction from the other Parties or order of the Court.

(b)   <u>Distributions for Escrow Expenses Administration Costs.</u>  The distributions to pay the Escrow Agent for its fees, costs, and other administrative expenses, as set forth in Exhibit B attached hereto, shall be made by the Escrow Agent without further instruction from the other Parties, or order of the Court, except that any legal fees or extraordinary costs for which Escrow Agent seeks reimbursement shall be submitted to the other Parties for approval by the Court before payment for such legal fees or extraordinary costs is made to Escrow Agent.

(c)   <u>Procedure for All Other Distributions.</u>  The distribution to pay any other Escrowed Funds under the terms of the Settlement Agreement shall be made by the Escrow Agent after receipt of written notice signed by the authorized persons on behalf of the Parties (the "Distribution Notice").  The names of the Authorized Person(s), together with their specimen signatures, are set forth on <u>Exhibit C</u> hereto.  The Distribution Notice shall:  (i) specify the amount of the proposed distribution; (ii) identify the person(s) and entity(ies) to whom or to which such distributions are to be made and their corresponding wire instructions; (iii) specify the paragraph(s) of the Settlement Agreement that provide for such distribution; and (iv) include a W-9 or other appropriate tax form for any payment recipients.  The Plaintiffs shall also submit to the Escrow Agent, along with the Distribution Notice, an order from the Court confirming the authority to make such distribution from the Escrowed Funds.

(d)   <u>Reliance on Court Orders.</u>  The Escrow Agent shall be entitled at all times to conclusively rely on instructions and orders from the Court as to any distribution of Escrowed Funds; provided, however, that any such distribution order shall specify:  (i) the amount of the proposed distribution; (ii) the person(s) and entity(ies) to whom or to which such distributions are to be made; and (iii) the paragraph(s) of the Settlement Agreement that provide for such distribution.

## 7.   <u>Investment of the Escrowed Funds/Qualified Settlement Fund.</u>

(a)   <u>Investment of Funds.</u>  The Escrow Agent shall invest and reinvest from time to time the Escrowed Funds only in:  (i) any obligations of, or any obligation guaranteed as to principal and interest by, the United States or any agency or instrumentality thereof (provided that the full faith and credit of the United States supports the obligation or guarantee of such agency or instrumentality); or (ii) the Wells Fargo Advantage Funds Government Money Market Fund or any other money market fund that invests solely in such obligations of the types described in clause (i) on which Visa and Plaintiffs may agree and specifically identify in writing to the Escrow Agent.  To the extent the Escrow Agent invests any funds in the manner provided for in this Section 7(a), no Party hereto shall be liable for any loss which may be incurred by reason of any such investment.  All interest, including dividends and other distributions and payments in connection with the investment of the Escrowed Funds, shall accrue to the benefit of the Escrow Account.

(b)   <u>Qualified Settlement Fund.</u>  The Escrow Agent acknowledges that the Parties are treating the Escrowed Funds as a "qualified settlement fund" within the meaning of Treas. Reg. Section 1.468B-1 et seq. (the "Treasury Regulations").  The Escrow Agent shall timely make such elections as are necessary or advisable to treat the Escrowed Funds as such, including the "relation-back election" (as defined in Treas. Reg. Section 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in the Treasury Regulations.  The Escrow Agent shall timely and properly prepare and deliver the necessary documentation for signature by all necessary Parties and other necessary persons and entities, and thereafter cause the appropriate filings to occur.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4

- 30 -

CLASS ACTION SETTLEMENT AGREEMENT

(c)    **Filings**.  For purposes of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), and the regulations promulgated thereunder, the Escrow Agent shall be the "administrator."  The Escrow Agent shall timely and properly file all information and other tax returns necessary or advisable with respect to the Escrowed Funds (including without limitation the returns described in Treas. Reg. Section 1.468B-2(k)(1)).  Such returns (as well as the election described in Section 7(b) above) shall be consistent with Section 7(b) above and in all events shall reflect that all taxes on the income earned with respect to the Escrowed Funds shall be paid out of the Escrowed Funds as provided in Section 7(d) below.

(d)    **Payment of Taxes; Withholding**.  All taxes shall be paid out of the Escrowed Funds.  Neither Visa nor any other Released Person or their respective counsel, shall have any liability or responsibility for any taxes.  Such taxes shall be treated as, and considered to be, a cost of the administration of the Escrowed Funds and shall be timely paid by the Escrow Agent out of the Escrowed Funds without any prior approval or written instructions from the other Parties or any other person or entity, or order of the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes (as well as any amounts that may be required to be held under Treas. Reg. Section 1.468B-2(1)(2)).  Visa shall have no liability therefor.

8.    **Reporting to Parties**.  Notice of all interest, including dividends and other distributions and payments, in connection with the investment of the Escrowed Funds, as well as notice of all distributions of Escrowed Funds, shall be provided to the Parties not less than monthly, which notice may be provided in monthly statements for the Escrow Account provided to the Parties.

9.    **Termination**.

(a)    **Termination Upon Distribution of Escrowed Funds**.  This Escrow Agreement and the Escrow Account shall automatically terminate when all Escrowed Funds have been distributed in accordance with the terms of the Settlement Agreement (the "Termination Date").

(b)    **Termination if Settlement Agreement Terminated**.  In the event of a termination of the Settlement Agreement, Visa shall give notice to the Plaintiffs and the Escrow Agent, whereupon all sums that Visa paid that are in the Escrow Account, plus any accrued interest less taxes actually paid and administrative costs with respect to those sums, shall be immediately paid to an account designated by Visa.

10.    **Limitations on Liability of Escrow Agent**.

(a)    **Limitation**.  Escrow Agent shall not be liable for any action taken or omitted by it in connection with the performance of its duties and obligations hereunder, except for the negligence or willful misconduct of Indemnified Parties in performing their obligations hereunder.  Escrow Agent shall be under no obligation to institute or defend any action, suit, or legal proceeding in connection with the Escrow Account or this Escrow Agreement unless it is indemnified to its satisfaction by the Party or Parties who desire that it undertake such action.

(b)    **Validity of Instructions, Etc**.  Escrow Agent shall not be liable for the sufficiency, correctness, or genuineness as to form, manner of execution, or validity of any instrument deposited, or instruction given, nor as to the identity, authority, or rights of any person executing the same, except as above provided.

