# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARENCO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VISA INC.,<br><br>　　　　　　　Defendant. | Case No.  CV 10-08022 DMG (VBKx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT; PROVISIONALLY CERTIFYING SETTLEMENT CLASS; AND APPROVING FORMS OF NOTICE AND NOTICE PLAN** |

　　　　The parties have reached a proposed Settlement Agreement ("Agreement") which has been submitted for the preliminary consideration of this Court, together with Plaintiffs' request for provisional certification of the Settlement Class defined in the Agreement (the "Class"), and a proposed plan for dissemination of notice to the Class regarding the litigation, the Agreement, and related procedures.

　　　　The Court has considered the submissions by counsel regarding the Agreement in light of the requirements of the Federal Rules of Civil Procedure and relevant federal precedent, and finds that the Agreement meets the criteria for preliminary approval. Specifically, the Court finds that the Agreement was reached after appropriate discovery and settlement negotiations; is the result of intensive, arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; that all Class

members are treated fairly under the Agreement; and that the provisions in the Agreement regarding payment of Class counsel's attorneys' fees and costs appear reasonable under the circumstances. The Court further finds upon preliminary evaluation that the Agreement substantially fulfills the purposes and objectives of this consumer class action, and provides substantial relief to the Class, without the cost, risk or delays of further litigation at the trial and appellate levels.

As provided under the terms of the Agreement, Defendant Visa Inc. ("Visa") will pay a total Settlement Amount of $18 million into a common fund. Class Counsel's request for attorneys' fees, which will not exceed 25% of the common fund, any enhancement award to the Class Representative, not to exceed $18,000, and all expenses incurred in administering the terms of the Agreement, such as providing notice to the Class of the pendency of the settlement, the acceptance of claims on behalf of the Class and the payment of settlement funds, as well as all other aspects of the claims administration process, will come out of the fund. The Class Representative and Visa regard the Agreement to be in their best interest and consent to entry of this Order.

The Court further finds that class certification for settlement purposes is appropriate here. Plaintiffs satisfy all of the criteria for class certification of a settlement class set forth in Federal Rule of Civil Procedure 23(b)(3), and under the United States Supreme Court's decision in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Specifically, the Court finds that the Class members are readily ascertainable by objective criteria and that they share a well-defined community of interest in the questions of law and fact at issue in this litigation. The numerosity requirement is met because the Class comprises tens of thousands of persons throughout California, Florida, Maryland, Nevada, New Hampshire, and Washington and it is wholly impracticable, if not impossible, to join the individual members of the Class. The commonality requirement is also met; in the absence of class certification and settlement, each individual plaintiff Class member would be forced to litigate core common issues of law and fact, all relating to the same cause of action and alleged

common course of conduct by Visa toward the members of the Class. Because the Class Representative's and Class members' claims all arise from the same alleged events and course of conduct, and are based on the same asserted legal theories, the typicality requirement is satisfied. The adequacy of representation requirement is met here because the Class Representative has the same interests as all members of the Class, and is represented by experienced and competent counsel.

The Court further finds that common questions predominate as to the alleged liability of Visa. The Court finds that class treatment is superior to other means of resolving the instant dispute, because employing the class device here will not only achieve economies of scale for Settlement Class members with relatively small individual claims, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

Finally, the Court finds that the notice plan, as agreed to by the parties and set forth in Sections 8 and 9.9 of the Settlement Agreement, meets the requirements of due process, California law, and other applicable precedent. The Court finds that the proposed notice program is designed to provide the Class with the best notice practicable, under the circumstances of this action, of the pendency of this litigation and of the proposed Settlement's terms, conditions, and procedures, and shall constitute due and sufficient notice to all persons entitled thereto under California law, the United States Constitution, and any other applicable law.

IT IS THEREFORE ORDERED that:

For purposes of this Order, the Court adopts the definitions set forth in paragraphs 2.1 through 2.29 of the Agreement.

1. <u>Preliminary Settlement Approval</u>

The proposed Settlement Agreement between the Plaintiff Class and Visa appears to be within the range of reasonableness, is hereby granted preliminary approval, and

accordingly shall be submitted to the Class members for their consideration and for a final fairness hearing.

2. <u>Provisional Class Certification</u>

For purposes of settlement only, the Court provisionally designates as Settlement Class Representative the named Plaintiff, Francisco Marenco. The Court also provisionally designates the law firms of Spiro Moss LLP and the Law Offices of Sahag Majarian II as Class Counsel. The Court also hereby provisionally certifies the following Settlement Class:

> All Persons—excluding Defendant, its parent, subsidiaries and affiliates, and any officers and directors thereof, as well as any judge presiding over this action, the judge's spouse and immediate family—who called any Affected Phone Line [listed on Exhibit A-1 to the Settlement Agreement] prior to October 1, 2010 and spoke with a live person, and who at the time of the call were located in or resided in California, Florida, Maryland, Nevada, New Hampshire, or Washington.

The Settlement Class definition may be amended to promote the Agreement and to conform to the Agreement prior to entry of a final settlement approval Order.

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Visa that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Visa to oppose class certification of a Plaintiff Class in this action, and/or to seek decertification or modification of the Class, should the Agreement not gain final approval. Should the Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Agreement for any reason otherwise fail to become effective, the Court's grant of provisional class certification to the multistate Class shall be vacated, and Plaintiff would once again bear the burden of establishing the propriety of certification of a Class.

