Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Dennis F. Moss (SBN 77512)
dennisfmoss@yahoo.com
**Spiro Moss LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Attorneys for Plaintiff
FRANCISCO MARENCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARENCO, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VISA, INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV 10-8022 DMG (VBKa)<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 28, 2011<br>Time: 9:30 a.m.<br>Ctrm: 7 |

Please take notice that, on November 28, 2011, at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7 of the United States Courthouse, located at 312 N. Spring Street, Los Angeles, California, plaintiff Francisco Marenco ("Plaintiff") will and hereby does move for an order granting final approval of the class action

1
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Case 2:10-cv-08022-DMG-VBK  Document 44  Filed 10/24/11  Page 2 of 4  Page ID #:470

settlement reached with defendant Visa, Inc. ("Visa") which was preliminarily approved by the Court on July 20, 2011 (the "Settlement").

Specifically, in accordance with Section 10 of the Settlement, Plaintiff moves for an order:

1. Adopting the definitions set forth in Sections 2.1 through 2.19 of the Settlement.

2. Certifying the Settlement Class.

3. Finding that the publication of the Notice as provided for in the Court's order granting preliminary approval of the Settlement and the Notice Plan set forth in the Settlement constituted the best notice practicable under the circumstances to all persons in the Settlement Class and fully complied with the due process requirements of California law, federal law and any other applicable law.

4. Finding the provisions of the Settlement to be fair and reasonable under 23(e) of the Federal Rules of Civil Procedure, including the amount to be paid by Visa under the Settlement in exchange for the release of claims by class members and the scope of releases given by class members under the Settlement.

5. Directing the parties to take all actions necessary to consummate the Settlement in accordance with its terms.

6. Dismissing the action, and all claims of class members in the action, with prejudice to Plaintiff and all members of the Settlement Class who did not request exclusion from the Settlement.

7. Providing that all Releasors under the Settlement shall conclusively be deemed to have released and forever discharged the Releases Persons under the Settlement from all Released Claims.

8. Providing that all Releasors under the Settlement shall conclusively be deemed to have acknowledged that the Released Claims shall include all claims, rights, demands, causes of action, liabilities or suits, including Unknown Claims, as of the Effective Date, and that such claims are nonetheless released.

2
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

9. Providing that all Releasors under the Settlement shall conclusively be deemed to have waived the rights with regard to the Released Claims afforded by California Civil Code Section 1542 and any similar statute or law, or principle of common law, of California or any other jurisdiction.

10. Permanently barring and enjoining all Releasors under the Settlement from commencing or prosecuting any direct or representative action, or any action in any other capacity, asserting or relating to any of the Released Claims.

11. Providing that the Court reserves exclusive and continuing jurisdiction over the action, the Plaintiff, members of the Settlement Class, and Defendant as may be required to administer or enforce the Settlement or Final Judgment.

12. Providing that neither the Court's Final Judgment nor the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission, concession, or presumption or inference of any fault, liability, or wrongdoing by any Person, (2) construed as a concession by Defendant or the Related Persons of the truth of any of the allegations in the complaint, or of any liability, fault, or wrongdoing of any kind; (3) referred to, offered as evidence, or received in evidence for any purpose in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce the Final Judgment or Settlement; or (ii) in any subsequent action against or by the Released Persons, or any of them, to support a defense or res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or to defend against the assertion of the Released Claims, or as otherwise required by law.

Plaintiff's motion is made on the grounds the Settlement is fair and reasonable under Rule 23(e) of the Federal Rules of Civil Procedure and class members were provided sufficient notice of their rights under the Settlement in accordance with due process. Plaintiff's motion is based on this Notice; the Memorandum of Points and Authorities and Declaration of Gregory N. Karasik submitted herewith; all other

1 | pleadings and papers on file in this action; and any oral argument or other matter that
2 | may be considered by the Court.

4 | Dated: October 24, 2011                KARASIK LAW FIRM

                                     By   /s/ Gregory N. Karasik
                                          Gregory N. Karasik
                                          Attorney for Plaintiff
                                          FRANCISCO MARENCO