Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Dennis F. Moss (SBN 77512)
dennisfmoss@yahoo.com
**Spiro Moss LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Attorneys for Plaintiff
FRANCISCO MARENCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARENCO, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VISA, INC., a Delaware Corporation,<br><br>Defendants. | Case No. CV 10-8022 DMG (VBKa)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  November 28, 2011<br>Time:  9:30 a.m.<br>Ctrm:  7 |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................1

THE SETTLEMENT MERITS FINAL APPROVAL ..................................................2

    A    The Strength of Plaintiff's Case......................................................................2

    B.    The Risk, Expense, Complexity and Likely Duration of Further Litigation........................................................................................................4

    C.    The Risk of Maintaining Class Action Status................................................4

    D.    The Amount Offered in Settlement ................................................................5

    E.    The Extent of Discovery Completed and the Stage of the Proceedings ..........6

    F.    The Experience and Views of Counsel ..........................................................6

    G.    The Reaction of Class Members to the Settlement.........................................7

CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**

*Class Plaintiffs v. Seattle*
  (9th Cir. 1992) 955 F.2d 1268 ................................................................. 3

*Deteresa v. American Broadcasting Companies, Inc.*
  (9th Cir. 1997) 121 F.3d 460 ................................................................... 5

*Hanlon v. Chrysler Corp.*
  (9th Cir. 1998) 150 F.3d 1011 ................................................................. 2

*In re Immune Response Securities Litigation*
  (S.D. Cal. 2007) 497 F. Supp.2d 1166 ................................................... 6

*Ion Equipment Corp. v. Nelson*
  (1980) 110 Cal.App.3d 868 ..................................................................... 3

*Keppley v. School District of Twin Valley*
  (2005) 866 A.2d 116 ................................................................................ 5

*Kline v. Security Guards, Inc.*
  (E.D. Pa. 2000) 196 F.R.D. 261 ............................................................... 5

*Linney v. Cellular Alaska Partnership*
  (N.D. Cal. 1997) 1997 EL 450064 ........................................................... 6

*Molski v. Gleich*
  (9th Cir. 2003) 318 F.3d 937 .................................................................... 2

*Mourning v. Family Publications Service, Inc.*
  (1973) 411 U.S. 356 ................................................................................. 3

*Nat'l Rural Telecommunications Cooperative v. DirectTV, Inc.*
  (C.D. Cal. 2004) 221 F.R.D. 523 ............................................................. 4

*PBA Local No. 38 v. Woodbridge Police Department*
  (D. N.J. 1991) 134 F.R.D. 96 ................................................................... 5

*Reynolds v. National Football League*
  (8th Cir. 1978) 584 F.3d 280 .................................................................... 7

*Texas v. American Blastfax, Inc.*
  (W.D. Tex. 2000) 121 F.Supp.2d 1085 .................................................... 3

*Van Bronkhorst v. Safeco Corp.*
  (9th Cir. 1976) 529 F.2d 943 .................................................................... 2

*Vasquez v. Coast Valley Roofing, Inc.*
  (E.D. Cal. 2010) 266 F.R.D. 482 ........................................................... 2,6

*West v. Circle K. Stores, Inc.*
  (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 767558 ............................... 2,3,6

**STATUTES**
Penal Code Section 632..................................................................................................3
Penal Code Section 637.2........................................................................................... 1, 3

**FEDERAL RULES OF CIVIL PROCEDURE**
Rule 23(e) ................................................................................................................... 2,7
Rule 23(e)(2) ................................................................................................................. 2

# INTRODUCTION

On July 20, 2011, the Court granted preliminary approval of the class action settlement reached between plaintiff Francisco Marenco ("Plaintiff") and defendant Visa, Inc. ("Visa"). Pursuant to the Settlement and the Court's preliminary approval order, Visa has paid the non-reversionary Total Settlement Amount of $18,000,000 into an interest bearing account. Plaintiff now moves for final approval of the Settlement[1] so that the settlement funds remaining after deduction of costs and fees can be distributed to the more than 14,000 class members who submitted claims.

Plaintiff alleges that Visa recorded thousands of telephone calls made by consumers in the states of California, Florida, Maryland, Nevada, New Hampshire or Washington (the "Covered States"), who called one or more phone numbers ("Affected Phone Lines") and reasonably expected that no one would be recording their conversation with the customer service representative they spoke with, without disclosing that their telephone calls would be recorded. Plaintiff contends that recording of those telephone calls without consent violated the laws of the Covered States and every customer who had a telephone call recorded without their consent is entitled to statutory damages. Under California law (Penal Code Section 637.2), persons whose telephone calls are recorded unlawfully are entitled to statutory damages of $5,000. Under the laws of the other Covered States, persons whose telephone calls are recorded unlawfully are entitled to statutory damages of $1,000.

Following preliminary approval, notice of the Settlement was provided to potential class members pursuant to the comprehensive notice program detailed in the Settlement. To date at least 14,124 class members have submitted claims and not a single class member has objected to the Settlement.[2] (Keough Decl. ¶ 4-12, 17, 19).

---

[1] Plaintiff has filed a separate motion for an award of attorney's fees, costs and an enhancement payment to Plaintiff.

[2] The claims deadline was a postmark date of October 19, 2011 and the objection deadline is November 7, 2011. Plaintiff will advise the Court if any timely claims or objections are received subsequent to the filing of Plaintiff's final approval motion.

1
MEMORANDUM IN SUPPORT OF FINAL APPPROVAL

The Settlement reflects a gross recovery of almost 50% of the value of the claims attributable to the class members who submitted claims (Karasik Decl. ¶ 3) and, upon final approval of the Settlement, claimants will receive sizable settlement payments. Claimants who called an Affected Phone Line from California will receive approximately $1,500 and claimants who called an Affected Phone Line from other Covered States will receive approximately $300. (Keough Decl. ¶ 17). For the reasons set forth below, the Settlement is fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure and should be finally approved.

## THE SETTLEMENT MERITS FINAL APPROVAL

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cots, and rigors of formal litigation. *Van Bronkhorst v. Safeco Corp.* (9th Cir. 1976) 529 F. 2d 943, 950. These concerns apply with particular force in a case such as this where an allegedly illegal practice affected thousands of consumers.

Rule 23(e)(2) of the Federal Rules of Civil Procedures provides that a court may approve a settlement of a class action when the settlement is "fair, reasonable, and adequate." The following factors are relevant to this determination: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the consideration offered in settlement; 5) the extent of discovery completed, and the stage of the proceedings; 6) the experience and views of counsel; and 7) the reaction of the class to the proposed settlement. *Molski v. Gleich* (9th Cir. 2003) 318 F. 3d 937, 953; *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1026. In this case, each of these factors weighs in favor of granting final approval to the Settlement.

### A. The Strength of Plaintiff's Case

Assessing the strength of a plaintiff's case involves weighing the merits against the settlement amount and potential recovery. *Van Bronkhorst*, 529 F.2d at 950. *See also, Vasquez v. Coast Valley Roofing, Inc.* (E.D. Cal. 2010) 266 F.R.D. 482, 488. A

district court need not, however, "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in the litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Class Plaintiffs v. Seattle* (9th Cir. 1992) 955 F.2d 1268, 1291.

Here, Plaintiff obtained a substantial recovery (discussed more fully below) despite the fact that Visa had strong defenses to liability that threatened Plaintiff with the prospect of no or limited recovery. Visa denies that it engaged in any wrongdoing and maintains that telephone calls between consumers and customer service representatives were not "confidential" as required for liability. Visa also denies that it recorded any telephone calls without consent "intentionally" as also required for liability. Visa maintains that any failure to disclose that calls were being recorded or might be recorded was inadvertent and unintentional.

In addition, Visa contends that the amount of statutory damages Plaintiff sought to recover under Penal Code Section 637.2 is constitutionally excessive in light of the fact that none of the recorded phone calls resulted in any actual damages or economic harm. Courts have rejected constitutional challenges to statutes providing for statutory damages of $1,000 or less in the absence of economic harm. *See, e.g., Mourning v. Family Publications Service, Inc.* (1973) 411 U.S. 356 (statutory damages of $100 to $1,000 under Truth in Lending Act); *Texas v. American Blastfax, Inc.* (W.D. Tex. 2000) 121 F.Supp.2d 1085, 1090 ($500 penalty under Telephone Consumer Protection Act). Penal Code Section 637.2, however, provides for a much higher amount of statutory damages. Moreover, the amount of statutory damages under Section 637.2 far exceeds the amount of statutory damages recoverable under the comparable laws of the Covered States. Plaintiff faced a serious risk that no court would ever award the full amount of statutory damages theoretically available under Section 637.2.

Visa also had grounds for contending that a one year statute of limitations applies to claims for violation of Section 632. *See, Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868. Although Plaintiff maintains that language in *Ion* supporting a one

year limitations period is non-binding *dicta* and a three year limitations period governs, Plaintiff faced a significant risk that a court would find a one year limitations period applicable and Plaintiff's claims, to the extent based on calls to Affected Phone Lines from California, would therefore have been substantially reduced.

In light of all the defenses available to Visa, gauging the strength of Plaintiff's case or estimating the likelihood of success is extremely difficult. The conclusion is unavoidable, however, that the risks and uncertainties of litigation militate strongly in favor of final approval of the Settlement.

### B. The Risk, Expense, Complexity and Likely Duration of Further Litigation

Continued litigation of this case would have exposed Plaintiff to substantial expense and risks. For example, if Plaintiff had prevailed on a contested motion for class certification, Plaintiff would have had to pay the costs of providing class notice. As demonstrated by the declaration from Jennifer Keough, the cost of providing notice in this case to hundreds of thousands of potential class members throughout the United States was more than $1,000,000.

Moreover, Plaintiff ran the risk of not only denial of a contested motion for class certification (discussed below) but, as discussed above, losing on the merits. In light of the fact that this case involves issues for which there is little or no controlling authority, continued litigation of this case would likely have included expensive and time consuming appeals. The prospect of "lengthy and expensive litigation with uncertain results" clearly supports approval of settlement. *See, Nat'l Rural Telecommunications Cooperative v. DirectTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526.

### C. The Risk of Maintaining Class Action Status

Although Visa does not object to class certification for the purposes of settlement, and the Court found all the requirements for class certification satisfied when Plaintiff moved for preliminary approval of the Settlement, Plaintiff would have faced the significant risk of an adverse result if Visa had opposed a motion for class certification.

4
MEMORANDUM IN SUPPORT OF FINAL APPPROVAL

Plaintiff's counsel is aware of at least three wiretapping cases where motions for class certification were denied for lack of predominance on the grounds that whether a communication was "confidential" required individual inquiry. *See, PBA Local No. 38 v. Woodbridge Police Department* (D. N.J. 1991) 134 F.R.D. 96; *Kline v. Security Guards, Inc.* (E.D. Pa. 2000) 196 F.R.D. 261; *Keppley v. School District of Twin Valley* (2005) 866 A.2d 1165. In Plaintiff's view, these cases are legally and/or factually distinguishable. Neither *Kline* nor *Keppley* involved the recording of telephone calls and *PBA* involved not just the recording of telephone calls but also eavesdropping on face-to-face conversations at police stations through the use of hidden microphones. Plaintiff further contends that whether or not a telephone conversation is confidential "turns on reasonable expectations of parties judged by an objective standard and not by the subjective assumptions of the parties." *Deteresa v. American Broadcasting Companies, Inc.* (9th Cir. 1997) 121 F.3d 460, 463. Plaintiff maintains that, because the test for confidentiality is objective, the confidentiality issue can be litigated on a common basis for all class members without individualized inquiry.

Nevertheless, in the face of colorable arguments against the propriety of class certification, a contested motion for class certification threatened Plaintiff with a palpable risk of an adverse result. District courts have wide discretion when it comes to class certification and, despite all the reasons why Plaintiff maintains that class certification is appropriate, the granting of class certification despite a vigorous opposition by Visa was by no means a certainty. The risk of having a motion for class certification denied at the outset of litigation, or having a defense motion for decertification granted later, clearly supports final approval to the Settlement.

**D.     The Amount Offered in Settlement**

Plaintiff achieved a very favorable result for class members in this case. The Total Settlement Amount is $18,000,000. Based on the number of claims submitted by class members to date, the Total Settlement Amount reflects a recovery by claimants of close to 50% of the value of their claims. To date, at least 6,150 class members who

made calls from California have submitted claims and 7,974 class members who made calls from Covered States other than California have submitted claims. The maximum value of their claims is (6,150 x $5,000) + (7,974 x $1,000) = $38,724,000. (Karasik Decl. ¶ 3). The Settlement achieved by Plaintiff is far superior to the vast majority of class action settlements, especially in consumer cases, which result in recoveries by class members of a much lower percentage of their maximum damages. (Karasik Decl. ISO Motion for Fees, Costs and Enhancement Payment ¶ 6).

### E. The Extent of Discovery Completed and the Stage of the Proceedings

Approval of a class action settlement does not require that discovery be exhaustive or that the parties engage in formal discovery procedures. *See, e.g. In re Immune Response Securities Litigation* (S.D. Cal. 2007) 497 F. Supp.2d 1166, 1174 (settlement approved where informal discovery gave the parties "a clear view of the strength and weaknesses of their cases"). The fact that settlement results from arms length negotiations following "relevant discovery" creates "a presumption that the agreement is fair." *Linney v. Cellular Alaska Partnership* (N.D. Cal. 1997) 1997 EL 450064 at *5. Here, Visa provided Plaintiff with a substantial amount of information in connection with the mediations that ultimately led to settlement. (Karasik Decl. ISO Preliminary Approval ¶ 6-9). This information enabled the parties and their counsel to formulate "a clear view of the strengths and weaknesses of their cases" as needed for informed and meaningful settlement negotiations.

### F. The Experience and Views of Counsel

The opinions of experienced class counsel are entitled to "considerable weight." *West v. Circle K. Stores, Inc.* (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 767558, *17-18. *See also, Vasquez,* 266 F.R.D. at 489 (courts should give great weight to counsel's recommendations). As set forth in the papers filed by Plaintiff in support of his motions for preliminary approval and an award of costs, fees and an enhancement, Plaintiff's counsel has substantial experience litigating class actions. The opinion of Plaintiff's counsel that the Settlement is fair and reasonable, and that final approval of the

Settlement would best serve the interests of class members because the extremely favorable result achieved by the Settlement outweighs the risks and uncertainty of continued litigation (Karasik Decl. ¶ 3), weighs strongly in favor of final approval.

### G. The Reaction of Class Members to the Settlement

Not a single class member has objected to the Settlement. (Karasik Decl. ¶ 2). The lack of objection demonstrates an overwhelmingly positive response to the Settlement that strongly supports final approval. *See, Reynolds v. National Football League* (8th Cir. 1978) 584 F.3d 280 (16 objectors out of 5,400 class members provided strong evidence of no significant dissatisfaction with settlement).

Although nearly 1,900 persons requested exclusion from the Settlement, it appears that many persons declined to submit claims not because they thought the Settlement unfair, but because the claim form required them to provide their social security number (Karasik Decl. ¶ 4). The hesitancy of persons to risk identity theft (despite assurances from Plaintiff's counsel and the Settlement Administrator that information on claim forms would be maintained confidentially) explains why, despite the number of exclusions, not a single class member to date has submitted an objection to the Settlement. Overall, the reaction of class members supports final approval.

### CONCLUSION

The Settlement provides substantial benefits to class members and is "fair, reasonable and adequate" within the meaning of Rule 23(e). Plaintiff respectfully requests the Court to grant Plaintiff's motion for final approval of the Settlement.

Dated: October 24, 2011

KARASIK LAW FIRM

By /s/ Gregory N. Karasik
Gregory N. Karasik
Attorney for Plaintiff
FRANCISCO MARENCO