# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARENCO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISA INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 10-8022 DMG (VBK)<br><br>**DECLARATION OF JEANNE C. FINEGAN RE: PUBLICATION IMPLEMENTATION** |

I, JEANNE C. FINEGAN, declare as follows:

## INTRODUCTION

1. I am a Senior Vice President of The Garden City Group, Inc. ("GCG"), and of GCG Communications, a division of GCG. This Declaration is based upon my personal knowledge, as well as on information provided to me by Class Counsel, my associates and staff and includes information reasonably relied upon in the fields of advertising, media and communications.

2. GCG was appointed, pursuant to Section 3 of the Court's Order Granting Preliminary Approval to Class Action Settlement; Provisionally Certifying Settlement Class; and Approving Forms of Notice and Notice Plan dated July 20, 2011 ("Order"), to serve as the Settlement Administrator in the above-captioned litigation (the "Litigation").

3. The purpose of this Declaration is to report to the Court that, in compliance with the Court's Order, all elements of the *Notice Program ("Program")* have been successfully implemented, and upon final analysis of magazine and internet audience delivery, achieved greater results than our original projections. The program commenced on August 14, 2011 and was substantially completed on September 27, 2011. It also describes and details why this Program provided the most appropriate notice under the circumstances of this case, and how it was reasonably calculated, combining direct mail, email and paid media to reach an estimated 78 percent of class members in this case.

## QUALIFICATIONS

4. A comprehensive description of my credentials and experience that qualify me to provide expert opinions on the adequacy of class action notice programs was previously filed with this Court. In summary, I have served as an expert, directly responsible for the design and implementation of hundreds of class action notice programs, some of which are the largest and most complex programs ever filed in both the United States and in Canada. GCG's legal notices have appeared in more than 40 languages in approximately 170 countries.

5. I have more than 20 years of communications and advertising experience and I am the only Notice Expert accredited in Public Relations (APR) by the Universal Accreditation Board, a program administered by the Public Relations Society of America. Further, I have provided testimony before Congress on issues of notice. Also, I have lectured, published and been cited extensively on various aspects of legal noticing, product recall and crisis communications and have served the Consumer Product Safety Commission (CPSC) as an expert to determine ways in which the Commission can increase the effectiveness of its product recall campaigns.

6. In evaluating the adequacy and effectiveness of my notice programs, courts have repeatedly recognized my work as an expert. For example, in ***DeHoyos, et al. v. Allstate Ins. Co.***, No. SA-01-CA-1010 (W.D.Tx.). In the Amended Final Order and Judgment Approving Class Action Settlement, the Honorable Fred Biery stated:

> *[T]he undisputed evidence shows the notice program in this case was developed and implemented by a nationally recognized expert in class action notice programs. ... This program was vigorous and specifically structured to reach the African-American and*

> *Hispanic class members. Additionally, the program was based on a scientific methodology which is used throughout the advertising industry and which has been routinely embraced routinely [sic] by the Courts.*

*And recently in **Stern v. AT&T Mobility Wireless**, No. 09-cv-1112 CAS-AGR (C.D.Cal.). In the Final Approval Order, the Honorable Christina A. Snyder stated:*

> *[T]he Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.*

***Further, in Stefanyshyn v. Consolidated Industries**, No. 79 D 01-9712-CT-59 (Tippecanoe County Sup. Ct., Ind.). In the Order Granting Final Approval of Settlement, Judge Randy Williams stated:*

> *The notices provided a neutral, informative, and clear explanation of the Settlement. ... The proposed notice program was properly designed, recommended, and implemented ... and constitutes the "best practicable" notice of the proposed Settlement.*

A more comprehensive list of my class action and bankruptcy noticing experience, along with other judicial comments, is attached to this declaration as Exhibit A.

## NOTICE PLAN SUMMARY

7. As discussed below, and in compliance with the Order, the Notice Program was designed to reach potential class members through a combination of direct mail notice to known potential Class members, a paid media program, as well as the creation of a settlement website where class members could obtain information about the proposed settlement, obtain important Court documents and the settlement notice and claim form, a toll-free hot-line where class members could obtain basic information about the settlement, request that a claim packet be mailed to them, or seek other assistance. A more detailed description of the administration elements of this Notice Program is found in the Declaration of Jennifer M. Keough. Specifically, the proposed Notice Program included the following components:

- Direct mail to 347,321 known potential class members from the Defendant's databases;
- Publication of a short-form notice ("Summary Notice") in nationally circulated consumer magazines;
- Banner advertising on highly trafficked web sites;
- An informational website (www.CallRecordingSettlement.com) on which the notices and other important Court documents are posted;
- A toll-free information line (1-888-312-5688), where class members could call 24/7 for more information, request copies of the claim packet, among other things.
- A longer notice (the "Website Notice") posted on the official settlement website (www.callrecordingsettlement.com);
- The longer notice was posted on the Top Class Actions website.

## NOTICE PROGRAM CONSIDERATIONS

8. As previously described in my first Declaration, dated June 3, 2011, Visa's best analysis identified approximately 4,000,000 individuals who are potential members of the class described above. In that Declaration, I reported, based on information provided by Visa's counsel, that approximately 500,000 potential class members could be reasonably ascertained by Visa. As fully described in the Declaration of Jennifer M. Keough, upon GCG's final analysis, taking into account duplicated records and undeliverable mail, approximately 347,321 potential class members were reached through the direct mail effort.

## PUBLICATION OF THE SUMMARY NOTICE

9. Pursuant to paragraphs 8.4.1 and 8.4.2 of the Settlement Agreement, the Court's Preliminary Approval Order directed that the Summary Notice be published once in the regional editions of *Parade* and *USA Weekend* magazines published in California, Florida, Maryland, Nevada, New Hampshire and Washington, no later than August 28, 2011. Accordingly, the Summary Notice was published in *Parade* and *USA Weekend* on August 28, 2011. Confirmation of the *Parade* and *USA Weekend* publications are attached hereto as Exhibit B.

DECLARATION OF JEANNE C. FINEGAN
CASE NO. CV 10-8022 DMG (VBK)

-4-

10. Pursuant to Paragraph 8.4.3 of the Settlement Agreement, the Summary Notice was to be published once in the regional editions of *People* magazine published in California, Florida, Maryland, Nevada, New Hampshire and Washington, no later than September 3, 2011. The Summary Notice was published in the California, Florida, Maryland (Washington, DC metro), New Hampshire (Boston metro) and Nevada issues of *People*, with an on-sale date of September 2, 2011 (September 12, 2011 issue). Due to a production error at *People* magazine, the Summary Notice was published in the September 26, 2011, Washington regional issue of *People*, which had an on-sale date of September 16, 2011. A copy of the Summary Notice, as it appeared in *People*, and confirmation of publication are attached hereto as Exhibit C.

11. Pursuant to Paragraph 8.4.4 of the Settlement Agreement, GCG published internet banner ads on AOL, AOL Black Voices, Yahoo, Yahoo Mail, 24/7 Network, Univision.com, and MSN Hotmail for a period of 30 days. The banner ads ran on these sites beginning August 15, 2011 through September 13, 2011. Also pursuant to Paragraph 8.4.4 of the Settlement Agreement, GCG published the internet banner ad on Facebook for a period of 45 days. The banner ad ran on Facebook from August 14, 2011 through September 27, 2011.

12. Pursuant to Paragraph 8.4.5 of the Settlement Agreement, GCG posted the Long Notice on the Top Class Actions website on August 15.

## TOLL-FREE NUMBER

13. Beginning on August 5, 2011, GCG established and continues to maintain an automated toll-free telephone number (1-888-312-5688), to accommodate inquiries from Class Members and to respond to frequently asked questions. See Declaration of Jennifer M. Keough for further details.

DECLARATION OF JEANNE C. FINEGAN
CASE NO. CV 10-8022 DMG (VBK)

-5-

## WEBSITE & ELECTRONIC MAIL

14. GCG established and is maintaining a website dedicated to this settlement (www.CallRecordingSettlement.com) to provide additional information to Class Members and to answer frequently asked questions. See Declaration of Jennifer M. Keough for further details.

## CONCLUSION

15. Using tools and methods accepted within the advertising industry, combined, the direct mail and media outreach effort described in this program has been reasonably calculated to reach an estimated 78 percent of the people potentially within the Settlement Class, which provides the best notice practicable under the circumstances, and is consistent with other court-approved notice programs in similar matters.

16. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 21, 2011, in Lake Oswego, Oregon.

_Jeanne C. Finegan_
JEANNE C. FINEGAN, APR