JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARENCO, individually and on behalf of other persons similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>VISA, INC.,<br><br>　　　　　　　　Defendant. | Case No. CV 10-8022 DMG (VBKa)<br><br>CLASS ACTION<br><br>**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Date:　November 28, 2011<br>Time:　9:30 a.m.<br>Ctrm:　7 |

　　　The Court conducted a hearing regarding the fairness and final approval of the Settlement Agreement and Release in this action on November 28, 2011, at 9:30 a.m.

　　　The parties appeared by and through their respective counsel of record.

　　　After considering the papers and the arguments of counsel, and good cause appearing, the Court GRANTS Plaintiff's Motion for Final Approval and Judgment (and, by separate order, Plaintiff's Application for Attorneys' Fees and Costs) and rules as follows:

　　　IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

　　　1.　　The Class Action Settlement Agreement and Release (hereafter, the "Settlement Agreement") [Doc. # 33] and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the Settlement Class Members, as defined in Section 2.26 of the Settlement Agreement.  Specifically, the members of the Settlement Class that are subject to this Final Order and Judgment are all Persons who—excluding Defendant, its parent, subsidiaries and affiliates, and any officers and directors thereof, as well as any judge presiding over this action, the judge's spouse and immediate family—called any Affected Phone Line prior to October 1, 2010 and spoke with a live person, and who at the time of the call resided or were located in California, Florida, Maryland, Nevada, New Hampshire, or Washington.  A list of the Affected Phone Lines is attached as Exhibit A-1 to the Settlement Agreement.

3. The Settlement Agreement previously filed in this action, and the terms set forth therein, including without limitation, the contribution of the Defendant and the terms of the release, are hereby found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered to be performed by all parties.

4. The Court finds that the form, manner and content of the Class Notice specified in Section 8 of the Settlement Agreement and Exhibits E and H thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution  and any other applicable law, and constituted due and sufficient notice to all Settlement Class Members entitled thereto.  Specifically, individual notice was provided to those potential Settlement Class Members who were shown in Defendant's records to hold a payment card that had an Affected Phone Line printed on the back of the card as the customer service phone number, and whose addresses are contained in Defendant's records and are in the States of California, Florida, Maryland, Nevada, New Hampshire, or Washington, by sending such notice by regular mail to all such persons, and class notice was provided to all other potential Settlement Class Members by the following publication plan:

  (a) One (1) insertion of approximately two-fifths (2/5) of a page in the *Parade* magazine regional editions published in California, Florida, Maryland, Nevada, New Hampshire and Washington;

  (b) One (1) insertion of approximately two-fifths (2/5) of a page in the *USA Weekend* magazine editions published in California, Florida, Maryland, Nevada, New Hampshire and Washington;

  (c) One (1) insertion of approximately a full page in *People* magazine regional editions published in the California, Florida, Maryland, Nevada, New Hampshire and Washington;

  (d) Online advertising estimated to amount to in the aggregate approximately 126,500,000 impressions and targeted at Internet Protocol addresses located in California, Florida, Maryland, Nevada, New Hampshire and Washington on the following internet ad networks, websites and/or web service companies:

    AOL run of network for a period of thirty (30) days;
    AOL Black Voices for a period of thirty (30) days;
    Yahoo run of network for a period of thirty (30) days;
    Yahoo Mail for a period of thirty (30) days;
    24/7 Network for a period of thirty (30) days;
    Univision.com for a period of thirty (30) days;
    MSN Hotmail for a period of thirty (30) days; and
    Facebook for a period of forty-five (45) days.

  (e) Posting of the Long Notice on the Top Class Action website.

5. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Settlement Class Members who did not properly request exclusion pursuant to the Order Granting Preliminary Approval of Class Action Settlement entered by this Court on July 20, 2011.

6. Representative Plaintiff Francisco Marenco and all Settlement Class

Members who did not properly request exclusion from the Settlement Class are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement. All claims of Representative Plaintiff and all Settlement Class Members shall be conclusively deemed released and discharged as to Defendant, the Clients, the Issuers, and the Related Persons, as those terms are defined in the Settlement Agreement and to the extent provided in the Settlement Agreement. In addition, Representative Plaintiff and all Settlement Class Members who did not properly request exclusion from the Settlement Class are conclusively deemed to have waived their rights under California Civil Code Section 1542 or any similar statute or law, or principle of common law, of California or any other jurisdiction, with regard to any claims released under the Settlement Agreement.

7. The Claims Administrator shall conduct all administration of the Settlement Amount including the Distribution Amount. The Claims Administrator shall disburse attorneys' fees and costs to the Class Counsel from the Settlement Amount as ordered by the Court. The Claims Administrator shall prepare and issue all disbursements of the Distribution Amount to Settlement Class Members with Approved Claims, and any remaining funds to charitable organization(s) as described in the Settlement Agreement.

8. The Escrow Agent shall wire the Escrowed Funds, less any fees, costs and taxes due, to the Claims Administrator to fund the Settlement Amount within five (5) business days after the Effective Date as defined in the Settlement Agreement. The Claims Administrator shall issue the appropriate amount to each Class Member with an Approved Claim within the time periods specified in the Settlement Agreement.

9. All claims asserted by Representative Plaintiff and the Settlement Class Members in this Action are hereby dismissed with prejudice.

10. The Court approves payment to the Garden City Group, Inc. for all expenses incurred in providing notice to the Settlement Class and administering the

Settlement.

11. Neither this Final Order Approving Class Action Settlement and Judgment, nor the Settlement Agreement, nor any of their terms, or provisions, not any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission, concession, or presumption or inference of any fault, liability, or wrongdoing by any Person, (2) construed as a concession by Defendant, the Clients, the Issuers, or their Related Persons of the truth of any of the allegations in the complaint, or of any liability, fault, or wrongdoing of any kind; (3) referred to, offered as evidence, or received in evidence for any purpose in any processing other than (i) in such proceedings as may be necessary to consummate or enforce this Final Order Approving Class Action Settlement and Judgment or the Settlement Agreement, or (ii) in any subsequent action against or by the Defendant, the Clients, the Issuers, or their Related Persons, or any of them, to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or to defend against the assertion of claims released under this Final Order Approving Class Action Settlement and Judgment or the Settlement Agreement, or as otherwise required by law.

12. Without affecting the finality of this Final Order Approving Class Action Settlement and Judgment in any way, the Court hereby retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Final Order Approving Class Action Settlement and Judgment, and the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: November 30, 2011

*/s/ Dolly M. Gee*
DOLLY M. GEE
United States District Judge