(c)    **Conflicting Demands**.  Should Escrow Agent during the term of this Escrow Agreement receive or become aware of any conflicting demands or claims with respect to

the Escrowed Funds or any part thereof, or the rights or obligations of any of the Parties hereto, or any money deposited herein or affected hereby, Escrow Agent shall have the right to: (i) discontinue all further acts on its part until such conflict is resolved to its and the Parties' satisfaction and/or (ii) make application to the Court for instructions as to how to proceed. The Escrow Agent undertakes to perform only such duties as are expressly set forth herein and no duties shall be implied.

11.   **Release of Escrow Agent.**  The retention and distribution of the Escrowed Funds in accordance with the terms and provisions of this Escrow Agreement shall fully and completely release Escrow Agent from any further obligations or liabilities assumed under this Escrow Agreement with respect to the Escrowed Funds.

12.   **Resignation and Removal of Escrow Agent.**  Escrow Agent or any successor may resign and be discharged of its duties and obligations hereunder (other than the obligations of Escrow Agent arising before the resignation date and not discharged as of that date) by delivering written notice to the other Parties specifying the effective date of such resignation, which date shall not be earlier than thirty (30) days following the receipt by the other Parties of the notice of resignation. Such resignation shall take effect on the date specified in the notice of resignation, unless a successor escrow agent has been appointed in accordance with the provisions of Section 13 and has accepted such appointment on an earlier date, in which case such resignation shall take effect immediately upon receipt by such successor escrow agent of the Escrowed Funds. Escrow Agent may be removed by the action of the other Parties, with or without cause, at any time upon thirty (30) days' prior written notice to Escrow Agent, which notice may be waived by Escrow Agent.

Notwithstanding any resignation or removal of Escrow Agent pursuant to this Section 12, Escrow Agent shall continue to serve in its capacity as escrow agent until: (i) a successor escrow agent is appointed in accordance with the provisions of Section 13 and has accepted such appointment; and (ii) the Escrowed Funds have been transferred to and received by such successor escrow agent along with the records pertaining to the Escrow Account. The Parties shall promptly take the necessary action to appoint a successor escrow agent in accordance with he provisions of Section 13.

13.   **Appointment Of Successor Escrow Agent.**  If at any time Escrow Agent shall resign, be removed, or otherwise become incapable of acting as escrow agent pursuant to this Escrow Agreement, or if at any time a vacancy shall occur in the office of Escrow Agent for any other cause, a successor escrow agent shall be appointed by the other Parties by a written instrument delivered to the successor escrow agent. If no successor escrow agent has been appointed at the effective date of resignation or removal of Escrow Agent or within thirty (30) days after the time Escrow Agent became incapable of acting as Escrow Agent or a vacancy occurred in the office of Escrow Agent, any Party hereto may petition the Court for an appointment of a successor escrow agent, and Escrow Agent shall have the right to refuse to make any payments from Escrowed Funds until a successor escrow agent is appointed and has accepted such appointment. Upon the appointment and acceptance of any successor escrow agent hereunder, Escrow Agent shall transfer the Escrowed Funds to its successor. Upon receipt by the successor escrow agent of the Escrowed Funds, Escrow Agent shall be discharged from any continuing duties or obligations under this Escrow Agreement, but such discharge shall not relieve Escrow Agent from any powers, duties, and obligations of Escrow Agent under this Escrow Agreement.

14.   **Miscellaneous.**

(a)   Notices.  Any notice or other communication hereunder must be given in writing and shall both be communicated by email and either: (i) delivered in person; (ii) transmitted by telefax or other telecommunications mechanism, provided that any notice so

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                                - 32 -

CLASS ACTION SETTLEMENT AGREEMENT

1  given is also mailed as provided in clause (iii); (iii) mailed by registered, express, or certified
mail, postage prepaid, return receipt requested; or (iv) delivered by a generally recognized courier
2  or messenger service that provides written acknowledgement of receipt by addressee, postage
prepaid as follows:

3

4          Visa:                    General Counsel
Visa Inc.
P.O. Box 8999
5                                   San Francisco, CA  94128-8999
Telephone:  (415) 932-2100
6                                   Facsimile:  (415) 932-2531

7                                   Kathryn Taylor
Visa Inc.
8                                   P.O. Box 194607
San Francisco, CA  94119-4607
9                                   Telephone:  (415) 932-2251
Facsimile:  (650) 554-3938
10                                  E-Mail:  ktaylor@visa.com

11                                  Robert C. Holtzapple
Thomas B. Mayhew
12                                  Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
13                                  San Francisco, CA  94104
Telephone:  (415) 954-4400
14                                  Facsimile:   (415) 954-4480
Email:  rholtzapple@fbm.com
15                                  Email:  tmayhew@fbm.com

16                                  Perrie Weiner
Edward Totino
17                                  DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
18                                  Los Angeles, CA 90067-6023
Telephone:  (310) 595-3000
19                                  Facsimile:   (310) 595-3300
Email:  Perrie.Weiner@dlapiper.com
20                                  Email:  Edward.Totino@dlapiper.com

21
Plaintiffs:               Gregory N. Karasik
22                                  Spiro Moss LLP
11377 West Olympic Blvd., 5th Floor
23                                  Los Angeles, CA  90064-1683
Telephone:  (310) 235-2468
24                                  Facsimile:  (310) 235-2456
Email:  greg@spiromoss.com
25
Sahag Marjarian II
26                                  Law Offices of Sahag Majarian II
18250 Ventura Blvd.
27                                  Tarzana, CA 91356
Telephone:  (818) 609-0807
28                                  Facsimile:  (818) 609-0892

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

WEST\223545440.4                              - 33 -
CLASS ACTION SETTLEMENT AGREEMENT

Email: sahagii@aol.com

Escrow Agent:     Wells Fargo Bank, National Association
                  Attention: Mr. David Bergstrom
                  625 Marquette Ave.; N9311-110
                  Minneapolis, MN 55479
                  Telephone: (612) 667-7390
                  Facsimile: (612) 667-9825
                  Email: david.bergstrom@wellsfargo.com

or to such other address or to such other person as any Party shall have last designated by notice to the other Parties. Each such notice or other communication shall be deemed received hereunder: (1) if given by telecommunication, when transmitted to the applicable number as specified in (or pursuant to) this Section 14(a); (2) if given by mail or courier service, three business days after such communication is dispatched, addressed as aforesaid; or (3) if given by any other means, when actually received at such address.

(b)     Assignment; Parties in Interest.  This Escrow Agreement is binding upon and will inure to the benefit of the Parties hereto and their respective successors and permitted assigns, but will not be assignable, by operation of law or otherwise, by any Party hereto without the prior written consent of the other Parties.  Nothing in this Escrow Agreement is intended to create any legally enforceable rights in any other non-Party person or entity, or to make any non-Party person or entity, including but not limited to any proposed or potential non-Party recipient of funds from the Escrow Account or under the Settlement Agreement, a beneficiary of this Escrow Agreement.

(c)     Further Assurances.  Each Party will from time to time execute and deliver such additional certificates, agreements, and other documents and take such other actions as are commercially reasonable and necessary to render effective the transactions contemplated hereby.

(d)     Sections and Other Headings.  Sections or other headings contained in this Escrow Agreement are for reference purposes only and will not affect in any way the meaning or interpretation of this Escrow Agreement.

(e)     Integrated Agreement.  This Escrow Agreement and the exhibits hereto constitute the entire agreement between the Parties hereto, and no agreement, understanding, restriction, warranty, or representation exists between the parties other than those set forth herein or provided for herein.  All exhibits, schedules, and appendices attached to this Escrow Agreement are incorporated herein.

(f)     Amendments; Waivers.  All Parties must approve any amendment to this Escrow Agreement.  Any waiver of any right or remedy provided for in this Escrow Agreement requires the consent of the Party waiving such right or remedy.  Every amendment or waiver of any provision of this Escrow Agreement must be made in writing and designated as an amendment or waiver, as appropriate.  No failure by any party to insist on the strict performance of any provision of this Escrow Agreement, or to exercise any right or remedy hereunder, will be deemed a waiver of such performance, right, or remedy, or of any other provision of this Escrow Agreement.  This Escrow Agreement shall not be modified or amended in any way that could jeopardize, impair, or modify the Escrow Account's qualified settlement fund status.

(g)     Counterparts.  This Escrow Agreement is being signed in several counterparts.  Each of them is an original, and all of them constitute one agreement.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4

- 34 -

CLASS ACTION SETTLEMENT AGREEMENT

      (h)   Severability. If any provision of this Escrow Agreement is judicially determined to be unenforceable for any reason, it will be adjusted rather than voided, if possible, to achieve the intent of the parties to the extent possible. In any event, all other provisions of this Escrow Agreement will be deemed valid and enforceable to the extent possible.

      (i)   Dispute/Forum/Choice of Law. The Parties acknowledge that the Court shall retain exclusive jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement and this Escrow Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Escrow Agreement or to the applicability of this Escrow Agreement. All applications to the Court with respect to any aspect of this Escrow Agreement shall be presented to and determined by Judge Dolly M. Gee or, if she is not available, any other Judge assigned by the Court. The Parties hereby submit to the jurisdiction of the Court for that purpose. This Escrow Agreement shall be governed by and interpreted according the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

      (j)   Specific Performance. The Parties agree that irreparable damage would occur if any provision of this Escrow Agreement is not performed in substantial accordance with the terms hereof and that the Parties will be entitled to a specific performance of the terms hereof in addition to any other remedy to which they are entitled at law or equity.

      15.   **Confidentiality.** All information disclosed by any Party (or its representatives), whether before or after the date hereof, in connection with the transactions contemplated by or the discussions and negotiations preceding this Escrow Agreement, to any other Party (or its representatives) will be kept confidential by such other Party and its representatives and will not be used by any such persons other than as contemplated by this Escrow Agreement, except to the extent that such information: (a) was known by the recipient when received; (b) is or hereafter becomes lawfully obtainable from other sources; (c) is necessary or appropriate to disclose to a governmental entity having jurisdiction over the Parties, or as may otherwise be required by applicable law or by the Court; or (d) to the extent such duty as to confidentiality is waived in writing by the other Party.

      **IN WITNESS WHEREOF,** each of the Parties has caused this Escrow Agreement to be executed on the day and year first above written.

**Visa:**        **VISA INC.**

By:_____
Name:
Title:        , Visa Inc.

**Plaintiffs:**      **SPIRO MOSS LLP**

By:_____
      Gregory N. Karasik
Title:   Class Counsel

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

WEST\223545440.4

- 35 -

CLASS ACTION SETTLEMENT AGREEMENT

1

**Escrow Agent:**          **WELLS FARGO BANK, NATIONAL ASSOCIATION**
                           625 Marquette Ave.; N9311-110
2                          Minneapolis, MN 55479
                           Telephone: (612) 667-7390
3

4                          By:_____
                           Name: David Bergstrom
5                          Title:   Assistant Vice President

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ESCROW AGREEMENT EXHIBIT A**

<u>Settlement Agreement</u>

A copy of the Settlement Agreement is attached hereto.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

## **Escrow Agreement Exhibit B**

A copy of the Schedule of Fees is attached hereto.

Wells Fargo Corporate Trust Services
Fee Schedule for Escrow Agent Services for
**Visa Qualified Settlement Fund**

Wells Fargo is a leading provider of quality, cost-efficient Corporate Trust Services. Our staff is qualified and proficient, drawing on years of experience in the field. Because we value your business, we are committed to bringing you personal and professional service.

| Acceptance Fee: | $2,500.00 |
|---|---|

Initial Fees as they relate to Wells Fargo Bank acting in the capacity of Escrow Agent – includes review of the Escrow Agreement; acceptance of the Escrow appointment; setting up of Escrow Account(s) and accounting records; and coordination of receipt of funds for deposit to the Escrow Account(s).

| Annual Administration Fee: | * Waived |
|---|---|

The Administration Fee includes providing routine and standard services of the Escrow Agent. The fee includes administering the escrow account, performing investment transactions, processing cash transactions, disbursing funds in accordance with the Agreement and providing trust account statements to applicable parties. The Administration Fee is payable annually in advance and is not pro-rated.

*All Annual Administration fees will be waived as long as the entire amount of the Settlement Proceeds is invested in Wells Fargo's IMMA product and remain in such investment for the duration of the transaction.  Furthermore, the balance of the Settlement Proceeds must be in excess of $5,000,000.  If either of the aforementioned conditions is not present, then Wells Fargo reserves the right to reprice our present fee structure.

***Wells Fargo's fee quote is based on the following assumptions:***

- **Appointment subject to receipt of requested due diligence information as per the USA Patriot Act**
- **All funds will be received from or distributed to a domestic or an approved foreign entity**
- **If the account(s) does not open within three (3) months of the date sown below, this proposal will be deemed to be null and void**

| Expenses: | |
|---|---|

All out-of-pocket expenses will be billed in addition to the above, such expenses could be, but not limited to, fees and expenses of our counsel and outside accounting firms.

Wells Fargo's acceptance of appointment is contingent upon final review and execution of governing documents.  Should this transaction fail to close as a result of forces outside the control of Wells Fargo Bank, we reserve the right to pursue the quoted fees in addition to any out-of-pocket fees and expenses.

Billings over 30 days past due are subject to a 1.5% per month late payment penalty of balance due.

**This Schedule of Fees is subject to periodic review and adjustment by Wells Fargo. Nothing contained herein shall be deemed to be Wells Fargo's acceptance of appointment as Escrow Agent, or such other related capacity, which is contingent upon final review, acceptance, and execution of governing documents.**

**\*\*\*IMPORTANT INFORMATION ABOUT OPENING A NEW ACCOUNT\*\*\***

*The USA Patriot Act of 2001 requires financial institutions to obtain, verify and record information to confirm the identity of the individual or entity that opens an account. What this means for you: before you open an account, we will ask for your name, address, date of birth (if you are an individual), and other information that will allow us to identify you. For entities opening new accounts, we will ask you for documentation that may include annual reports, certified articles of incorporation, government issued business licenses or partnership agreements.*

**Submitted on:  June 2, 2011**

**I, on behalf of the Company, am duly authorized to sign on behalf of and bind the Company and hereby confirm receipt and agreement with all of the terms and conditions of this Schedule of Fees.**

By:

Title:

Date

## Escrow Agreement Exhibit C

The following are the names of Authorized Persons and their specimen signatures:

_____
[Settlement Administrator]


_____
Gregory Karasik
Class Counsel


_____
Byron Pollitt
Chief Financial Officer
Visa Inc.

# EXHIBIT E

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Francisco Marenco vs. Visa Inc.*
United States District Court, Central District of California,
Case No. CV10-8022 DMG (VBK)

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE
CONTAINS IMPORTANT INFORMATION CONCERNING A PROPOSED
CLASS ACTION SETTLEMENT THAT AFFECTS THE RIGHTS OF PERSONS
WHO CALLED CERTAIN CUSTOMER SERVICE TELEPHONE NUMBERS IN
CONNECTION WITH CERTAIN PREPAID VISA DEBIT CARDS BEFORE
OCTOBER 1, 2010.**

The purpose of this Notice ("Notice") is to inform you of pending class action litigation, a proposed settlement in that litigation ("Settlement"), and of a hearing to be held by the Court in which you can comment on or object to the Settlement. This Notice describes subject matter of the litigation, the basic terms of the Settlement, any rights you may have in connection with the Settlement, the fairness hearing to be held by the Court, and what actions you may take if you are a member of the Class. A full version of the Settlement Agreement, and other information about the litigation, is available at the website following website: www.callrecordingsettlement.com (the "Website").

The factual statements in this Notice are based on information provided to the Court by the parties and are not findings of the Court on the merits of the claims or defenses asserted by any of the parties. This Notice is <u>only</u> intended to inform you of your rights under the terms of the Settlement.

TO RECEIVE A SHARE OF THE SETTLEMENT, YOU MUST FILL OUT AND RETURN A CLAIM FORM INCLUDED WITH THIS LETTER OR AVAILABLE ON THE WEBSITE. THE CLAIM FORM MUST BE POSTMARKED, EMAILED OR FAXED BY **[Date to be determined by Court in Preliminary Order]**. IF YOU DO NOT RETURN A CLAIM FORM BY THIS DEADLINE, YOU WILL NOT RECEIVE MONEY UNDER THE SETTLEMENT, BUT UNLESS YOU EXCLUDE YOURSELF FROM THE SETTLEMENT YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE OF CLAIMS.

## I. WHAT THIS NOTICE IS ABOUT

A class action lawsuit (the "Lawsuit") against Visa Inc. is currently pending in the U.S. District Court for the Central District of California before the Honorable Dolly M. Gee, U.S. District Court Judge. The plaintiff alleges that persons who called certain customer service telephone numbers and spoke to a customer service representative had their telephone conversations recorded without notice to or the consent of all parties, allegedly in violation of certain statutes in California, Florida, Maryland, New Hampshire, Nevada, and Washington.

The Lawsuit is brought on behalf of all persons who (i) called any Affected Phone Line prior to October 1, 2010 and spoke with a live person, and (ii) at the time of the call resided or were located in California, Florida, Maryland, Nevada, New Hampshire, or Washington.

The Affected Phone Lines are customer service phone numbers for some kinds of prepaid Visa debit cards.  Not every card with a Visa logo on it is a prepaid Visa debit card.  Credit cards and debit cards that are linked to a checking or savings account are not prepaid debit cards.  Also, not every prepaid Visa debit card used one of these phone numbers as a customer service line, so even if you have or had a prepaid Visa debit card, you are not necessarily a member of the class.

The Affected Phone Lines are:

| | | | | |
|---|---|---|---|---|
| (800) 504-5719 | (866) 309-4933 | (866) 543-9161 | (866) 798-2045 | (866) 906-4123 |
| (800) 504-5724 | (866) 309-4934 | (866) 543-9167 | (866) 798-2084 | (866) 906-4130 |
| (866) 209-4909 | (866) 309-4937 | (866) 594-6378 | (866) 798-2112 | (866) 906-4168 |
| (866) 210-3170 | (866) 317-9691 | (866) 594-6438 | (866) 798-2226 | (866) 906-4170 |
| (866) 213-3293 | (866) 317-9692 | (866) 599-5618 | (866) 798-2272 | (866) 909-9003 |
| (866) 236-7967 | (866) 317-9693 | (866) 602-8199 | (866) 798-2992 | (866) 910-4750 |
| (866) 236-7969 | (866) 335-9097 | (866) 620-1329 | (866) 798-3080 | (866) 913-0886 |
| (866) 262-7438 | (866) 360-2842 | (866) 620-1367 | (866) 798-3113 | (866) 928-9237 |
| (866) 262-7439 | (866) 360-2857 | (866) 620-1368 | (866) 809-2676 | (866) 928-9245 |
| (866) 262-9488 | (866) 360-2864 | (866) 673-6574 | (866) 809-2679 | (877) 237-4321 |
| (866) 262-9977 | (866) 361-3867 | (866) 692-9282 | (866) 839-7481 | (877) 703-5850 |
| (866) 270-9602 | (866) 416-5689 | (866) 707-4346 | (866) 839-7599 | (877) 876-4089 |
| (866) 270-9603 | (866) 436-1824 | (866) 708-9366 | (866) 840-2570 | (888) 294-2249 |
| (866) 271-2933 | (866) 436-1964 | (866) 763-3370 | (866) 840-2930 | (888) 373-2883 |
| (866) 271-3934 | (866) 436-1965 | (866) 763-3372 | (866) 840-3476 | (888) 373-2884 |
| (866) 271-7780 | (866) 436-1970 | (866) 767-0810 | (866) 840-3792 | (888) 373-5707 |
| (866) 272-2723 | (866) 446-6770 | (866) 791-0548 | (866) 853-0146 | (888) 373-5715 |
| (866) 272-4480 | (866) 446-6790 | (866) 791-6841 | (866) 853-8406 | (888) 373-5727 |
| (866) 287-2411 | (866) 446-6805 | (866) 791-6843 | (866) 884-6106 | (888) 373-5737 |
| (866) 304-1164 | (866) 446-6976 | (866) 791-7431 | (866) 887-1376 | (888) 373-5771 |
| (866) 304-1554 | (866) 466-2352 | (866) 791-8848 | (866) 887-9588 | (888) 373-5775 |
| (866) 304-1580 | (866) 466-2362 | (866) 791-9611 | (866) 902-1482 | (888) 373-5781 |
| (866) 304-1909 | (866) 543-9126 | (866) 791-9615 | (866) 902-4339 | (888) 373-5811 |
| (866) 304-8680 | (866) 543-9160 | (866) 791-9989 | (866) 902-7469 | (888) 654-5188 |
| (888) 738-1697 | | | | |

To determine whether you are a member of the class, look at the back of your prepaid Visa debit card to see if one of the numbers listed above is provided as the customer service phone number.  You are a member of the class only if you called one of the Affected Phone Lines listed above before October 1, 2010 and spoke with a live person, and at the time of the call you resided in or were located in California, Florida,

Maryland, Nevada, New Hampshire, or Washington. Visa's officers and directors, the judge, and the judge's spouse and immediate family are excluded from the class.

The parties have exchanged detailed information about the claims, defenses, and alleged damages. Specifically, Class Counsel made a thorough investigation of the facts and circumstances surrounding the allegations made in the complaint and engaged in extensive investigation of the claims underlying this Action, including propounding and receiving from Defendant responses to extensive questions regarding the subject matter of the Complaint. After lengthy settlement negotiations and two all-day mediation sessions overseen by independent and experienced mediators, the Settlement was reached. The Settlement Agreement is not an admission by the Defendant of any liability or wrongdoing.

On [INSERT DATE], the Court preliminarily approved the Settlement and provisionally certified a Settlement Class ("Class"). The Class consists of all persons who called any Affected Phone Line (the phone numbers listed above) prior to October 1, 2010 and spoke to a live person, and who at the time of the call resided in or were located in California, Florida, Maryland, Nevada, New Hampshire, or Washington. If you received this Notice in the mail, Visa's records suggest you may have a prepaid Visa debit card with an Affected Phone Line as the customer service phone number, and may be entitled to receive a share of the Settlement proceeds if you called that number and spoke with a live person.

## II. **TERMS OF THE SETTLEMENT**

Subject to the Court's approval, the terms of the Settlement are as follows:

**A.** **Total Payment to the Class.** Visa will pay total consideration in the sum of Eighteen Million Dollars ($18,000,000) which shall be placed into an interest bearing escrow account following preliminary approval of the Settlement (the "Gross Settlement Amount").

**B**. **Enhancement Fees, Attorneys' Fees and Litigation Costs.** From the Gross Settlement Amount, Class Representatives and Class Counsel will ask the Court to award a maximum of Eighteen Thousand Dollars ($18,000) to the Class Representative as compensation for being the plaintiff in the action and in settlement of his claims ("Enhancement Payment") and to award attorneys' fees for Class Counsel in an amount not to exceed Four Million Five Hundred Thousand Dollars ($4,500,000) plus expenses incurred by Class Counsel. These awards will be subject to Court approval.

In addition, all expenses incurred in administering the terms of the Settlement Agreement, such as providing notice to the Class of the pendency of the settlement, the acceptance of claims on behalf of the Class and the payment of settlement funds, as well as all other aspects of the claims administration process, shall be paid for from the Gross Settlement Amount.

**C.** **Distribution of Net Settlement Amount to Class.** The remainder of the Gross Settlement Amount following the payments described in paragraph B above (the "Net Settlement Amount") will be divided among those who file a claim and prove to the Settlement Administrator that they are in the Class. Callers from California will receive five times the amount that callers from Florida, Maryland, New Hampshire, Nevada, or Washington will receive, but with that exception everyone who shows that he or she is in the Class will receive the same amount, up to a maximum for California callers of $5,000 and a maximum for callers from the other five states of $1,000. The Settlement Administrator's decision about whether a person is in the Class, and what state he or she resided in or called from, will be binding, final, and non-appealable.

Any unclaimed or undistributed funds will be given to charities proposed by the parties and approved by the Court.

**YOU DO NOT NEED TO CALCULATE THE AMOUNT OWED TO YOU – THE SETTLEMENT ADMINISTRATOR WILL DO THAT. HOWEVER, TO RECEIVE YOUR PORTION OF THE SETTLEMENT AMOUNT, YOU MUST FILL OUT AND EMAIL, MAIL OR FAX A CLAIM FORM.**

## III.  YOUR RIGHTS AND OPTIONS

You have four options under the Settlement: (1) claim your share of money under the settlement; (2) object; (3) do nothing (*but recognize that doing nothing will result in the release of your right to bring certain claims against Visa and Related Persons*); or (4) exclude yourself from the Settlement.

**1.** **To Claim Money Under the Settlement.** If you wish to receive money under the Settlement, you must complete a Claim Form, without redaction, deletion or revision of any language on the form, attest to the accuracy of your information under penalty of perjury with your signature, and submit it by mail, email or fax to the address listed on the Claim Form.

**YOUR CLAIM FORM MUST BE POSTMARKED, EMAILED OR FAXED BY NO LATER THAN** DATE. If your Claim Form is not postmarked, emailed or faxed by that date, or is incomplete, you will not receive any proceeds from the settlement. If you lose, misplace, or require another Claim Form, you should immediately contact Class Counsel or go to www.callrecordingsettlement.com.

**2.** **To Object to the Settlement.** If you wish to object to the Settlement, then on or before DATE, you must file a written objection with the Court that clearly and concisely explains the legal and factual basis for your objection and serve copies of your objection on the following attorneys:

CLASS COUNSEL:

Gregory N. Karasik
greg@spiromoss.com
**Spiro Moss LLP**
11377 West Olympic Blvd., 5th Floor
Los Angeles, CA 90064-1683

Sahag Majarian
sahagii@aol.com
Law Offices of Sahag Majarian II
18250 Ventura Blvd.
Tarzana, CA 91356

COUNSEL FOR VISA:

Robert C, Holtzapple
rholtzapple@fbm.com
Thomas B. Mayhew
tmayhew@fbm.com
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Perrie M. Weiner
Perrie.weiner@dlapiper.com
Edward D. Totino
edward.totino@dlapiper.com
**DLA PIPER LLP (US)**
1999 Avenue of the Stars, 4th Floor
Los Angeles, CA 90067

Any objection should include: (1) the name of this Litigation (Francisco Marenco vs. Visa Inc., Case No. CV10-8022 DMG (VBK)); (2) the Class member's name; (3) the Class member's address; (4) the Class member's telephone number; and (5) a statement that the Class member called an Affected Phone Line and spoke with a live person prior to October 1, 2010.

All objections must be signed. If you file a written objection to the Settlement, you or your attorney may also appear in Court to argue your objection at the Final Approval Hearing. The address of the Court and the date, time, and place of the Final Approval Hearing are set forth in Section VI of this Notice.

If you do not object in the manner described above, you shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the definition of the class, the fairness or adequacy of the proposed Settlement, the scope of the release, the payment of Class Counsel's attorneys' fees and litigation expenses, the Enhancement Payment to the named plaintiff, and any other aspect of the Settlement.

If you intend to object to the Settlement but also wish to receive your share of the Settlement if it is approved by the Court, you must also submit a timely and valid Claim Form as explained above.

**3.** **If You Do Nothing.** If you do nothing, you will not receive any payment under the Settlement. However, you will still be bound by the terms of the Settlement, including the release of certain claims, as set forth in Section IV below.

    **4.**    **To Exclude Yourself from the Class and from the Settlement.** If you wish to exclude yourself ("opt out") from the Settlement, you must complete the Exclusion Form, without redaction, deletion or revision, and return it by mail, e-mail, or fax as directed at the bottom of this notice. The Exclusion Form is available at the following website: www.callrecordingsettlement.com. To be valid, the request for exclusion must be postmarked, e-mailed, or faxed no later than [DATE]. If you submit a request for exclusion after that date, your request for exclusion will not be valid and you will remain a member of the Class and be bound by the terms of the Settlement, including the release of claims set forth in Section IV below.

If you submit a timely and valid request for exclusion, you will no longer be a member of the Class and will receive no money under the Settlement, but you will retain whatever claims you may have against Visa Inc. and its Related Persons with regard to the Settled Claims.

DO NOT SUBMIT BOTH THE CLAIM FORM AND AN EXCLUSION FORM. IF YOU SUBMIT BOTH, THE EXCLUSION FORM WILL BE INVALID, AND YOU WILL BE INCLUDED IN THE CLASS, AT WHICH POINT YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT.

## IV.    **RELEASE OF CLAIMS**

IF YOU MAKE A CLAIM, **OR IF YOU DO NOTHING**, YOU WILL RELEASE KNOWN AND UNKNOWN CLAIMS AGAINST DEFENDANT AND ITS RELATED PARTIES AS EXPLAINED IN THIS SECTION.

If you do not exclude yourself from the Settlement, as described in Section III above, you shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against Visa and its Related Persons.

"Related Persons" means the Clients (which means persons with whom Visa has or had an agreement to provide call center services), the Issuers (which means issuing banks or financial institutions for any card that had an Affected Phone Line on the back of the card as the phone number to contact for customer service), and each of their or Defendant's past or present directors, officers, employees, partnerships and partners, principals, agents, controlling shareholders, any entity in which the Clients, the Issuers, or Defendant have a controlling interest, or which directly or indirectly has a controlling interest in the Clients, the Issuers or Defendant, the Clients', the Issuers' or Defendant's attorneys, accountants, auditors, advisors, vendors, experts, consultants, insurers, co-insurers and reinsurers, predecessors, successors, subsidiaries, divisions, assigns, joint ventures and joint venturers, related or affiliated entities, individuals or entities and all others acting in concert with Defendant, the Clients or the Issuers.

The Released Claims include any and all claims, actions, demands, rights, liabilities, suits, causes of action, claims for damages, claims for injunctive relief, and

- 6 -

claims for equitable relief, of every nature and description whatsoever, including Unknown Claims, as defined below, that were asserted or could or might have been asserted in any pleading or amended pleading by, or on behalf of the Class Representative or Class, or by any of the other Class Members against Defendant or its Related Persons, based upon, arising from, or related to the facts alleged in such pleadings, including, but not limited to (1) the recording or monitoring of any telephone calls by the Defendant or its Related Persons, or (2) the facts, transactions, events, occurrences, disclosures, statements, acts or omissions or failures to act which were or could have been alleged in the Lawsuit or any similar action based upon the same facts. Released Claims shall not include claims based on the monitoring or recording of a telephone call made by a Class Member while a Class Member was neither located in, nor residing in, California, Florida, Maryland, Nevada, New Hampshire or Washington at the time of such call.

The Class Representative and each Class Member may later discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims ("Unknown Claims"). Unknown Claims cover any Claims which the Class Representative or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims against the Released Persons, the Class Representative expressly waives and relinquishes, and the other Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, (a) the provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

and (b) any law of any state or territory of the United States, Federal law or principle of common law, or of international or foreign law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

## V.    CLASS COUNSEL RECOMMEND THE SETTLEMENT

Class Counsel believe that it is in the best interest of the Class Members that the Lawsuit be settled on the terms and conditions set forth in this Agreement. Class Counsel reached that conclusion after evaluating the factual and legal issues in the Lawsuit, the benefits that the Class Members will receive as a result of the Lawsuit, and the risks and uncertainties of continued litigation, the expense that would be necessary to prosecute the Lawsuit through trial and through any appeals that might be taken, and the likelihood of success at trial.

- 7 -

## VI.    <u>FINAL APPROVAL HEARING</u>

The Court will hold a hearing on [DATE] at \_\_\_ A.M. to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  At that hearing, the Court will also rule on Class Counsel's motion for attorneys' fees, litigation expenses, and Class Representative's enhancement award.  The Court is located at 312 N. Spring Street, Los Angeles, CA  90012.  The hearing may be continued without further notice to the class.  YOU ARE <u>NOT</u> REQUIRED TO ATTEND THE HEARING, BUT MAY DO SO IF YOU CHOOSE.

## VII.    <u>EXAMINATION OF PAPERS AND INQUIRIES</u>

This Notice contains only a summary of the terms of the proposed Settlement. You may view and download the Settlement Agreement and other documents at the website of the Settlement Administrator at www.callrecordingsettlement.com.  You may also review the pleadings, and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the U.S. District Court, Central District, Western Division, Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA  90012.

If you have additional questions about the Settlement, you may contact Class Counsel at the address and telephone numbers listed below.  PLEASE DO NOT TELEPHONE THE COURT, VISA, YOUR PREPAID VISA DEBIT CARD ISSUING BANK, OR DEFENSE COUNSEL ABOUT THIS NOTICE.

## VIII.  MAILING ADDRESS, EMAIL, AND FAX NUMBER FOR ALL FORMS & CONTACT INFORMATION FOR CLASS COUNSEL/ADMINISTRATOR

Please use the following email address, fax number or mailing address for submitting a Claim Form or Exclusion Form:

[Settlement Administrator Address]

You only need to submit your Claim Form or Exclusion Form once, by mail, by e-mail, OR by fax.

You may contact Class Counsel at the following addresses:

Gregory N. Karasik
greg@spiromoss.com
**Spiro Moss LLP**
11377 West Olympic Blvd., 5th Floor
Los Angeles, CA  90064-1683
(310) 235-2468

Sahag Majarian
sahagii@aol.com
**Law Offices of Sahag Majarian II**
18250 Ventura Blvd.

Tarzana, CA  91356
(818) 609-0807

**BY ORDER OF THE U.S. DISTRICT COURT**
**Honorable Dolly M. Gee, United States District Judge**

# EXHIBIT F

**CLAIM FORM**

*Francisco Marenco, individually and on behalf of other persons similarly situated, vs. Visa Inc.*

United States District Court for the Central District of California
Case No. CV 10-8022 DMG (VBKx)

To receive money under the Settlement, you must fill out this form, sign under penalty of
perjury, and then email, fax or mail it by [Date] to:

[insert Settlement Administrator Address, email and fax number]

**Please note:** If you provide incomplete, incorrect, or inaccurate information, your claim may be
denied. The information you provide above will be used for processing of your claim and will
not be used or released for any other purpose. Your Social Security Number or Taxpayer I.D.
Number is necessary for tax reporting purposes. If you redact, delete, or revise any of the
language on this form, your claim will not be considered.

**Personal Information**. Please provide the following information:

Name (first, middle and last): _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Social Security or Taxpayer I.D. Number: _____

**Read the following carefully, fill in the blanks, and if it is true, then sign under oath below:**

**I hereby declare under penalty of perjury under the laws of the United States, the State of
California, and the State of my residence, that I am a member of the settlement class
because I called one or more of the Affected Phone Lines listed in the class notice before
October 1, 2010 and spoke with a live person while I was residing in or located in
☐ California; ☐ Florida; ☐ Maryland; ☐ Nevada; ☐ New Hampshire; ☐ Washington
(check all that apply), and that the approximate date(s) of my call(s) were**

_____.

Signed: _____     Date:_____

EXHIBIT G

# EXCLUSION FORM

*Francisco Marenco, individually and on behalf of other persons similarly situated, vs. Visa Inc.*

United States District Court for the Central District of California
Case No. CV 10-8022 DMG (VBKx)

## IN ORDER FOR YOU TO BE EXCLUDED FROM THE CLASS
## AND FROM THE SETTLEMENT IN THE ABOVE-REFERENCED LAWSUIT,
## YOU MUST COMPLETE THIS FORM AND SUBMIT IT
## FOLLOWING THE PROCEDURES SET FORTH BELOW.

You are a member of the settlement class if you called one of the telephone numbers listed in the class notice before October 1, 2010 and spoke with a live person while you were located or residing in California, Florida, Maryland, Nevada, New Hampshire or Washington. If you wish to be excluded from the settlement class, meaning you will not be deemed a class member and your rights and remedies with respect to the claims and parties in this action will not be affected, and you will not receive a portion of the net settlement amount, please fill out this form completely, sign your name, and then email it to, fax it to, or mail it to the Settlement Administrator at:

[insert Settlement Administrator Address, email and fax number]

If you email or fax your exclusion form, you must do so by [insert date]. If you mail your exclusion form, it must be postmarked by [insert date].

**Personal Information**. Please provide the following information:

Name (first, middle and last): _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____


**I wish to be excluded from the settlement class.**


Signed: _____   Date:_____

# EXHIBIT H

**SHORT NOTICE**

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Francisco Marenco vs. Visa Inc.*
United States District Court, Central District of California,
Case No. CV10-8022 DMG (VBK)

**READ THIS NOTICE CAREFULLY. IT RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION AGAINST VISA INC. FOR PERSONS WHO CALLED CERTAIN CUSTOMER SERVICE TELEPHONE NUMBERS REGARDING CERTAIN PREPAID VISA DEBIT CARDS BEFORE OCTOBER 1, 2010. THIS NOTICE CONTAINS IMPORTANT INFORMATION CONCERNING CLASS MEMBERS' RIGHTS.**

There is a pending class action lawsuit against Visa Inc. on behalf of persons who called certain customer service phone numbers for certain prepaid Visa debit cards ("Affected Phone Lines") prior to October 1, 2010, and spoke with a live person, and who at the time of the call resided or were located in California, Florida, Maryland, New Hampshire, Nevada, or Washington. The lawsuit alleges these persons had their phone conversations recorded without their consent in violation of laws of those states.

Not every card with a Visa logo is a prepaid Visa debit card. Credit cards and cards that are linked to a checking or savings account are not prepaid debit cards. Also, not every prepaid Visa debit card used one of these phone numbers as a customer service line. So even if you have or had a prepaid Visa debit card, you are not necessarily a member of the class. The Affected Phone Lines are:

| | | | | |
|---|---|---|---|---|
| (800) 504-5719 | (866) 309-4933 | (866) 543-9161 | (866) 798-2045 | (866) 906-4123 |
| (800) 504-5724 | (866) 309-4934 | (866) 543-9167 | (866) 798-2084 | (866) 906-4130 |
| (866) 209-4909 | (866) 309-4937 | (866) 594-6378 | (866) 798-2112 | (866) 906-4168 |
| (866) 210-3170 | (866) 317-9691 | (866) 594-6438 | (866) 798-2226 | (866) 906-4170 |
| (866) 213-3293 | (866) 317-9692 | (866) 599-5618 | (866) 798-2272 | (866) 909-9003 |
| (866) 236-7967 | (866) 317-9693 | (866) 602-8199 | (866) 798-2992 | (866) 910-4750 |
| (866) 236-7969 | (866) 335-9097 | (866) 620-1329 | (866) 798-3080 | (866) 913-0886 |
| (866) 262-7438 | (866) 360-2842 | (866) 620-1367 | (866) 798-3113 | (866) 928-9237 |
| (866) 262-7439 | (866) 360-2857 | (866) 620-1368 | (866) 809-2676 | (866) 928-9245 |
| (866) 262-9488 | (866) 360-2864 | (866) 673-6574 | (866) 809-2679 | (877) 237-4321 |
| (866) 262-9977 | (866) 361-3867 | (866) 692-9282 | (866) 839-7481 | (877) 703-5850 |
| (866) 270-9602 | (866) 416-5689 | (866) 707-4346 | (866) 839-7599 | (877) 876-4089 |
| (866) 270-9603 | (866) 436-1824 | (866) 708-9366 | (866) 840-2570 | (888) 294-2249 |
| (866) 271-2933 | (866) 436-1964 | (866) 763-3370 | (866) 840-2930 | (888) 373-2883 |
| (866) 271-3934 | (866) 436-1965 | (866) 763-3372 | (866) 840-3476 | (888) 373-2884 |
| (866) 271-7780 | (866) 436-1970 | (866) 767-0810 | (866) 840-3792 | (888) 373-5707 |
| (866) 272-2723 | (866) 446-6770 | (866) 791-0548 | (866) 853-0146 | (888) 373-5715 |
| (866) 272-4480 | (866) 446-6790 | (866) 791-6841 | (866) 853-8406 | (888) 373-5727 |
| (866) 287-2411 | (866) 446-6805 | (866) 791-6843 | (866) 884-6106 | (888) 373-5737 |

| (866) 304-1164 | (866) 446-6976 | (866) 791-7431 | (866) 887-1376 | (888) 373-5771 |
|---|---|---|---|---|
| (866) 304-1554 | (866) 466-2352 | (866) 791-8848 | (866) 887-9588 | (888) 373-5775 |
| (866) 304-1580 | (866) 466-2362 | (866) 791-9611 | (866) 902-1482 | (888) 373-5781 |
| (866) 304-1909 | (866) 543-9126 | (866) 791-9615 | (866) 902-4339 | (888) 373-5811 |
| (866) 304-8680 | (866) 543-9160 | (866) 791-9989 | (866) 902-7469 | (888) 654-5188 |
| (888) 738-1697 | | | | |

The Court has granted preliminary approval of a settlement. Under the settlement, Visa will pay $18,000,000. After costs related to managing the settlement, attorney's fees and costs, and a class representative payment are subtracted, the remainder will be divided among class members who timely submit valid claims to the Settlement Administrator, up to a maximum for California callers of $5,000 and callers from the other states of $1,000. If any funds are left, they will be donated to charities approved by the Court. The full settlement agreement and other documents about the settlement are available at the Website.

The Court will hold a hearing on final approval of the settlement, the attorney's fees, and the class representative payment, on _____, 2011. Class members have a right to object to the settlement or its terms, the attorney's fees, or the class representative payment, under a process explained on the Website. Objections must be submitted by [DATE]

TO RECEIVE A SHARE OF THE SETTLEMENT, YOU MUST FILL OUT AND SUBMIT A **CLAIM FORM BY [DATE]**. IF YOU DO NOT WANT TO BE PART OF THE SETTLEMENT, YOU MUST SUBMIT AN **EXCLUSION FORM BY [DATE]**. BOTH FORMS ARE AVAILABLE ON THE WEBSITE. IF YOU DO NOT SUBMIT A CLAIM FORM, YOU WILL NOT RECEIVE MONEY UNDER THE SETTLEMENT, BUT IF YOU DO NOT SUBMIT AN EXCLUSION FORM YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE OF ALL CLAIMS.

If you have questions regarding this Notice visit http://www.callrecordingsettlement.com or call toll-free _____.