3.      Notice and Notice-Related Dates and Deadlines

The Settlement Class will be notified of the Agreement in accordance with the parties' proposed Notice Plan in Section 8 of the Settlement Agreement. The Court appoints Garden City Group as the Settlement Administrator to provide notice to the Class.

No later than 10 days after the date of this Preliminary Order, Defendant shall compile and deliver the Notice List to the Settlement Administrator.

No later than 21 days after the date of this Preliminary Order, the Settlement Administrator shall post a website, as set forth in the Notice Plan.

No later than 28 days after the date of this Preliminary Order, the Settlement Administrator shall mail to each person in the Notice List by the a long form of Notice ("Long Notice") substantially in the form attached to the Settlement Agreement as Exhibit E.

No later than 45 days after the date of this Preliminary Order, the Settlement Administrator shall publish in the manner set forth in the Notice Plan, a form of summary notice of the proposed settlement ("Summary Notice"), substantially in the form attached to the Settlement Agreement as Exhibit H.

All Claim Forms and Exclusion Forms must be submitted to the Settlement Administrator no later than 91 days after the date of the Preliminary Order (*i.e.*, nine weeks, or 63 days, after mailing of the Long Notice), either by mail, email or by facsimile transmission.

The parties' proposed class notice identifies the options available to the class members—(1) claim your share of money under the settlement, (2) object to the settlement, (3) do nothing, or (4) exclude yourself from the settlement—and informs them of the steps that they must take do each. The proposed notice also informs class members of the date of the final approval hearing and instructs them on their right to attend. The notice also informs class members that Class Counsel will move the Court for an award of attorneys' fees and an enhancement award for the Class Representative.

The Short Notice, the Long Notice, and the Claim and Exclusion Forms (in the form attached to the Settlement Agreement as Exhibits E, F, G, and H) are sufficiently clear and detailed and are hereby approved by the Court. They shall be disseminated to Class Members in substantially the form of those exhibits.

4. <u>Final Approval</u>

A hearing shall be held before this Court on November 28, 2011 at 9:30 a.m., to determine: (1) whether the settlement of the Action should be approved as fair, reasonable and adequate; (2) whether a Final Judgment as provided in Section 10 of the Agreement should be entered; (3) whether a final order certifying the Class should be approved; and (4) whether the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved.

Any member of the Class who objects to the approval of the Agreement, to entry of final judgment, or to the award of attorney's fees and costs, and who properly files the appropriate documentation of such objection (see below), may appear at the hearing and show cause why the Agreement should not be approved as fair, adequate and reasonable. The Long Notice shall provide that Class Members may, no later than the date that is 21 days prior to the hearing, promptly serve such written comments or objections on all parties' counsel. Plaintiff's counsel shall provide the Court with a copy of all comments or objections received prior to the Final Approval hearing.

As provided in the Long Notice, any such objection should include: (1) the name of this Litigation, *Marenco v. Visa Inc.*, Case No. CV 10-08022 DMG (VBKx), (2) the Settlement Class member's name; (3) the Settlement Class member's address; (4) the Settlement Class member's telephone number; and (5) a statement that such Settlement Class member has called a customer service telephone number for an ADP total Pay Card account and spoke to a customer service representative prior to October 1, 2010.

5. <u>Attorneys' Fees and Enhancement Awards</u>

Class Counsel shall submit any applications that they may wish to make for attorneys' fees, costs, and expenses and enhancement fees to the Court at least 35 days

before the date of the Settlement Hearing. The motion and all supporting papers shall be posted on the website set up by the Settlement Administrator at least 21 days prior to the deadline for Class Members to serve written comments or objections.

6. <u>Further Matters</u>

(1) This Order stays all discovery and other proceedings in the Action with respect to the claims and defenses of the parties to the Agreement until further order of the Court, except as may be necessary to implement the settlement of the Action or comply with the terms of the Agreement.

(2) If the Court grants final settlement approval, the Final Judgment will permanently bar and enjoin all Releasors from commencing or prosecuting any direct or representative action, or any action in any other capacity, asserting or relating to any of the Released Claims.

(3) Neither this Order nor the Agreement nor any of its terms, provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant, or a finding by the Court of the truth of any of the allegations in the Complaint, or of any liability, fault or wrongdoing of any kind.

(4) The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

(5) Class counsel are authorized to respond to inquiries from Class members concerning the proposed Settlement Agreement, this Order and its status, and communicate with Class members concerning the form of execution of any related documents.

(6) If the Court grants final settlement approval, Class members shall be bound by all determinations and judgments in the litigation concerning the proposed Settlement Agreement, whether favorable or unfavorable.

(7) Any member of the Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If

Class members do not enter an appearance, they will continue to be represented by Class counsel.

The Court reserves the right to continue or vacate the date of the final approval hearing without further notice to the members of the Class and retains jurisdiction to consider all further applications arising out of, or connected with, the Agreement.

If the Agreement is disapproved or terminated, all interested persons and parties to the litigation shall be restored to their respective positions existing as of April 2, 2011, preserving all of their respective claims and defenses.

**IT IS SO ORDERED**.

DATED:   July 20, 2011

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE